IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INGENIO, FILIALE DE LOTO-QUEBEC, )
INC.,                           )
                                )
            Plaintiff,          )
                                )    C. A. No. 04-1532-KAJ
v.                              )
                                )
GAMELOGIC, INC. and             )
SCIENTIFIC GAMES CORPORATION    )
                                )
            Defendants.         )

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties recognize that pursuant to discovery or otherwise during the course of this action, all parties and nonparties may be required to disclose trade secrets and other confidential or proprietary research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, this lawsuit involves, inter alia, (a) highly confidential, technical proprietary and trade secret subject matter and (b) highly sensitive and confidential financial and marketing information;

WHEREAS, the unrestricted disclosure of such highly confidential technical, trade secret, financial and marketing information would be extremely prejudicial to the parties and compromise their respective competitive positions; therefore, the parties have determined that this Protective Order is required in order to protect the interests of the parties while allowing the exchange of information relevant to the litigation; and

1

WHEREAS, the parties have, through counsel, stipulated to the entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential or proprietary information;

IT IS HEREBY ORDERED that the following provisions of this Order shall control:

1.    Designated Material

In accordance with the terms of this Protective Order, any information recorded in any form or any portion thereof, including any form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure, may be designated pursuant to this Protective Order "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL" by the person or entity producing it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed with the Court. All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, any and all material designated under this Protective Order shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Protective Order. (For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, provide or otherwise communicate the contents or existence of the referenced material or document to anyone, except as provided herein).

2.    Access

     2.1    Materials Designated HIGHLY CONFIDENTIAL.

Subject to the limitations set forth in this Protective Order, Designated Material may be marked HIGHLY CONFIDENTIAL generally for the purpose of protecting non-public information relating to the Designating Party's highly sensitive research, development, trade secret, technical, manufacturing, patent application, marketing and financial information. Material designated HIGHLY CONFIDENTIAL may only be disclosed by the receiving party to:

     (a)    Subject to Section 3 below, persons who appear on the face of the Designated Material marked HIGHLY CONFIDENTIAL as an author, addressee or recipient thereof; or persons who have prior knowledge of the contents or subject matter of the document or thing (provided the prior knowledge was not gained in violation of this Order), participated in events relating to those described or contained in the document or thing or in whose former files the document or thing was found;

     (b)    Outside counsel for the parties to this action, as well as the partners, associates, agents and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this action;

     (c)    The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

     (d)    Subject to Section 3 below, Designated Material marked HIGHLY CONFIDENTIAL may also be disclosed to independent experts (and the assistants, secretarial and clerical staffs of such experts) (collectively, "Consultants"), who are not employees of the receiving party and who are retained by a party or its attorneys of record in this Action to assist

3

in the preparation of the case, such as independent economic, accounting or scientific experts or

technical advisors, and to furnish technical or expert services in connection with this action, or to

give testimony with respect to the subject matter thereof for the trial of this action, and (i) who

have been designated in writing by notice to counsel for all the other parties to this suit prior to

any disclosure of any of the producing party's CONFIDENTIAL or HIGHLY CONFIDENTIAL

information to such persons under the terms of section 3.3 below, and (ii) who have been

provided with a copy of this Order and have signed an affidavit of the form of Exhibit A attached

hereto (a copy of such signed affidavit to be provided promptly to counsel for all other parties by

counsel for the party retaining such person);

   (e) Duplicating, photocopying and document coding/scanning contractors,

jury consultants, and graphics consultants provided that such contractors be provided a copy of

this order and that such contractors agree in writing, in the form of Exhibit A attached hereto, to

comply with and be bound by its terms;

   (f) Such other persons as or by order of this Court or as the parties may, in

writing, agree.

   (g) If a Receiving Party wishes to disclose HIGHLY CONFIDENTIAL

information to persons not otherwise authorized under the terms of this Protective Order, the

Receiving Party shall give notice to the Designating Party identifying the person(s) and the

HIGHLY CONFIDENTIAL information to be disclosed.  The Designating Party shall, within

five business days, inform the Receiving Party whether it agrees to the proposed disclosure.  If

the proposed disclosure is to be made as part of a deposition, the Designating Party shall, within

two business days or 24 hours before the scheduled commencement of the deposition, whichever

is earlier, inform the Receiving Party whether it agrees to the proposed disclosure.  The

Designating Party's Consent shall not be unreasonably withheld. If the Designating Party objects to the proposed disclosure, it shall state the particular reasons for its objection in writing. The parties shall meet and confer in a good faith effort to resolve any dispute regarding a proposed disclosure. The confidentiality of all HIGHLY CONFIDENTIAL information shall at all times be maintained in compliance with the terms of this Protective Order.

> 2.2    Materials Designated CONFIDENTIAL.

Subject to the limitations set forth in this Protective Order, Designated Material may be marked CONFIDENTIAL for the purpose of protecting non-public technical, developmental, financial, manufacturing, patent, marketing, commercial, financial, business or other confidential information of the Designating Party. Materials designated CONFIDENTIAL may only be disclosed by the receiving party to:

(a)    Subject to Section 3 below, persons who appear on the face of Designated Materials marked CONFIDENTIAL as an author, addressee or recipient thereof; or persons who have prior knowledge of the contents or subject matter of the document or thing (provided the prior knowledge was not gained in violation of this Order), participated in events relating to those described or contained in the document or thing or in whose former files the document or thing was found.

(b)    Subject to Section 3 below, no more than two (2) in-house counsel per party who are involved in the conduct of this action and clerical staff of such in-house counsel to the extent reasonably necessary for a party's in-house counsel to fulfill his or her responsibilities in connection with the conduct of this action and/or for outside counsel to render professional services in this action; for purposes of this provision, "per party" means a total of two in-house counsel for Ingenio, Filiale de Loto-Quebec, Inc., a total of two (2) in-house counsel for

GameLogic, Inc. and a total of two (2) in-house counsel for Scientific Games Corporation. Notwithstanding the foregoing, no person who accesses another party's "Confidential Information" or "Highly Confidential Information" shall participate, during the course of the above-captioned litigation and for a period of one year following final resolution (including any appeals) of the above-captioned litigation, in preparing any patent applications or prosecuting patent applications with any governmental agency which contain claims purporting to cover equipment, apparatuses, systems, methods, processes or technology in the computer-based lottery field;

        (c)     Outside counsel defined in Section 2.1(b);

        (d)     Subject to Section 3 below, Consultants defined in Section 2.1(d) above;

        (e)     Present employees or agents of the designating party, provided, however, such disclosure shall occur only in connection with the testimony of such employee or agent, whether by deposition or at trial; and

        (f)     Consultants of the designating party and former employees of the designating party whose testimony is sought or will be offered by the designating party in this action; provided, however, that the subject matter of the confidential information disclosed to such person be reasonably related to the subject matter of such person's likely testimony and, provided further, that such disclosure shall occur only in connection with the testimony of such consultants or former employees, whether by deposition or at trial;

        (g)     The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

        (h)     Duplicating, photocopying and document coding/scanning contractors, jury consultants, and graphics consultants, provided that such contractors be provided a copy of

this Order and that such contractors agree in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms; and

(i)    Such other persons as by order of the Court or as the parties may, in writing, agree.

(j)    If a Receiving Party wishes to disclose CONFIDENTIAL information to persons not otherwise authorized under the terms of this Protective Order, the Receiving Party shall given notice to the Designating Party identifying the person(s) and the CONFIDENTIAL information to be disclosed. The Designating Party shall, within five business days, inform the Receiving Party whether it agrees to the proposed disclosure. If the proposed disclosure is to be made as part of a deposition, the Designating Party shall, within two business days or 24 hours before the scheduled commencement of the deposition, whichever is earlier, inform the Receiving Party whether it agrees to the proposed disclosure. The Designating Party's Consent shall not be unreasonably withheld. If the Designating Party objects to the proposed disclosure, it shall state the particular reasons for its objection in writing. The parties shall meet and confer in a good faith effort to resolve any dispute regarding a proposed disclosure. The confidentiality of all CONFIDENTIAL information shall at all times be maintained in compliance with the terms of this Protective Order.

2.3    Upon the termination of this action all recipients of Designated Material pursuant to Section 2 shall return or destroy all Designated Material (and all copies thereof) in the manner described in Section 12.2 of this Protective Order.

3.    Certificates Concerning Designated Materials

3.1    Each person to whom any Designated Material of another party may be disclosed pursuant to the provisions of Section 2.2(b) above, shall, prior to the time such Designated

7

Material is disclosed to him or her, be provided with a copy of this Protective Order and shall

certify under penalty of perjury that he or she has carefully read the Protective Order and fully

understands and agrees to abide by its terms. This certificate shall be in the form attached as

Exhibit A.

  3.2  Outside counsel who makes any disclosure of Designated Materials to

Consultants, pursuant to Sections 2.1(d) and 2.2(d) above, shall retain each original executed

certificate. This certificate shall be in the form attached as Exhibit A.

  3.3  If any party desires to give, show, make available or communicate any documents

or information designated as HIGHLY CONFIDENTIAL to any person identified in paragraphs

2.1(a) or 2.1(d) above, or information designated CONFIDENTIAL information to any person(s)

identified in paragraph 2.2(a) or 2.2(d) above, the party must first identify that individual to

attorneys for the Designating Party, who shall have seven (7) business days from receipt of such

notice to object to disclosure to any individual so identified. Such identification shall include the

full name, company or firm name, professional address and a current resume, including a listing

of companies and individuals for whom the Consultant has been employed or consulted with

within the preceding five (5) years, for any person identified in paragraph 2.1(d) or 2.2(d). The

parties shall attempt to resolve any objections informally. If the objections cannot be resolved

within ten (10) business days from service of the notice, the party objecting to the disclosure of

the documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to

the individual may move for an order of the Court precluding such disclosure. In the event

objections are made and not resolved informally, disclosure of HIGHLY CONFIDENTIAL or

CONFIDENTIAL documents and/or information to the individual shall not be made until such a

motion for an order has been finally resolved by the Court. The party seeking to preclude disclosure shall bear the burden of proving that the disclosure is inappropriate.

    4.    <u>Use of Designated Materials by Designating Party</u>

Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

    5.    <u>Designating Materials</u>

Documents, information, materials, pleadings, legal memoranda, expert statements and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL as follows:

    5.1    The producing or responding party shall designate material by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the materials or on each physical item prior to its production.

    5.2    When a party wishes to designate its own CONFIDENTIAL or HIGHLY CONFIDENTIAL materials produced by someone other than the Designating Party, such designation shall be made:

    (a)    Within twenty-five (25) days from the date that the Designating Party receives copies of such materials from the producing or disclosing entity; and

    (b)    By notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity

(either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

       (c)    The parties receiving materials produced by third-parties pursuant to subpoena agree to treat them as "HIGHLY CONFIDENTIAL" under this Protective Order until expiration of said 25 day period or until designation is made as set forth above within said 25 day period.

    5.3    Upon notice of designation pursuant to Section 5.2 above, all persons receiving notice of the requested designation of materials, including the producing party, shall:

       (a)    Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

       (b)    Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

       (c)    Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

    5.4    Defendant GameLogic Inc. produced documents prior to submission and entry of this Protective Order, many of which were designated "Confidential" pursuant to Local Rule 26.2. GameLogic shall, within 14 calendar days of the date of this order, identify which previously produced documents are designated as "Highly Confidential" pursuant to section 2.1 of this Protective Order, and which previously produced documents are designated as "Confidential" pursuant to section 2.2 of this Protective Order. All Receiving Parties shall abide

by the provisions of Local Rule 26.2 until they receive such notice from GameLogic. Thereafter, all previously produced documents shall be handled as set forth in this Protective Order.

      6.      <u>Designating Depositions</u>

      6.1      Deposition transcripts or portions thereof may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

      6.2      Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Protective Order to receive such Designated Material.

      6.3      Notwithstanding the provisions set forth in Sections 2.1, 2.2 and 3, above, any party may mark Designated Material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material and provided that the person to whom the Designated Materials is to be shown is a person who may have such access under Sections 2.1, 2.2 and 3, above.

      6.4      Any party may, within thirty (30) calendar days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the thirty day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or HIGHLY CONFIDENTIAL. Until the expiration of the thirty calendar day period, any portion of the deposition not previously

designated shall be treated as HIGHLY CONFIDENTIAL and subject to protection as provided by this Protective Order.

       7.    <u>Copies</u>

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Protective Order.

       8.    <u>Court Procedures</u>

       8.1    <u>Disclosure of Designated Material to Court Officials</u>.  Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), the jury in this action, and any interpreters interpreting on behalf of any party or deponent who complete the certification set out in Exhibit A.

       8.2    <u>Filing Designated Materials with the Court</u>.  In applications and motions to the Court, all Designated Material filed with the Court shall be in a sealed envelope or container on which shall be affixed the title of this action, an indication of the nature of the contents, the words "CONFIDENTIAL-FILED UNDER SEAL" and a statement substantially as follows:

> **THIS ENVELOPE CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The submission shall indicate clearly which portions are Designated Materials.  For the convenience of the parties and the Court, a party that files a paper that is a pleading, brief, declaration or exhibit that contains, in excerpts, quotes or paraphrases Designated Material and undesignated material may file the entire paper under seal.  The Clerk of the Court is directed to

maintain under seal all documents and transcripts of deposition testimony and answers to

interrogatories, admissions and other pleadings filed under seal with the Court in this litigation

that have been designated, in whole or in part, as Designated Material by a party to this action.

     8.3    <u>Retrieval of Designated Materials</u>.  The party responsible for filing the Designated

Materials shall be responsible for retrieving such Designated Materials from the Court following

the final termination of the action (including any appeals thereof), to the extent permitted by the

Court and the Court's governing rules.

     8.4    <u>Failure to File Under Seal</u>.  If any party fails to file Designated Materials under

seal, the Designating Party or any party to this action may request that the Court place the

Designated Materials under seal within 30 days of the filing of said Designated Materials.  The

Clerk of the Court is directed to comply with such request if made.

     9.    <u>Objections</u>

     A party may challenge the propriety of any designation under this Protective Order at any

time.  A challenge may be made by serving all other parties with a captioned notice of objection,

which shall identify with particularity the Designated Materials as to which the designation is

challenged and state the basis for each challenge ("Notice of Objection").  Service of a Notice of

Objection shall be made by facsimile and by mail.

     Following service of a Notice of Objection, the parties shall meet and confer in good faith

to resolve the challenge.  In the event that the parties are unable to resolve the challenge

informally, the party challenging the designation may file, on or before the thirteenth (13)

calendar day after service of a Notice of Objection, a motion to redesignate the challenged

material, accompanied by a certification that the parties met and conferred in good faith prior to

the filing of the motion.  In the event of such a motion, the material at issue may be submitted to

the Court for in camera inspection.  It shall be the burden of the designating person(s) under such circumstances to establish that the information so designated is CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of this Protective Order.  The original designations shall remain effective until ten (10) business days after service of notice of entry of an order redesignating the materials and during the pendency of any timely filed appeal or writ petition.

In the event that a party files a motion challenging the designation of a document or documents, following the objection procedure set forth above and the meet and confer process, the Court may award sanctions, including reasonable attorneys' fees and costs, to the party prevailing on the motion if the Court finds that the other party acted without substantial justification by filing the motion, by resisting the motion, or by improperly designating materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be.

10.    Client Communication

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose the contents, substance or source of any Designated Material, except as permitted by this Protective Order.

11.    No Prejudice

11.1    This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

11.2    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3    The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

11.4    If a party through inadvertence produces or provides discovery of any confidential information without labeling, marking or designating it as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the producing party must give written notice to the receiving party or parties within ten (10) business days following such inadvertent production that the information, document, or thing is CONFIDENTIAL or HIGHLY CONFIDENTIAL.  If the producing party gives written notice that the information, document, or thing is CONFIDENTIAL or HIGHLY CONFIDENTIAL, the receiving party or parties shall treat such information, document or thing as CONFIDENTIAL or HIGHLY CONFIDENTIAL from the date such notice is received.

11.5    Disclosure of such information, document or thing prior to receipt of such notice shall not be deemed a violation of this Order.  However, if prior disclosure of such information, document, or thing was made to anyone not authorized to have access to such material under this Order, those persons to whom disclosure was made must be promptly advised that the material disclosed to them is CONFIDENTIAL or HIGHLY CONFIDENTIAL and must be treated in accordance with this Order.  Counsel shall cooperate to restore the confidentiality of any such inadvertently or unintentionally produced information.

11.6    Neither the provisions of this Protective Order, nor the filing of any material, under seal, shall prevent the use in court, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions.  Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

12.    Modification and Survival

12.1    Modification.  The parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason.  The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

12.2    Survival and Return of Designated Material.  This Protective Order shall survive termination of this action.  Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material shall be returned to counsel for the Designating party or, if such party is not represented by counsel, directly to the Designating Party.  Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option of the requesting party, destroyed.  Upon request for the return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than ninety (90) days after the written request to return or destroy Designated Materials.

Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain one archival set of pleadings, attorney or consultant work product and deposition transcripts (including exhibits) that include Designated Material.

13.    The Provisions Hereof Do Not Apply to Information That Becomes Public
Knowledge In The Absence of A Violation of This Protective Order

The restrictions set forth in the foregoing paragraphs shall not apply to information which

(a) was or became public knowledge, not in violation of this Protective Order, (b) was or is

acquired in good faith from a third party, not a party to this litigation, not in violation of this

Protective Order and who has the right to disclose such information, (c) was or is discovered

independently by the receiving party without any violation of this Protective Order having

occurred, or (d) was disclosed by the Designating party to a third party in the absence of any

obligation that the information would be kept confidential.

14.    Material Disclosed to be Used Only for Purposes of Lawsuit

All Designated Material hereunder shall be used by each receiving party solely for

purposes of this litigation and for no other purpose.  Except as provided below a receiving party

may not use any Designated Material it obtains in the course of this litigation for any business

purpose or in any other legal or administrative proceedings or in any other manner relating to the

prosecution of any patent application or any request for patent rights in any country.  Designated

Material produced during the course of this litigation can be used by a receiving party in other

legal or administrative proceedings if such use is mutually agreed by the producing and receiving

party.

15.    No Contract

This stipulation is for the Court's consideration and approval as an order.  It shall not be

construed to create a contract between the parties or between the parties and their respective

counsel.

16.    Court's Retention of Jurisdiction

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

17.    Approval By Counsel

Execution by counsel for the parties below shall indicate that the terms and conditions of this Stipulated Protective Order shall be regarded as a binding on the parties regardless of the date the Stipulated Protective Order actually is signed by the Court.

18.    Other Proceedings

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.


DATED:        April 22, 2005

AGREED:

_____
Edmond D. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
(302) 655-5000

_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000

_P-M Bund_

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201


Counsel for Plaintiff
Ingenio, Filiale De Loto-Quebec, Inc.

Gary M. Hnath
Susan Baker Manning
Star-shemah Bobatoon
BINGHAM MCCUTCHEN LLP
1120 20th Street, NW
Suite 800
Washington, DC 20036
Telephone:  (202) 778-6150
Facsimile:  (202) 778-6155


Counsel for Defendant
GameLogic, Inc.


Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

Counsel for Defendant
Scientific Games Corporation


SO ORDERED:

_____
United States Judge

_____

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:  (202) 955-1500
Facsimile:   (202) 778-2201


Counsel for Plaintiff
Ingenio, Filiale De Loto-Quebec, Inc.

_____

Gary M. Hnath
Susan Baker Manning
Star-shemah Bobatoon
BINGHAM MCCUTCHEN LLP
1120 20th Street, NW
Suite 800
Washington, DC 20036
Telephone:  (202) 778-6150
Facsimile:   (202) 778-6155


Counsel for Defendant
GameLogic, Inc.


_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200


Counsel for Defendant
Scientific Games Corporation


SO ORDERED:


_____

United States Judge

| | |
|---|---|
| Rodger L. Tate | Gary M. Hnath |
| Brian M. Buroker | Susan Baker Manning |
| Christopher J. Cuneo | Star-shemah Bobatoon |
| HUNTON & WILLIAMS LLP | BINGHAM MCCUTCHEN LLP |
| 1900 K Street, N.W. | 1120 20th Street, NW |
| Washington, DC  20006-1109 | Suite 800 |
| Telephone:  (202) 955-1500 | Washington, DC 20036 |
| Facsimile:   (202) 778-2201 | Telephone:  (202) 778-6150 |
| | Facsimile:   (202) 778-6155 |

Counsel for Plaintiff                  Counsel for Defendant

Ingenio, Filiale De Loto-Quebec, Inc.     GameLogic, Inc.

 

_____

Jack B. Blumenfeld (#1014)

Rodger D. Smith II (#3778)

MORRIS, NICHOLS, ARSHT & TUNNELL

1201 N. Market Street

P.O. Box 1347

Wilmington, DE 19899

(302) 658-9200

Counsel for Defendant

Scientific Games Corporation

 

SO ORDERED:

_____

United States Judge

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**INGENIO, FILIALE DE LOTO-QUEBEC,
INC.,**

                   **Plaintiff,**

**v.**                                            **C. A. No. 04-1532-KAJ**

**GAMELOGIC, INC. AND
SCIENTIFIC GAMES CORPORATION**

                   **Defendants**

### AGREEMENT

My full name is _____. I am presently employed by

_____ in the position of _____. My residence

address is _____.

I hereby acknowledge that I am to have access to information designated in this

litigation as CONFIDENTIAL material and/or HIGHLY CONFIDENTIAL material, if permitted

by the terms of the parties' Stipulated Protective Order, in the captioned litigation. I certify my

understanding that such information has been provided to me pursuant to the terms and

restrictions of the Stipulated Protective Order entered _____ 2005, in the captioned

litigation, under Section 2 thereof, and that I have been given a copy of and have read said

Stipulated Protective Order and agree to be bound by the terms thereof. I further agree to subject

myself to the jurisdiction of the United States District Court for the District of Delaware

regarding resolution of any matter pertaining to said Stipulated Protective Order.


Dated:_____     Signature:_____

                                   Print Name:_____

20

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2005, I caused a copy of the foregoing

***Stipulated Protective Order*** to be served via email and U.S. Mail upon:

COUNSEL FOR DEFENDANT GAMELOGIC, INC.

Of Counsel:

Gary M. Hnath
Susan Baker Manning
Bingham McCutchen LLP
1120 20th Street, NW
Suite 800
Washington, DC 20036
(202) 778-6150
gary.hnath@bingham.com
susan.manning@bingham.com

Richard L. Horowitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon, LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

and

COUNSEL FOR DEFENDANT SCIENTIFIC GAMES CORPORATION

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT &
TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
JBlumenfeld@MNAT.com
RSmith@MNAT.com

Thomas H. Kovach (No. 3964)