# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INGENIO, FILIALE DE LOTO-QUEBEC, INC., <br><br>                    Plaintiff, <br><br>          v. <br><br> GAMELOGIC, INC.  and SCIENTIFIC GAMES CORPORATION, <br>                    Defendants. <br><br> GAMELOGIC, INC., <br><br>                    Counter-Plaintiff, <br><br>          v. <br><br> INGENIO, FILIALE DE LOTO-QUEBEC, INC. <br><br>                    Counter-Defendant. | Civil Action No. 04-1532 (KAJ) |

**AMENDED ANSWER AND COUNTERCLAIM
OF DEFENDANT AND COUNTER-PLAINTIFF GAMELOGIC, INC.**

**Demand for Jury Trial**

### AMENDED ANSWER

1.    Defendant GameLogic, Inc. ("GameLogic" or "Defendant") hereby
answers Plaintiff Ingenio, Filiale de Loto-Quebec, Inc.'s ("Ingenio" or "Plaintiff")
Complaint and Jury Demand ("Complaint") as follows:

### Nature Of The Action

2.    GameLogic admits that Plaintiff has filed this action against
GameLogic alleging patent infringement, and admits that this action arises under the
patent laws of the United States, 35 U.S.C. §§ 101, *et seq.* GameLogic admits that
Plaintiff seeks to enjoin and obtain damages resulting from what Plaintiff alleges to
be GameLogic's unauthorized manufacture, use, sale, offer to sell and/or importation
into the United States for subsequent use or sale of products, methods, processes,
services and/or systems that infringe one or more claims of United States Patent No.
5,569,082 (the "'082 Patent"), entitled "Personal Computer Lottery Game" and
United States Patent No. 5,709,603 (the "'603 Patent"), also entitled "Personal
Computer Lottery Game." GameLogic admits that copies of these patents are
attached to Plaintiff's Complaint. GameLogic admits that Plaintiff seeks injunctive
relief and monetary damages but denies that Plaintiff is entitled to such relief.
GameLogic denies the remaining allegations of Paragraph 2 of the Complaint.

3.    GameLogic admits that Plaintiff filed this action alleging that
GameLogic's conduct constitutes patent infringement. GameLogic denies the
remaining allegations of Paragraph 3 of the Complaint.

### The Parties

4.    GameLogic lacks sufficient knowledge or information to form a belief

as to the truth and correctness of the allegations in Paragraph 4 of the Complaint and therefore denies the allegations.

5.    GameLogic admits that Perry Kaye was named as sole inventor on the face of the issued '082 patent and '603 patent. GameLogic denies that the patents were lawfully issued, and lacks sufficient knowledge or information to form a belief as to the truth and correctness of the other allegations in Paragraph 5 of the Complaint and therefore denies the allegations.

6.    GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 6 of the Complaint and therefore denies the allegations.

7.    GameLogic admits that it is a corporation organized and existing under the laws of the State of Delaware. GameLogic denies the remaining allegations of Paragraph 7 of the Complaint. GameLogic maintains its principal place of business at 880 Winter Street, Waltham, Massachusetts 02451.

8.    GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations regarding the status of Scientific Games. GameLogic denies the remaining allegations of Paragraph 8 of the Complaint.

## Jurisdiction and Venue

9.    GameLogic does not contest that this Court has subject matter jurisdiction, as alleged in Paragraph 9 of the Complaint.

10.    GameLogic admits that it is a Delaware corporation. For purposes of this

litigation only, GameLogic does not contest that it is subject to personal jurisdiction in the State of Delaware, as alleged in Paragraph 10 of the Complaint.

11.    GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 11 of the Complaint and therefore denies the allegations.

12.    For the purposes of this litigation only, GameLogic does not contest that venue is proper in this District, as alleged in Paragraph 12 of the Complaint.

### Factual Background

13.    GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 13 of the Complaint and therefore denies the allegations.

14.    GameLogic admits that it received a communication from Plaintiff's counsel regarding the '082 and '603 patents no later than October 2004 but denies that it was "in the context of the HomePlay™ game." GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the remaining allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15.    GameLogic denies the allegations in Paragraph 15 of the Complaint.

16.    GameLogic denies the allegations in Paragraph 16 of the Complaint.

17.    GameLogic denies the allegations of Paragraph 17 of the Complaint.

### Count I
### (Patent Infringement of United States Patent No. 5,569,082)

18.    Responding to Paragraph 18, GameLogic repeats its responses contained in Paragraphs 1 through 17 above.

4

19.    GameLogic denies the allegations of Paragraph 19 of the Complaint

20.    GameLogic denies the allegations of Paragraph 20 of the Complaint.

21.    GameLogic denies the allegations of Paragraph 21 of the Complaint

## Count II
## (Patent Infringement of United States Patent No. 5,709,603)

22.    Responding to Paragraph 22, GameLogic repeats its responses

contained in Paragraphs 1 through 21 above.

23.    GameLogic denies the allegations of Paragraph 23 of the Complaint.

24.    GameLogic denies the allegations of Paragraph 24 of the Complaint.

25.    GameLogic denies the allegations of Paragraph 25 of the Complaint.

## Count III
## (Willful Patent Infringement of United States Patent No. 5,569,082)

26.    Responding to Paragraph 26, GameLogic repeats its responses

contained in Paragraphs 1 through 25 above.

27.    GameLogic admits that it received a communication from Plaintiff's

counsel regarding the '082 and '603 patents no later than October 2004.  GameLogic

denies the remaining allegations of Paragraph 27 of the Complaint.

28.    GameLogic denies the allegations of Paragraph 28 of the Complaint.

## Count IV
## (Willful Patent Infringement of United States Patent No. 5,709,603)

29.    Responding to Paragraph 29, GameLogic repeats its responses

contained in Paragraphs 1 through 28 above.

30.    GameLogic admits that it received a communication from Plaintiff's

counsel regarding the '082 and '603 patents no later than October 2004.  GameLogic

denies the remaining allegations of Paragraph 30 of the Complaint.

5

31.    GameLogic denies the allegations of Paragraph 31 of the Complaint.

32.    GameLogic denies that Ingenio is entitled to any relief as requested in its Complaint.

33.    All allegations in the Complaint not specifically admitted as set forth above are hereby denied.

## DEFENSES

34.    GameLogic has not infringed and is not infringing, directly or indirectly, any claim of the '082.

35.    GameLogic has not infringed and is not infringing, directly or indirectly, any claim of '603 Patent.

36.    The claims of the '082 Patent are invalid for failure to comply with one or more provisions of the Patent Act, Title 35, United States Code, § 101, *et seq*.

37.    The claims of the '603 Patent are invalid for failure to comply with one or more provisions of the Patent Act, Title 35, United States Code, § 101, *et seq*.

38.    The claims of the '082 and '603 patents are invalid based on statutory double patenting and/or the judicially created doctrine of obviousness-type double patenting.

39.    Plaintiff is estopped from arguing that any claims of the '082 and/or '603 patents are infringed by GameLogic.

40.    The '082 patent is unenforceable as a result of inequitable conduct.

(a)    On September 5, 1996, an international search report was issued by the European Patent Office in PCT/US96103320, the foreign counterpart application for the '082 patent. Four prior art references were cited in the search

report, including International Patent Application WO A9106931 to Raha Automaattiyhdistys ("Raha") and U.S. Patent 5,373,440 to Cohen et al ("Cohen"). The search report indicated that Raha and Cohen were "of particular relevance" and that "the claimed invention cannot be considered novel or cannot be considered to involve an inventive step" in light of either of these references.

        (b)       The '082 applicants, including Mr. Kaye, the named inventor of the '082 patent, and his attorney, failed to disclose the international search report and the Raha and Cohen references to the U.S. Patent Examiner considering the pending patent application that later matured into the '082 patent.

        (c)       The applicants' failure to disclose the international search report and the Raha and Cohen references, which were highly material to the prosecution of the '082 patent, violated the duty of candor and good faith in dealing with the United States Patent Office set out in 37 CFR § 1.56.

        (d)       Upon information and belief, the applicants failed to disclose the international search report and the Raha and Cohen references with an intent to deceive the patent examiner.

        (e)       The applicants' violation of the duty of candor constituted inequitable conduct, rendering the '082 Patent unenforceable.

       41.       The inequitable conduct committed in the prosecution of the '082 patent also renders the '603 patent, a continuation-in-part of the '082 patent, unenforceable. GameLogic reserves the right to assert additional grounds for the unenforceability of the '082 and '603 patents due to inequitable conduct as discovery proceeds in this action.

## Prayer for Relief

WHEREFORE, defendant GameLogic prays that the Court enter judgment:

(a)     Dismissing Plaintiff's Complaint against GameLogic with prejudice;

(b)     Declaring that Defendant GameLogic has not infringed and is not infringing any claim of United States Patent No. 5,569,082;

(c)     Declaring that Defendant GameLogic has not infringed and is not infringing any claim of United States Patent No. 5,709,603;

(d)     Declaring United States Patent No. 5,569,082 invalid;

(e)     Declaring United States Patent No. 5,709,603 invalid;

(f)     Declaring United States Patent No. 5,569,082 unenforceable;

(g)     Declaring United States Patent No. 5,709,603 unenforceable;

(h)     Declaring the case to be an exceptional case under 35 U.S.C. § 285 and awarding Defendant GameLogic its reasonable attorneys' fees;

(i)     Awarding Defendant GameLogic its costs; and

(j)     Granting GameLogic such other and further relief as the Court determines is just and proper.

## COUNTERCLAIM OF DEFENDANT AND
## COUNTER-PLAINTIFF GAMELOGIC, INC.

Defendant and Counter-Plaintiff GameLogic, Inc. ("GameLogic") hereby brings this Counterclaim against Plaintiff and Counter-Defendant Ingenio, Filiale de Loto-Quebec, Inc. ("Ingenio") and states as follows:

### Parties and Jurisdiction

1.      GameLogic is informed and believes that Plaintiff and Counter-Defendant Ingenio, Filiale de Loto-Quebec, Inc. is a corporation organized and existing under the laws of Quebec, and having its principle place of business at 500 Sherbrooke Street West, Montreal, Quebec, Canada H3A 3G6.  Ingenio has submitted itself to the jurisdiction of the Court by filing suit in the United States District Court for the District of Delaware.

2.      Defendant and Counter-Plaintiff GameLogic, Inc. is a corporation organized and existing under the laws of a Delaware.  GameLogic's primary place of business is located at 880 Winter Street, Waltham, Massachusetts 02451.

3.      The amount in controversy is believed to be in excess of $75,000.

4.      This Court has jurisdiction over this state law counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367.

### Factual Background

5.      Ingenio has utilized process in initiating this lawsuit, and a court order summoning GameLogic to appear in this matter has issued.

6.      Although Ingenio brought this action, it has failed to vigorously pursue its claims.  On information and belief, Ingenio has used this lawsuit to gain competitive advantage over GameLogic, to discourage potential customers and/or potential partners from doing business with GameLogic, and to harm GameLogic's business.  Ingenio's

9

failure to vigorously prosecute its case is indicative of this ulterior motive for the lawsuit.

7.      On information and belief, following the commencement of this suit,

Ingenio (or persons presently unknown acting at Ingenio's request, direction or for its

benefit) identified and contacted one or more of GameLogic's potential customers and/or

partners.

8.      On information and belief, such contact was made to discourage potential

customers and/or partners from doing business with GameLogic. On information and

belief, one way potential customers and/or partners were discouraged from doing

business with GameLogic was by discussing the pending litigation with them.

9.      As a result of this activity, GameLogic has been harmed. Ingenio has

benefited from these actions by eliminating, for some customers, GameLogic as a

competitor.

### Count I
### (Abuse of Process—Massachusetts Common Law)

10.     GameLogic restates and incorporates paragraphs 1-9 as if fully alleged

herein.

11.     Ingenio's contacts with GameLogic's potential customers and partners

were not intended to further Ingenio's interests in this litigation, but rather to accomplish

the collateral objectives of undermining GameLogic's business activities and causing

financial and/or reputational harm to GameLogic.

12.     Ingenio's coercive actions in furtherance of its ulterior motive have

harmed GameLogic, causing it to lose revenues and damaging its reputation in the

marketplace.

13.     As a result, Ingenio has committed an abuse of process under

Massachusetts law.

## Count II
## (Violation of Massachusetts General Laws Chapter 93A)

14.    GameLogic restates and incorporates paragraphs 1-13 as if fully alleged herein.

15.    Like Ingenio and companies affiliated with Ingenio, GameLogic develops and markets certain gaming products.  Their target consumer base overlaps.

16.    Ingenio's willful actions in using this litigation to deter potential customers and/or partners from doing business with GameLogic threatens GameLogic's ability to continue to operate in Massachusetts and contribute to the local economy in Massachusetts.

17.    Ingenio's willful actions as described above are oppressive, unconscionable, coercive or extortionate.

18.    As such, Ingenio's actions are unfair or deceptive.

19.    Furthermore, by Ingenio's willful actions as described above, Ingenio has engaged in unfair competition with GameLogic.

20.    Ingenio's actions have caused monetary harm to GameLogic in the form of lost revenues.

21.    As a result, Ingenio has committed a violation of Massachusetts General Laws Chapter 93A.

## Prayer for Relief

WHEREFORE, Defendant and Counter-Plaintiff GameLogic prays that the Court enter judgment:

(a)    Awarding damages to GameLogic for abuse of process, in an

11

amount to be determined at trial;

(b)     Awarding punitive damages to GameLogic for abuse of process, in

an amount to be determined at trial;

(c)     Awarding actual and treble damages to GameLogic for violation of

Massachusetts General Laws Chapter 93A, in an amount to be

determined at trial;

(d)     Dismissing Plaintiff's Complaint against GameLogic with

prejudice;

(e)     Awarding Defendant GameLogic its costs and attorneys' fees; and

(f)     Granting GameLogic such other and further relief as the Court

determines is just and proper.

Dated:  October 31, 2005                    Respectfully submitted,


                                            _____/s/ David E. Moore_____
                                            Richard L. Horwitz (#2246)
                                            David E. Moore (#3983)
                                            POTTER ANDERSON & CORROON LLP
                                            Hercules Plaza
                                            1313 North Market Street
                                            Wilmington, DE 19801
                                            (302) 984-6000
                                            (302) 658-1192 (facsimile)
                                            rhorwitz@potteranderson.com
                                            dmoore@potternaderson.com

                                            Gary M. Hnath
                                            Susan Baker Manning
                                            BINGHAM McCUTCHEN LLP
                                            1120 20th Street NW, Suite 800
                                            Washington, DC 20036
                                            (202) 778-6150

                                            Counsel for Defendant and Counter-Plaintiff
                                            GameLogic, Inc.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENIO, FILIALE DE LOTO-QUEBEC, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAMELOGIC, INC. and SCIENTIFIC GAMES CORPORATION, <br> Defendants. <br><br> GAMELOGIC, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> INGENIO, FILIALE DE LOTO-QUEBEC, INC. <br><br> Counter-Defendant. | Civil Action No. 04-1532 (KAJ) |

## AMENDED ANSWER AND COUNTERCLAIM
## OF DEFENDANT AND COUNTER-PLAINTIFF GAMELOGIC, INC.

**Demand for Jury Trial**

## AMENDED ANSWER

1.     Defendant GameLogic, Inc. ("GameLogic" or "Defendant") hereby
answers Plaintiff Ingenio, Filiale de Loto-Quebec, Inc.'s ("Ingenio" or "Plaintiff")
Complaint and Jury Demand ("Complaint") as follows:

### Nature Of The Action

2.     GameLogic admits that Plaintiff has filed this action against
GameLogic alleging patent infringement, and admits that this action arises under the
patent laws of the United States, 35 U.S.C. §§ 101, *et seq.* GameLogic admits that
Plaintiff seeks to enjoin and obtain damages resulting from what Plaintiff alleges to
be GameLogic's unauthorized manufacture, use, sale, offer to sell and/or importation
into the United States for subsequent use or sale of products, methods, processes,
services and/or systems that infringe one or more claims of United States Patent No.
5,569,082 (the "'082 Patent"), entitled "Personal Computer Lottery Game" and
United States Patent No. 5,709,603 (the "'603 Patent"), also entitled "Personal
Computer Lottery Game." GameLogic admits that copies of these patents are
attached to Plaintiff's Complaint. GameLogic admits that Plaintiff seeks injunctive
relief and monetary damages but denies that Plaintiff is entitled to such relief.
GameLogic denies the remaining allegations of Paragraph 2 of the Complaint.

3.     GameLogic admits that Plaintiff filed this action alleging that
GameLogic's conduct constitutes patent infringement. GameLogic denies the
remaining allegations of Paragraph 3 of the Complaint.

### The Parties

4.     GameLogic lacks sufficient knowledge or information to form a belief

2

as to the truth and correctness of the allegations in Paragraph 4 of the Complaint and therefore denies the allegations.

5.     GameLogic admits that Perry Kaye was named as sole inventor on the face of the issued '082 patent and '603 patent. GameLogic denies that the patents were lawfully issued, and lacks sufficient knowledge or information to form a belief as to the truth and correctness of the other allegations in Paragraph 5 of the Complaint and therefore denies the allegations.

6.     GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 6 of the Complaint and therefore denies the allegations.

7.     GameLogic admits that it is a corporation organized and existing under the laws of the State of Delaware. GameLogic denies the remaining allegations of Paragraph 7 of the Complaint. GameLogic maintains its principal place of business at 880 Winter Street, Waltham, Massachusetts 02451.

8.     GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations regarding the status of Scientific Games. GameLogic denies the remaining allegations of Paragraph 8 of the Complaint.

## Jurisdiction and Venue

9.     GameLogic does not contest that this Court has subject matter jurisdiction, as alleged in Paragraph 9 of the Complaint.

10.     GameLogic admits that it is a Delaware corporation. For purposes of this

3

litigation only, GameLogic does not contest that it is subject to personal jurisdiction in the State of Delaware, as alleged in Paragraph 10 of the Complaint.

11.    GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 11 of the Complaint and therefore denies the allegations.

12.    For the purposes of this litigation only, GameLogic does not contest that venue is proper in this District, as alleged in Paragraph 12 of the Complaint.

## Factual Background

13.    GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 13 of the Complaint and therefore denies the allegations.

14.    GameLogic admits that it received a communication from Plaintiff's counsel regarding the '082 and '603 patents no later than October 2004 but denies that it was "in the context of the HomePlay™ game." GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the remaining allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15.    GameLogic denies the allegations in Paragraph 15 of the Complaint.

16.    GameLogic denies the allegations in Paragraph 16 of the Complaint.

17.    GameLogic denies the allegations of Paragraph 17 of the Complaint.

## Count I
### (Patent Infringement of United States Patent No. 5,569,082)

18.    Responding to Paragraph 18, GameLogic repeats its responses contained in Paragraphs 1 through 17 above.

DCDOCS/638395 1

19.    GameLogic denies the allegations of Paragraph 19 of the Complaint

20.    GameLogic denies the allegations of Paragraph 20 of the Complaint.

21.    GameLogic denies the allegations of Paragraph 21 of the Complaint

### Count II
### (Patent Infringement of United States Patent No. 5,709,603)

22.    Responding to Paragraph 22, GameLogic repeats its responses

contained in Paragraphs 1 through 21 above.

23.    GameLogic denies the allegations of Paragraph 23 of the Complaint.

24.    GameLogic denies the allegations of Paragraph 24 of the Complaint.

25.    GameLogic denies the allegations of Paragraph 25 of the Complaint.

### Count III
### (Willful Patent Infringement of United States Patent No. 5,569,082)

26.    Responding to Paragraph 26, GameLogic repeats its responses

contained in Paragraphs 1 through 25 above.

27.    GameLogic admits that it received a communication from Plaintiff's

counsel regarding the '082 and '603 patents no later than October 2004.  GameLogic

denies the remaining allegations of Paragraph 27 of the Complaint.

28.    GameLogic denies the allegations of Paragraph 28 of the Complaint.

### Count IV
### (Willful Patent Infringement of United States Patent No. 5,709,603)

29.    Responding to Paragraph 29, GameLogic repeats its responses

contained in Paragraphs 1 through 28 above.

30.    GameLogic admits that it received a communication from Plaintiff's

counsel regarding the '082 and '603 patents no later than October 2004.  GameLogic

denies the remaining allegations of Paragraph 30 of the Complaint.

DCDOCS/638395 1

31.    GameLogic denies the allegations of Paragraph 31 of the Complaint.

32.    GameLogic denies that Ingenio is entitled to any relief as requested in its Complaint.

33.    All allegations in the Complaint not specifically admitted as set forth above are hereby denied.

## DEFENSES

34.    GameLogic has not infringed and is not infringing, directly or indirectly, any claim of the '082.

35.    GameLogic has not infringed and is not infringing, directly or indirectly, any claim of '603 Patent.

36.    The claims of the '082 Patent are invalid for failure to comply with one or more provisions of the Patent Act, Title 35, United States Code, § 101, *et seq.*

37.    The claims of the '603 Patent are invalid for failure to comply with one or more provisions of the Patent Act, Title 35, United States Code, § 101, *et seq.*

38.    The claims of the '082 and '603 patents are invalid based on statutory double patenting and/or the judicially created doctrine of obviousness-type double patenting.

39.    Plaintiff is estopped from arguing that any claims of the '082 and/or '603 patents are infringed by GameLogic.

40.    The '082 patent is unenforceable as a result of inequitable conduct.

(a)    On September 5, 1996, an international search report was issued by the European Patent Office in PCT/US96103320, the foreign counterpart application for the '082 patent. Four prior art references were cited in the search

6

report, including International Patent Application WO A9106931 to Raha

Automaattiyhdistys ("Raha") and U.S. Patent 5,373,440 to Cohen et al ("Cohen").

The search report indicated that Raha and Cohen were "of particular relevance" and

that "the claimed invention cannot be considered novel or cannot be considered to

involve an inventive step" in light of either of these references.

      (b)    The '082 applicants, including Mr. Kaye, the named

inventor of the '082 patent, and his attorney, failed to disclose the international

search report and the Raha and Cohen references to the U.S. Patent Examiner

considering the pending patent application that later matured into the '082 patent.

      (c)    The applicants' failure to disclose the international search

report and the Raha and Cohen references, which were highly material to the

prosecution of the '082 patent, violated the duty of candor and good faith in dealing

with the United States Patent Office set out in 37 CFR § 1.56.

      (d)    Upon information and belief, the applicants failed to

disclose the international search report and the Raha and Cohen references with an

intent to deceive the patent examiner.

      (e)    The applicants' violation of the duty of candor constituted

inequitable conduct, rendering the '082 Patent unenforceable.

    41.    The inequitable conduct committed in the prosecution of the '082

patent also renders the '603 patent, a continuation-in-part of the '082 patent,

unenforceable. GameLogic reserves the right to assert additional grounds for the

unenforceability of the '082 and '603 patents due to inequitable conduct as discovery

proceeds in this action.

DCDOCS/638395 1

## **Prayer for Relief**

WHEREFORE, defendant GameLogic prays that the Court enter judgment:

(a)    Dismissing Plaintiff's Complaint against GameLogic with prejudice;

(b)    Declaring that Defendant GameLogic has not infringed and is not infringing any claim of United States Patent No. 5,569,082;

(c)    Declaring that Defendant GameLogic has not infringed and is not infringing any claim of United States Patent No. 5,709,603;

(d)    Declaring United States Patent No. 5,569,082 invalid;

(e)    Declaring United States Patent No. 5,709,603 invalid;

(f)    Declaring United States Patent No. 5,569,082 unenforceable;

(g)    Declaring United States Patent No. 5,709,603 unenforceable;

(h)    Declaring the case to be an exceptional case under 35 U.S.C. § 285 and awarding Defendant GameLogic its reasonable attorneys' fees;

(i)    Awarding Defendant GameLogic its costs; and

(j)    Granting GameLogic such other and further relief as the Court determines is just and proper.

8

## COUNTERCLAIM OF DEFENDANT AND
## COUNTER-PLAINTIFF GAMELOGIC, INC.

Defendant and Counter-Plaintiff GameLogic, Inc. ("GameLogic") hereby

brings this Counterclaim against Plaintiff and Counter-Defendant Ingenio, Filiale de

Loto-Quebec, Inc. ("Ingenio") and states as follows:

### Parties and Jurisdiction

1.      GameLogic is informed and believes that Plaintiff and Counter-Defendant

Ingenio, Filiale de Loto-Quebec, Inc. is a corporation organized and existing under the

laws of Quebec, and having its principle place of business at 500 Sherbrooke Street West,

Montreal, Quebec, Canada H3A 3G6.  Ingenio has submitted itself to the jurisdiction of

the Court by filing suit in the United States District Court for the District of Delaware.

2.      Defendant and Counter-Plaintiff GameLogic, Inc. is a corporation

organized and existing under the laws of a Delaware.  GameLogic's primary place of

business is located at 880 Winter Street, Waltham, Massachusetts 02451.

3.      The amount in controversy is believed to be in excess of $75,000.

4.      This Court has jurisdiction over this state law counterclaim pursuant to 28

U.S.C. §§ 1332 and 1367.

### Factual Background

5.      Ingenio has utilized process in initiating this lawsuit, and a court order

summoning GameLogic to appear in this matter has issued.

6.      Although Ingenio brought this action, it has failed to vigorously pursue its

claims.  On information and belief, Ingenio has used this lawsuit to gain competitive

advantage over GameLogic, to discourage potential customers and/or potential partners

from doing business with GameLogic, and to harm GameLogic's business.  Ingenio's

9

failure to vigorously prosecute its case is indicative of this ulterior motive for the lawsuit.

7.    On information and belief, following the commencement of this suit,

Ingenio (or persons presently unknown acting at Ingenio's request, direction or for its

benefit) identified and contacted one or more of GameLogic's potential customers and/or

partners.

8.    On information and belief, such contact was made to discourage potential

customers and/or partners from doing business with GameLogic. On information and

belief, one way potential customers and/or partners were discouraged from doing

business with GameLogic was by discussing the pending litigation with them.

9.    As a result of this activity, GameLogic has been harmed. Ingenio has

benefited from these actions by eliminating, for some customers, GameLogic as a

competitor.

### Count I
### (Abuse of Process—Massachusetts Common Law)

10.    GameLogic restates and incorporates paragraphs 1-9 as if fully alleged

herein.

11.    Ingenio's contacts with GameLogic's potential customers and partners

were not intended to further Ingenio's interests in this litigation, but rather to accomplish

the collateral objectives of undermining GameLogic's business activities and causing

financial and/or reputational harm to GameLogic.

12.    Ingenio's coercive actions in furtherance of its ulterior motive have

harmed GameLogic, causing it to lose revenues and damaging its reputation in the

marketplace.

13.    As a result, Ingenio has committed an abuse of process under

10

Massachusetts law.

## Count II
## (Violation of Massachusetts General Laws Chapter 93A)

14.    GameLogic restates and incorporates paragraphs 1-13 as if fully alleged herein.

15.    Like Ingenio and companies affiliated with Ingenio, GameLogic develops and markets certain gaming products. Their target consumer base overlaps.

16.    Ingenio's willful actions in using this litigation to deter potential customers and/or partners from doing business with GameLogic threatens GameLogic's ability to continue to operate in Massachusetts and contribute to the local economy in Massachusetts.

17.    Ingenio's willful actions as described above are oppressive, unconscionable, coercive or extortionate.

18.    As such, Ingenio's actions are unfair or deceptive.

19.    Furthermore, by Ingenio's willful actions as described above, Ingenio has engaged in unfair competition with GameLogic.

20.    Ingenio's actions have caused monetary harm to GameLogic in the form of lost revenues.

21.    As a result, Ingenio has committed a violation of Massachusetts General Laws Chapter 93A.

## Prayer for Relief

WHEREFORE, Defendant and Counter-Plaintiff GameLogic prays that the Court enter judgment:

(a)    Awarding damages to GameLogic for abuse of process, in an

amount to be determined at trial;

(b)     Awarding punitive damages to GameLogic for abuse of process, in

an amount to be determined at trial;

(c)     Awarding actual and treble damages to GameLogic for violation of

Massachusetts General Laws Chapter 93A, in an amount to be

determined at trial;

(d)     Dismissing Plaintiff's Complaint against GameLogic with

prejudice;

(e)     Awarding Defendant GameLogic its costs and attorneys' fees; and

(f)     Granting GameLogic such other and further relief as the Court

determines is just and proper.

Dated:  October 31, 2005                    Respectfully submitted,


                                            _____/s/ David E. Moore_____
                                            Richard L. Horwitz (#2246)
                                            David E. Moore (#3983)
                                            POTTER ANDERSON & CORROON LLP
                                            Hercules Plaza
                                            1313 North Market Street
                                            Wilmington, DE 19801
                                            (302) 984-6000
                                            (302) 658-1192 (facsimile)
                                            rhorwitz@potteranderson.com
                                            dmoore@potternaderson.com

                                            Gary M. Hnath
                                            Susan Baker Manning
                                            BINGHAM McCUTCHEN LLP
                                            1120 20th Street NW, Suite 800
                                            Washington, DC 20036
                                            (202) 778-6150

                                            Counsel for Defendant and Counter-Plaintiff
                                            GameLogic, Inc.

12

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INGENIO, FILIALE DE LOTO-QUEBEC, INC.,

        Plaintiff,

     v.

GAMELOGIC, INC. and SCIENTIFIC GAMES
CORPORATION,

        Defendants.

GAMELOGIC, INC.,

        Counter-Plaintiff,

     v.

INGENIO, FILIALE DE LOTO-QUEBEC, INC.

        Counter-Defendant.

Civil Action No. 04-1532 (KAJ)


## AMENDED ANSWER AND COUNTERCLAIM
## OF DEFENDANT AND COUNTER-PLAINTIFF GAMELOGIC, INC.


## Demand for Jury Trial

## AMENDED ANSWER

1.      Defendant GameLogic, Inc. ("GameLogic" or "Defendant")[, by and
through its undersigned attorneys, responds to] hereby answers Plaintiff Ingenio,
Filiale de Loto-Quebec, Inc.'s ("Ingenio" or "Plaintiff") Complaint and Jury Demand
("Complaint") as follows:

### Nature Of The Action

2.      GameLogic admits that Plaintiff has filed this action against
GameLogic alleging patent infringement, and admits that this action arises under the
patent laws of the United States, 35 U.S.C. §§ [271,]101, *et seq*. GameLogic admits
that Plaintiff seeks to enjoin and obtain damages resulting from what Plaintiff alleges
to be GameLogic's unauthorized manufacture, use, sale, offer to sell and/or
importation into the United States for subsequent use or sale of products, methods,
processes, services and/or systems that infringe one or more claims of United States
Patent No. 5,569,082 (the "082 Patent"), entitled "Personal Computer Lottery Game"
and United States Patent No. 5,709,603 (the "603 Patent"), also entitled "Personal
Computer Lottery Game." GameLogic admits that copies of these patents are attached
to Plaintiffs Complaint. GameLogic admits that Plaintiff seeks injunctive relief and
monetary damages but denies that Plaintiff is entitled to such relief. GameLogic
denies the remaining allegations of Paragraph 2 of the Complaint.

3.      GameLogic admits that Plaintiff filed this action alleging that
GameLogic's conduct constitutes patent infringement. GameLogic denies the
remaining allegations of Paragraph 3 of the Complaint.

### The Parties

4.      GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 4 of the Complaint and therefore denies the allegations.

5.      GameLogic admits that Perry Kaye was named as sole inventor on the face of the issued '082 patent and '603 patent. GameLogic denies that the patents were lawfully issued, and lacks sufficient knowledge or information to form a belief as to the truth and correctness of the other allegations in Paragraph 5 of the Complaint and therefore denies the allegations.

6.      GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 6 of the Complaint and therefore denies the allegations.

7.      GameLogic admits that it is a corporation organized and existing under the laws of the State of Delaware[, and]. GameLogic denies the remaining allegations of Paragraph 7 of the Complaint. GameLogic maintains its principal place of business at [139 Main]880 Winter Street, [5th Floor, Cambridge]Waltham, Massachusetts [02142.]02451.

8.      GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations regarding the status of Scientific Games. GameLogic denies the remaining allegations of Paragraph 8 of the Complaint.

### Jurisdiction and Venue

9.      GameLogic does not contest that this Court has subject matter jurisdiction, as alleged in Paragraph 9 of the Complaint.

10.    GameLogic admits that it is a Delaware corporation.  For purposes of this litigation only, GameLogic does not contest that it is subject to personal jurisdiction in the State of Delaware, as alleged in Paragraph 10 of the Complaint.

11.    GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 11 of the Complaint and therefore denies the allegations.

12.    For the purposes of this litigation only, GameLogic does not contest that venue is proper in this District, as alleged in Paragraph 12 of the Complaint.

### Factual Background

13.    GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the allegations in Paragraph 13 of the Complaint and therefore denies the allegations.

14.    GameLogic admits that it received a communication from Plaintiffs counsel regarding the '082 and '603 patents no later than October 2004 but denies that it was "in the context of the HomePlay™ game."  GameLogic lacks sufficient knowledge or information to form a belief as to the truth and correctness of the remaining allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15.    GameLogic denies the allegations in Paragraph 15 of the Complaint.

16.    GameLogic denies the allegations in Paragraph 16 of the Complaint.

17.    GameLogic denies the allegations of Paragraph 17 of the Complaint.

### Count I
### (Patent Infringement of United States Patent No. 5,569,082)

18.    Responding to Paragraph 18, GameLogic repeats its responses contained in Paragraphs 1 through 17 above.

19.    GameLogic denies the allegations of Paragraph 19 of the Complaint.

20.    GameLogic denies the allegations of Paragraph 20 of the Complaint.

21.    GameLogic denies the allegations of Paragraph 21 of the Complaint

## Count II
### (Patent Infringement of United States Patent No. 5,709,603)

22.    Responding to Paragraph 22, GameLogic repeats its responses contained in Paragraphs 1 through 21 above.

23.    GameLogic denies the allegations of Paragraph 23 of the Complaint.

24.    GameLogic denies the allegations of Paragraph 24 of the Complaint.

25.    GameLogic denies the allegations of Paragraph 25 of the Complaint.

## Count III
### (Willful Patent Infringement of United States Patent No. 5,569,082)

26.    Responding to Paragraph 26, GameLogic repeats its responses contained in Paragraphs 1 through 25 above.

27.    GameLogic admits that it received a communication from Plaintiff's counsel regarding the '082 and '603 patents no later than October 2004. GameLogic denies the remaining allegations of Paragraph 27 of the Complaint.

28.    GameLogic denies the allegations of Paragraph 28 of the Complaint.

## Count IV
### (Willful Patent Infringement of United States Patent No. 5,709,603)

29.    Responding to Paragraph 29, GameLogic repeats its responses contained in Paragraphs 1 through 28 above.

30.    GameLogic admits that it received a communication from Plaintiffs

counsel regarding the '082 and '603 patents no later than October 2004. GameLogic denies the remaining allegations of Paragraph 30 of the Complaint.

31.    GameLogic denies the allegations of Paragraph 31 of the Complaint.

32.    GameLogic denies that Ingenio is entitled to any relief as requested in its Complaint.

33.    All allegations in the Complaint [most]not specifically admitted as set forth above are hereby denied.

### Defenses

34.    GameLogic has not infringed and is not infringing, directly or indirectly, any claim of the '082.

35.    GameLogic has not infringed and is not infringing, directly or indirectly, any claim of '603 Patent.

36.    The claims of the '082 Patent are invalid for failure to comply with one or more provisions of the Patent Act, Title 35, United States Code, § 101, et seq.

37.    The claims of the '603 Patent are invalid for failure to comply with one or more provisions of the Patent Act, Title 35, United States Code, § 101, et seq.

38.    The claims of the '082 and '603 patents are invalid based on statutory double patenting and/or the judicially created doctrine of obviousness- type double patenting.

39.    Plaintiff is estopped from arguing that any claims of the '082 and/or '603 patents are infringed by GameLogic.

40.    The '082 patent is unenforceable as a result of inequitable conduct.

    a)    On September 5, 1996, an international search report was

issued by the European Patent Office in PCT/US96103320, the foreign counterpart application for the '082 patent. Four prior art references were cited in the search report, including International Patent Application WO A9106931 to Raha Automaattiyhdistys ("Raha") and U.S. Patent 5,373,440 to Cohen et al ("Cohen"). The search report indicated that Raha and Cohen were "of particular relevance" and that "the claimed invention cannot be considered novel or cannot be considered to involve an inventive step" in light of either of these references.

        b)      The '082 applicants, including[,] Mr. Kaye, the named inventor of the '082 patent, and his attorney, failed to disclose the international search report and the Raha and Cohen references to the U.S. Patent Examiner considering the pending patent application that later matured into the '082 patent.

        c)      The applicants' failure to disclose the international search report and the Raha and Cohen references, which were highly material to the prosecution of the '082 patent, violated the duty of candor and good faith in dealing with the United States Patent Office set out in 37 CFR § 1.56.

        d)      Upon information and belief, the applicants failed to disclose the international search report and the Raha and Cohen references with an intent to deceive the patent examiner.

        e)      The applicants' violation of the duty of candor constituted inequitable conduct, rendering the '082 Patent unenforceable.

        41.      The inequitable conduct committed in the prosecution of the '082 patent also renders the '603 patent, a continuation-in-part of the '082 patent, unenforceable. GameLogic reserves the right to assert additional grounds for the

unenforceability of the '082 and '603 patents due to inequitable conduct as discovery proceeds in this action.

## Prayer for Relief

WHEREFORE, defendant GameLogic prays that the Court enter judgment:

(a)    Dismissing Plaintiff's Complaint against GameLogic with prejudice;

(b)    Declaring that Defendant GameLogic has not infringed and is not infringing any claim of United States Patent No. 5,569,082;

(c)    Declaring that Defendant GameLogic has not infringed and is not infringing any claim of United States Patent No. 5,709,603;

(d)    Declaring United States Patent No. 5,569,082 invalid;

(e)    Declaring United States Patent No. 5,709,603 invalid;

(f)    Declaring United States Patent No. 5,569,082 unenforceable;

(g)    Declaring United States Patent No. 5,709,603 unenforceable;

(h)    Declaring the case to be an exceptional case under 35 U.S.C. § 285; and awarding Defendant GameLogic its reasonable attorneys' fees;

(i)    Awarding Defendant GameLogic its costs; and

(j)    Granting GameLogic such other and further relief as the Court determines is just and proper.

[POTTER ANDERSON & CORROON LLP]

[OF COUNSEL:]

[By:_____]

[Gary M. Hnath]
[Susan Baker Manning]
[Star-shemah Bobatoon]
[BINGHAM McCUTCHEN LLP]
[1120 20th Street NW]
[Suite 800]

[Richard L. Horwitz (#2246)]
[David E. Moore (#3983)]
[Hercules Plaza 6th Floor]
[1313 N. Market Street]
[P.O. Box 951]
[Wilmington, DE 19899-0951]

[Washington, DC 20036]                        [Tel: (302) 984-6000]
[(202) 778-6150]
[(202) 778-6155 (facsimile)]                   *[Attorneys for Defendant GameLogic, Inc.]*

## COUNTERCLAIM OF DEFENDANT AND
## COUNTER-PLAINTIFF GAMELOGIC, INC.

Defendant and Counter-Plaintiff GameLogic, Inc. ("GameLogic") hereby

brings this Counterclaim against Plaintiff and Counter-Defendant Ingenio, Filiale de

Loto-Quebec, Inc. ("Ingenio") and states as follows:

### Parties and Jurisdiction

1.      GameLogic is informed and believes that Plaintiff and Counter-Defendant

Ingenio, Filiale de Loto-Quebec, Inc. is a corporation organized and existing under the

laws of Quebec, and having its principle place of business at 500 Sherbrooke Street West,

Montreal, Quebec, Canada H3A 3G6.  Ingenio has submitted itself to the jurisdiction of the

Court by filing suit in the United States District Court for the District of Delaware.

2.      Defendant and Counter-Plaintiff GameLogic, Inc. is a corporation

organized and existing under the laws of a Delaware.  GameLogic's primary place of

business is located at 880 Winter Street, Waltham, Massachusetts 02451.

3.      The amount in controversy is believed to be in excess of $75,000.

4.      This Court has jurisdiction over this state law counterclaim pursuant to 28

U.S.C. §§ 1332 and 1367.

### Factual Background

5.      Ingenio has utilized process in initiating this lawsuit, and a court order

summoning GameLogic to appear in this matter has issued.

6.      Although Ingenio brought this action, it has failed to vigorously pursue its

claims.  On information and belief, Ingenio has used this lawsuit to gain competitive

advantage over GameLogic, to discourage potential customers and/or potential partners

from doing business with GameLogic, and to harm GameLogic's business.  Ingenio's

failure to vigorously prosecute its case is indicative of this ulterior motive for the lawsuit.

7.    On information and belief, following the commencement of this suit, Ingenio (or persons presently unknown acting at Ingenio's request, direction or for its benefit) identified and contacted one or more of GameLogic's potential customers and/or partners.

8.    On information and belief, such contact was made to discourage potential customers and/or partners from doing business with GameLogic. On information and belief, one way potential customers and/or partners were discouraged from doing business with GameLogic was by discussing the pending litigation with them.

9.    As a result of this activity, GameLogic has been harmed. Ingenio has benefited from these actions by eliminating, for some customers, GameLogic as a competitor.

## Count I
### (Abuse of Process—Massachusetts Common Law)

10.    GameLogic restates and incorporates paragraphs 1-9 as if fully alleged herein.

11.    Ingenio's contacts with GameLogic's potential customers and partners were not intended to further Ingenio's interests in this litigation, but rather to accomplish the collateral objectives of undermining GameLogic's business activities and causing financial and/or reputational harm to GameLogic.

12.    Ingenio's coercive actions in furtherance of its ulterior motive have harmed GameLogic, causing it to lose revenues and damaging its reputation in the marketplace.

13.    As a result, Ingenio has committed an abuse of process under Massachusetts law.

**Count II**
**(Violation of Massachusetts General Laws Chapter 93A)**

14.    GameLogic restates and incorporates paragraphs 1-13 as if fully alleged herein.

15.    Like Ingenio and companies affiliated with Ingenio, GameLogic develops and markets certain gaming products.  Their target consumer base overlaps.

16.    Ingenio's willful actions in using this litigation to deter potential customers and/or partners from doing business with GameLogic threatens GameLogic's ability to continue to operate in Massachusetts and contribute to the local economy in Massachusetts.

17.    Ingenio's willful actions as described above are oppressive, unconscionable, coercive or extortionate.

18.    As such, Ingenio's actions are unfair or deceptive.

19.    Furthermore, by Ingenio's willful actions as described above, Ingenio has engaged in unfair competition with GameLogic.

20.    Ingenio's actions have caused monetary harm to GameLogic in the form of lost revenues.

21.    As a result, Ingenio has committed a violation of Massachusetts General Laws Chapter 93A.

**Prayer for Relief**

WHEREFORE, Defendant and Counter-Plaintiff GameLogic prays that the Court enter judgment:

(a)    Awarding damages to GameLogic for abuse of process, in an amount to be determined at trial;

(b)    Awarding punitive damages to GameLogic for abuse of process, in an amount to be determined at trial;

(c)    Awarding actual and treble damages to GameLogic for violation of Massachusetts General Laws Chapter 93A, in an amount to be determined at trial;

(d)    Dismissing Plaintiff's Complaint against GameLogic with prejudice;

(e)    Awarding Defendant GameLogic its costs and attorneys' fees; and

(f)    Granting GameLogic such other and further relief as the Court determines is just and proper.

Dated:  October 31, 2005          Respectfully submitted,


_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 (facsimile)
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Gary M. Hnath
Susan Baker Manning
BINGHAM McCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC 20036
(202) 778-6150

Counsel for Defendant and Counter-Plaintiff
GameLogic, Inc.

# EXHIBIT D



BINGHAM McCUTCHEN

Gary M. Hnath
Direct Phone: (202) 778-3166
Direct Fax:    (202) 778-6155
gary.hnath@bingham.com

March 10, 2005

**Via Facsimile and U.S. Mail**

Bingham McCutchen LLP
Suite 800
1120 20th Street, NW
Washington, DC
20036-3406

202.778.6150
202 778 6155 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
San Francisco
Silicon Valley
Singapore
Walnut Creek
Washington

Rodger L. Tate
Hunton & Williams
1900 K Street NW, Suite 1200
Washington, DC 20006

**Re:   Ingenio, Filiale de Loto-Quebec, Inc. v. GameLogic, Inc., _et al._**

Dear Mr. Tate:

During this morning's scheduling conference, Ingenio described GameLogic's March 8, 2005 Motion for Summary Judgment of Non-Infringement as "premature." As you can imagine, we disagree. We believe that the documents and other evidence already provided to Ingenio, demonstrate conclusively that GameLogic's products do not include every element of any claim of the patents-in-suit.

The Court granted Ingenio's oral Rule 56(f) motion at this morning's scheduling conference, and in doing so has temporarily relieved Ingenio of its obligation to respond to the Motion for Summary Judgment. The Court also made it clear that it would be willing to entertain a request that Ingenio be required to respond to the Motion once Ingenio has had an opportunity to obtain discovery.

We think this case can and should be resolved promptly and efficiently. Given that Ingenio already has relevant documents as well as a sworn statement from GameLogic's Senior Vice President of Technology describing how the HomePlay Lottery™ product works, please advise us as to what additional discovery Ingenio believes it needs to address the issues addressed in GameLogic's Motion for Summary Judgment.

I can be reached at 202.778.3166 and am available to discuss these matters at your convenience.

Sincerely yours,

Gary M. Hnath

cc:    Edmond D. Johnson, Esq.
       Jack B. Blumenfeld, Esq.
       Richard L. Horwitz, Esq.

# EXHIBIT E



October 17, 2005

Michael Lightman
VP Sales
Game Logic
139 Main Street - 5th Floor
Cambridge, MA 02142

Michael,

Our entire team has truly enjoyed working with you and your associates at Game Logic
to investigate an interactive gaming strategy that would be best received by our player
base. With all that has been invested, it's unfortunate that Illinois Lottery will not be able
to move forward with Game Logic until your outstanding legal issues with Ingenio have
been resolved. Per your request, here's the A to Z on how we have gotten to where we are
today.

- Originally we were researching the possibility of launching Home Play as a new
  product category for the Illinois Lottery, but later decided to postpone it because
  of the heightened sensitivity surrounding an online gaming bill that was sitting
  before our State Legislature.

- We had agreed to test the Home Play technology through an added value
  mechanism built into a Blockbuster scratch ticket. Although this would have
  provided players with their first opportunity to interact with a scratch ticket
  online, a concern arose about how we were bringing the product to market.
  Generally, the lottery team was questioning whether or not the online product
  would receive a fair market presentation positioned as a bonus option on a scratch
  ticket.

- In the end, we reverted back to our original plan of creating a new product
  category for the interactive scratch product, supporting it with an extensive mass
  media and retailer program.

- With that decision, we thought it only made sense to revisit the market at large
  and review all of our options.

- During that process, we were once again made aware of the legal issues between
  Game Logic and Ingenio surrounding an access code technology patent. Although
  you assured us that we would be legally indemnified, we were concerned about

any sort of cease and desist that would require use to pull our product from the marketplace while legal issues were being sorted. Although the risk is uncertain, we would never want to support a product launch with extensive marketing and consumer trial, when we could be required to pull the product from our retail outlets and stop distribution. Something like that could be devastating to the future of the category.

Although that is very top line, I hope it gives you a better understanding of why we have made the decisions we have. Please let me know if you need anything else.

I sincerely hope that the Illinois Lottery will have the opportunity to work with you in the future.

Best Wishes,


Sarah Cummins
Director of Marketing
Illinois State Lottery

## ATTORNEY-CLIENT COMMUNICATION

**REDACTED**

### Manning, Susan Baker

| | |
|---|---|
| **From:** | Michael Lightman [mlightman@gamelogic.com] |
| **Sent:** | Tuesday, October 18, 2005 11:46 AM |
| **To:** | Mr. Steven N. Kane; Manning, Susan Baker; Mr. John Taylor; Mr. Dow Hardy |
| **Subject:** | Fw: IL Lottery Letter |



game logic
10-17-05.doc

```
-----Original Message-----
From: "SARAH CUMMINS" <SCUMMINS@revenue.state.il.us>
Date: Tue, 18 Oct 2005 10:32:08
To:<mlightman@gamelogic.com>
Subject: IL Lottery Letter

Hello Michael!

Hope all is well.

Per your request, please find the attached letter explaining where we
are at with things. Let me know if you need anything else.

Take care,
Sarah
```