IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENIO, FILIALE DE LOTO-QUEBEC, INC., <br><br>   Plaintiff, <br><br> v. <br><br> GAMELOGIC, INC. and SCIENTIFIC GAMES CORPORATION, <br><br>   Defendants. | Civil Action No. 04-1532 |

### DECLARATION OF SUSAN BAKER MANNING IN SUPPORT OF DEFENDANT GAMELOGIC, INC.'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS

I, Susan Baker Manning, declare as follows:

1.     I am over 18 years of age. I have personal knowledge of the facts stated herein, except those stated on information and belief, and, if called upon, could and would testify competently to them. I am Counsel with Bingham McCutchen LLP, attorneys for defendant GameLogic, Inc. I make this declaration in support of defendant GameLogic Inc.'s Motion for Leave to File Amended Answer and Counterclaims.

2.     GameLogic's proposed Amended Answer and Counterclaims is attached as Ex. A to the Motion.

3.     A copy of GameLogic's proposed Amended Answer and Counterclaims is attached as Ex. B to the Motion.

4.     In compliance with D. Del. LR 15.1, a version of GameLogic's proposed Amended Answer and Counter showing in what respects it differs from GameLogic's January 24, 2005, Answer is attached as Ex. C to the Motion.

5.     A true and correct copy of correspondence from my colleague Gary Hnath to Rodger Tate, counsel for plaintiff, and dated March 10, 2005 is attached as Ex. D to the Motion. Ingenio never responded to this letter.

6.  Ingenio has done nothing proactive in discovery. It did not serve discovery in response to GameLogic's Motion for Summary Judgment, and to this day has never sought to depose anyone. It quickly became clear to me as counsel for GameLogic that Ingenio was content to let the case hang over GameLogic without actually pursuing its claims. On April 7, 2005, GameLogic therefore served interrogatories and production requests on Ingenio. Over a week later, on April 15, 2005—in what was clearly a reactive, and defensive, measure—Ingenio finally served some written discovery on GameLogic. Although Ingenio served timely written initial disclosures (GameLogic having provided them two weeks early of its own accord), Ingenio then refused to produce its initial disclosure documents in response to a letter requesting them, instead insisting on a "formal" document request (and its attendant delays). Indeed, Ingenio didn't produce a single page until June 3, 2005, when it was forced to do so in response to GameLogic's Rule 34 request.

7.  A true and correct copy of correspondence dated October 17, 2005, from Sarah Cummins, the Illinois State Lottery's Director of Marketing, to Michael Lightman, GameLogic's Vice President of Sales, is attached as Ex. E to the Motion.

8.  A true and correct copy of correspondence from me to Mr. Buroker dated October 28, 2005 is attached as Ex. F to the Motion.

9.  On October 28, 2005 I provided a courtesy copy of the correspondence to Jack Blumenfeld, counsel for defendant Scientific Games Corp (Ex. E to the Motion). I also spoke with Mr. Blumenfeld about the proposed Amended Answer and Counterclaim. Mr. Blumenfeld stated that Scientific Games did not oppose the proposed amendment.

10. A true and correct copy of correspondence from Mr. Buroker to me dated October 31, 2005 is attached as Ex. G to the Motion.

11. GameLogic has today served its Third Set Of Requests For Production To Plaintiff Ingenio, Filiale De Loto-Quebec, Inc. (Request for Production Nos. 57-65) seeking documents related to its abuse of process and unfair competition counterclaims.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on October 31, 2005, in Washington, D.C.

_____
Susan Baker Manning

DCDOCS/638678 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 31, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Edmond D. Johnson
Thomas H. Kovach
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Jack B. Blumenfeld
Roger D. Smith
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on October 31, 2005, I have Federal Expressed the documents to the following non-registered participants:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672965