IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INGENIO, FILIALE DE LOTO-QUEBEC, INC.

        Plaintiff,

v.

GAMELOGIC, INC. AND
SCIENTIFIC GAMES CORPORATION

        Defendants.

Civil Action No. 04-1532 (KAJ)

## PLAINTIFF INGENIO'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

THE BAYARD FIRM

Edmond D. Johnson (Del. Bar No. 2257)
Thomas H. Kovach (Del. Bar No. 3964)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone (302) 655-5000
Facsimile (302) 658-6395

Attorneys for Plaintiff Ingenio, Filiale De Loto-Quebec, Inc.

OF COUNSEL:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
Telephone (202) 955-1500
Facsimile (202) 778-2201

Dated:   November 10, 2005

608355v1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

BACKGROUND ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 3

CONCLUSION ...................................................................................................................... 6

# **TABLE OF AUTHORITIES**

Page

Cases

*Adams v. Gould, Inc.*,
   739 F.2d 858 (3d Cir. 1984) .................................................................................. 4

*Barkauskie v. Indian River School Dist.*,
   951 F. Supp. 519 (D. Del. 1996) ............................................................................ 4

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ................................................................................. 3

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................... 3

*Howze v. Jones & Laughlin Steel Corp.*,
   750 F.2d 1208 (3d Cir. 1984) ................................................................................. 3

*Lorenz v. CSX Corp.*,
   1 F.3d 1406 (3d Cir. 1993) ..................................................................................... 3

*Miller Products Co., Inc, v. Veltek Associates, Inc.*,
   218 F.R.D. 425 (D. Del. 2003) ............................................................................... 4

*Procter & Gamble Co. v. Nabisco Brands, Inc.*,
   125 F.R.D. 405 (D. Del. 1987) ............................................................................... 4

*Senza-Gel Corp. v. Seiffhart*,
   803 F.2d 661 (Fed. Cir. 1986) ................................................................................ 4

Rules

FED. R. CIV. P. 15(a) ..................................................................................... 1, 3, 4

FED. R. CIV. P. 15(d) ..................................................................................... 1, 3, 5

Delaware Local Rule 15.1 .................................................................................... 2

Pursuant to Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure, Plaintiff Ingenio, Filiale de Loto-Quebec, Inc. ("Ingenio"), moves for leave to amend its complaint to add a second product of Defendant Scientific Games Corporation ("Scientific Games") to its already existing assertion of willful patent infringement by Scientific Games.

## BACKGROUND

Ingenio filed this action for patent infringement on December 20, 2004, and served Scientific Games shortly thereafter. In its complaint, Ingenio alleged that Scientific Games was working with co-defendant GameLogic, Inc. ("GameLogic"), to make, sell and/or offer for sale computer based lottery games, systems and/or components thereof (called "HomePlay") that infringed Ingenio's U.S. Patent No. 5,569,082 ("the '082 patent") and U.S. Patent No. 5,709,603 ("the '603 patent") (collectively, "the Ingenio Patents"). Scientific Games answered the complaint on January 24, 2005.

A Scheduling Order was entered on March 28, 2004, and Defendants served initial discovery requests on April 7, 2005. Ingenio served its initial discovery requests on April 15, 2005. A Stipulated Protective Order was entered on April 22, 2005. By agreement of the parties, the responses to the initial discovery requests were served on or about the first week in June, 2005. Since that time, Ingenio and Scientific Games have participated in mediation with the Court while putting discovery temporarily on hold. At the time, the dispute between Ingenio and Scientific Games focused on Scientific Games' involvement with GameLogic and the HomePlay offering that was the subject of the original Complaint in this action.

608355v1

1

In late October 2005, at an industry trade show, Ingenio representatives witnessed Scientific Games offering for sale another computer based lottery game called Screenplay -- separate and apart from its activities with GameLogic on the HomePlay product. Counsel for Ingenio began to investigate the Screenplay game, but that investigation was not complete until after the October 31, 2005 deadline for amending the Complaint set forth in the Court's Scheduling Order when counsel for Ingenio obtained a copy of the October 2005 issue of *Public Gaming International*, relevant pages of which are attached hereto as Exhibit C. That issue, contains an article in which the Screenplay product is described with sufficient detail for Ingenio's counsel to form a good faith belief that the Screenplay product infringes one or more of the patent claims in each of the Ingenio patents already in dispute in this suit.

Ingenio now seeks to file a First Amended Complaint to add an allegation of willful patent infringement with respect to the Screenplay product based on the same patents already at issue in this litigation. Pursuant to Local Rule 15.1, Ingenio is providing a copy of the proffered First Amended Complaint and a marked-up copy showing the changes, attached hereto as Exhibits A and B. The First Amended Complaint does not add any additional parties, additional patents, or any causes of action unrelated to the initial infringement allegation. It simply introduces a new product by an existing party to the suit.

## **ARGUMENT**

Under the well established law of the Third Circuit, this motion for leave to amend to add an allegation of willful patent infringement should be granted. The allegation of willful infringement is inexorably linked with the claims of willful patent infringement already in the case. The granting of the motion will not cause any delay or protraction of the case, and Defendants will not be unfairly prejudiced by the granting of the motion.

Under the Federal Rules, leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). A party also may seek leave to amend to add "supplemental" claims - that is, claims based on incidents that occurred after the action was filed. FED. R. CIV. P. 15(d). Because federal policy strongly favors determination of cases on their merits, leave to amend the pleadings is freely given unless the opposing party makes a showing of prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). A request for leave to amend is addressed to the Court's discretion. *Id.* at 182. Generally, "the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed." *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted). Thus, amendment of pleadings is favored, and should only be denied upon a showing by the opposing party that there has been undue delay, bad faith, or dilatory motive by the movant, or that the proposed amendment is futile or that undue prejudice will result. *See Foman*, 371 U.S. at 182.

"[T]he passage of time, without more, does not require that a motion to amend . . . be denied; however, at some point, the delay will become 'undue,' placing an

unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Miller Products Co., Inc, v. Veltek Associates, Inc.*, 218 F.R.D. 425, 426-7 (D. Del. 2003) (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)); *see also Procter & Gamble Co. v. Nabisco Brands, Inc.*, 125 F.R.D. 405, 409 (D. Del. 1987) ("a showing of undue prejudice or unfair disadvantage to the nonmovant is required before delay provides an adequate basis for denial") (citations omitted). For the purpose of Federal Rule of Civil Procedure 15(a), prejudice "concerns only the prejudice resulting from the fact of adding new claims at a late date." *Barkauskie v. Indian River School Dist.*, 951 F. Supp. 519, 527 (D. Del. 1996). The nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

In the present case, Defendants are clearly not prejudiced by the mere delay of ten days since the deadline set in the Scheduling Order for amending the Complaint.[1] As noted above, a limited amount of discovery was exchanged, but the bulk of substantive discovery will begin shortly. Discovery is not scheduled to close until March 31, 2006, and Defendants will have ample time to pursue whatever discovery they desire. Indeed, since information about the Screenplay product is in its possession, it is hard to imagine

---

[1] Counsel for Ingenio contacted Scientific Games counsel to request consent to amend the complaint if it concluded that infringement had occurred. Scientific Games counsel did not respond to that communication. Yesterday, counsel for Ingenio sent a letter to counsel for both Scientific Games and Game Logic attaching a copy of the proposed Amended Complaint and seeking their consent to the amendment. Those letters, copies of which are attached as Exhibits D and E, asked for the defendants' consent by 5 p.m. today. Neither party consented. Because that consent has not been granted, Ingenio is seeking the Court's approval for the instant amendment to the complaint.

what information Scientific Games will need that it would not already have sought in discovery in the pending case.

Furthermore, Ingenio's amendment to the Complaint is proper under Rule 15(d) as Scientific Games did not publicly reveal the Screenplay embodiment until after the Complaint was filed. Ingenio pursued this amendment as soon as Counsel had a good faith basis to make an infringement claim.

[remainder of page left intentionally blank]

## CONCLUSION

The Court should grant Ingenio's motion for leave to file its First Amended Complaint. The proposed amended complaint will not delay the conduct of this action, and Scientific Games will not suffer any unfair prejudice. In addition, judicial economy will be served by allowing the question of willful infringement for the Screenplay embodiment to be decided in connection the action already underway related to the Game Logic product due to overlapping issues of validity, claim interpretation and willfulness.

Dated: November 10, 2005

Respectfully submitted,

THE BAYARD FIRM

By: /s/ Thomas H. Kovach
Edmond M. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone (302) 655-5000
Facsimile (302) 658-6395

Attorneys for Plaintiff Ingenio, Filiale De Loto-Quebec, Inc.

OF COUNSEL:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
Telephone (202) 955-1500
Facsimile (202) 778-2201

## CERTIFICATE OF SERVICE

I, Thomas Kovach, hereby certify that on the 10th day of November, 2005, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available to viewing and downloading from CM/ECF:

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Jack B. Blumenfeld
Rodger D. Smith
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

I hereby also certify that on November 10, 2005, I have send the following documents to the following non-registered participants:

Gary Hnath, Esq.
Susan Baker Manning, Esq.
Bingham McCutchen LLP
Suite 800
1120 20th Street, NW
Washington, DC 20036

By: /s/ Thomas H. Kovach
    Edmond M. Johnson (No. 2257)
    Thomas H. Kovach (No. 3964)
    The Bayard Firm
    222 Delaware Avenue, Suite 900
    Wilmington, DE 19801

608355v1