# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INGENIO, FILIALE DE LOTO-<br>QUEBEC, INC. | ) ) ) | CIVIL ACTION NO. 04-1532 (KAJ) |
|       Plaintiff, | ) ) | |
|       v. | ) ) | |
| GAMELOGIC, INC. AND<br>SCIENTIFIC GAMES CORPORATION<br>      Defendants. | ) ) ) | JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

1.     Plaintiff INGENIO, FILIALE DE LOTO-QUEBEC, INC. ("Ingenio" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendant GAMELOGIC, INC., ("GameLogic") and Defendant SCIENTIFIC GAMES CORPORATION ("Scientific Games") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 5,569,082 (the "'082 Patent") entitled "Personal Computer Lottery Game" and United States Patent No. 5,709,603 (the "'603 Patent") also entitled "Personal Computer Lottery Game." Copies of these patents are attached as Exhibits A and B, respectively.  Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's patents.  In addition,

Plaintiff seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3.    This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in computer based lottery games.

## THE PARTIES

4.    Plaintiff Ingenio is a Quebec corporation organized and existing under the laws of Quebec and having its principal place of business at 500 Sherbrooke Street West, Montreal, Quebec, Canada H3A 3G6.

5.    Plaintiff Ingenio is the lawful assignee of all right, title and interest in and to the '082 Patent and the '603 Patent (collectively, "the Computer Lottery Game Patents"). The Computer Lottery Game Patents were lawfully issued in the name of Perry Kaye as the sole named inventor.

6.    Plaintiff Ingenio is in the business of designing and developing computer based lottery games.

7.    GameLogic is a corporation organized and existing under the laws of the State of Delaware, and maintains a place of business at 139 Main St., 5th Floor, Cambridge, Massachusetts 02142.

8.    Scientific Games is a corporation organized and existing under the laws of the State of Delaware, and maintains a place of business at 750 Lexington Ave., New York, New York 10022. GameLogic and Scientific Games have formed a joint venture that makes, sells, or offers to sell a computer based lottery game known as HomePlay™.

In addition, Scientific Games has begun making, selling and/or offering for sale a computer based lottery game known as Screenplay.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Defendant GameLogic is subject to personal jurisdiction in the State of Delaware because it is a Delaware corporation.

11.     Defendant Scientific Games is subject to personal jurisdiction in the State of Delaware because it is a Delaware corporation.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) for at least the reasons that the Defendants are subject to personal jurisdiction in this district and that the Defendants reside in this district.

## FACTUAL BACKGROUND

13.     The '082 Patent and the '603 Patent are directed to systems and methods for playing a player-interactive lottery type game involving a gaming piece that includes a predetermined code indicating whether the player wins or loses an amusement game and a lottery-type game.

14.     Scientific Games has known about the '082 Patent and '603 Patent since at least May 26, 2000.  Further, Ingenio again advised Scientific Games of the issued '082 Patent and the '603 Patent in the context of the HomePlay[TM] game no later than October, 2004.  Ingenio also informed GameLogic of the issued '082 Patent and the '603 Patent in the context of the HomePlay[TM] game no later than October, 2004.  Ingenio informed Scientific Games that it believes the Screenplay game violates one or more claims of the

'082 Patent or '603 Patent in the context of its request that Scientific Games agree to this amendment to the Complaint.

15.    Defendants market, make, use and/or sell computer based lottery games, systems and/or components thereof that directly infringe, contributorily infringe, induce others to infringe, or are used to practice processes that infringe, one or more claims of the Computer Lottery Game Patents. The infringing Defendants' products or systems include, without limitation, a computer based lottery game product currently known as HomePlay™ and a product currently known as Screenplay (the "Defendants' Products"). Defendants' Products enable[s] users to purchase a ticket or gaming piece comprising an identification code. The code is a ticket identifier, used to gain access to an online game system, and correlates to a database entry comprising a win/loss result.

16.    Plaintiff has been irreparably harmed by Defendants' infringement of its valuable patent rights. Moreover, Defendants' unauthorized, infringing use of Plaintiff's patented systems and methods has threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

17.    Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property. Defendants will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use. Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I

### (Patent Infringement of United States Patent No. 5,569,082)

18.    Paragraphs 1 through 17 are incorporated by reference as if fully restated herein.

19.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe, one or more of the claims of the '082 Patent.

20.    Defendants have been and continue infringing one or more of the claims of the '082 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

21.    Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Patent Infringement of United States Patent No. 5,709,603)

22.    Paragraphs 1 through 21 are incorporated by reference as if fully restated herein.

23.    Defendants make, use, sell, and offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe, one or more of the claims of the '603 Patent.

24.    Defendants have been and continue infringing one or more of the claims of the '603 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

25.    Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III

### (Willful Patent Infringement of United States Patent No. 5,569,082)

26.    Paragraphs 1 through 25 are incorporated by reference as if fully restated herein.

27.    Ingenio has previously informed Defendants of the '082 Patent and the relevance of this patent to Defendants' ongoing business operations. Defendants were made aware of these facts no later than October 2004. Moreover, Scientific Games has known about the '082 Patent since at least May 26, 2000. Notwithstanding Defendants' knowledge of the '082 Patent, Defendants have continued their infringement. Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '082 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law.

28.    Ingenio is entitled to recover damages adequate to compensate for the infringement of the '082 Patent, as well as additional damages for willful infringement.

## COUNT IV

### (Willful Patent Infringement of United States Patent No. 5,709,603)

29.     Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30.     Ingenio has previously informed Defendants of the '603 Patent and the relevance of this patent to Defendants' ongoing business operations.  Defendants were made aware of these facts no later than October 2004.  Moreover, Scientific Games has known about the '603 Patent since at least May 26, 2000.  Notwithstanding Defendants' knowledge of the '603 Patent, Defendants have continued their infringement.  Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '603 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, Plaintiff is without adequate remedy at law.

31.     Ingenio is entitled to recover damages adequate to compensate for the infringement of the '603 Patent, as well as additional damages for willful infringement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, granting Plaintiff the following relief:

A.     That this Court adjudge and decree that the '082 Patent is valid and enforceable against Defendants and that the '603 Patent is valid and enforceable against Defendants;

B.     That this Court adjudge and decree that Defendants have infringed the '082 Patent and the '603 Patent;

C.    That this Court enter judgment that Defendants knowingly and willfully engaged in such infringement;

D.    That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Computer Lottery Game Patents, or otherwise engaging in acts of infringement of the Computer Lottery Game Patents, all as alleged herein;

E.    That this Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Defendants' infringement;

F.    That this Court enter an award to Plaintiff of such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

G.    That this Court order an award to Ingenio of three times the amount of compensatory damages because of Defendants' willful infringement;

H.    That this Court render a finding that this case is "exceptional" and award to Ingenio its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

I.    Grant to Plaintiff such other, further, and different relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury

pursuant to FED. R. CIV. P. 38.

Dated: November 10, 2005                THE BAYARD FIRM

                                        By: _____
                                            Edmond D. Johnson (No. 2257)
                                            Thomas H. Kovach (No. 3964)
                                            222 Delaware Avenue
                                            Suite 900
                                            Wilmington, DE  19801
                                            (302) 655-5000

                                            Counsel for Plaintiff
                                            Ingenio, Filiale De Loto-Quebec, Inc.

Of Counsel:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201