IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INGENIO, FILIALE DE LOTO-QUEBEC,
INC.

      Plaintiff,

v.                                                 Civil Action No. 04-1532 (KAJ)

GAMELOGIC, INC. AND
SCIENTIFIC GAMES CORPORATION

      Defendants.

PLAINTIFF INGENIO'S OPPOSITION TO
DEFENDANT GAMELOGIC'S MOTION FOR LEAVE TO FILE
AN AMENDED ANSWER AND COUNTERCLAIM

                                              THE BAYARD FIRM

                                              Edmond D. Johnson (Del. Bar No. 2257)
                                              Thomas H. Kovach (Del. Bar No. 3964)
                                              222 Delaware Avenue, Suite 900
                                              P.O. Box 25130
                                              Wilmington, DE 19899
                                              Telephone (302) 655-5000

                                              Attorneys for Plaintiff Ingenio, Filiale de
                                              Loto-Quebec, Inc.

OF COUNSEL:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
Telephone (202) 955-1500

Dated: November 15, 2005

608672v1

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...............................................................................................................1

STATEMENT OF FACTS ..................................................................................................2

      A.     Ingenio Is Diligent In Pursuing Its Claims ................................................2

      B.     Ingenio Is Actively Enforcing its Rights Against GameLogic and Others ................................................................................3

ARGUMENT.......................................................................................................................4

      I.     LEGAL STANDARD..................................................................................4

      II.    GAMELOGIC'S MOTION TO AMEND ITS ANSWER AND COUNTERCLAIMS IS FUTILE.........................................................4

           A.     GameLogic Has Failed To Alleged Sufficient Facts To Support An Abuse Of Process Claim ..........................................5

           B.     GameLogic Has Failed To Allege Sufficient Facts To Support An Unfair Competition Claim ......................................7

CONCLUSION....................................................................................................................9

608672v1

# TABLE OF AUTHORITIES

Page

Cases

*Airtex Corp. v. Shelly Radiant Ceiling Co.*,
536 F.2d 145 (7th Cir. 1976) ............................................................................................ 8

*Allen v. Howmedica Leibinger, Inc.*,
197 F. Supp. 2d 101 (D. Del. 2002) .................................................................................. 7

*Bayer AG v. Sony Electronics, Inc., et al.*,
229 F. Supp. 2d 332 (D. Del. 2002) .................................................................................. 5

*Boothroyd Dewhurst, Inc. v. Poli*,
783 F. Supp. 670 (D. Mass. 1991) .................................................................................... 8

*Bowers v. Baystate Tech. Inc.*,
101 F. Supp. 2d 53 (D. Mass. 2000) ............................................................................. 7, 8

*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*,
295 F. Supp. 2d 430 (D. Del. 2003) .................................................................................. 4

*Concrete Unlimited Inc. v. Cementcraft, Inc.*,
776 F.2d 1537 (Fed. Cir. 1985) ........................................................................................ 6

*Davidson, et al. v. Cao, et al.*,
211 F. Supp. 2d 264 (D. Mass. 2002) ............................................................................... 5

*Feinman v. Bank of Delaware*,
728 F. Supp. 1105 (D. Del),
*aff'd*, 909 F.2d 1475 (3d Cir. 1990) .................................................................................. 5

*GFI, Inc. v. Bean Station Furniture*,
286 F. Supp. 2d 663 (M.D.N.C. 2003) ............................................................................. 6

*Golan v. Pingel Enterprise, Inc.*,
310 F.3d 1360 (Fed. Cir. 2002) ........................................................................................ 5

*S.W. Farber, Inc. v. Texas Inst., Inc.*,
230 F. Supp. 883 (D. Del. 1964) ...................................................................................... 7

*Scosche Industries, Inc. v. Visor Gear Inc.*,
121 F.3d 675 (Fed. Cir. 1997) .......................................................................................... 5

*Site Microsurgical Systems, Inc. v. Cooper Companies, Inc.*,
797 F. Supp. 333 (D. Del. 1992) ...................................................................................... 4

*Stadium Mfg. Co., Inc. v. Plymouth Pajama Corp.*,
   24 F. Supp. 779 (D. Mass. 1937) ............................................................................ 5, 6, 7, 8

*Zephyr American Corp. v. Bates Mfg. Co., et al.*,
   128 F.2d 380 (3d Cir. 1942) ............................................................................................ 7

<u>Statutes</u>

MASS. GEN. LAWS ch. 93A, § 11 ............................................................................................ 7, 8

35 U.S.C. § 271 ............................................................................................................................ 6

35 U.S.C. § 282 ............................................................................................................................ 6

35 U.S.C. § 287 ............................................................................................................................ 6

35 U.S.C. § 290 ............................................................................................................................ 6

<u>Rules</u>

FED. R. CIV. P. 12(b)(6) ..................................................................................................... 4, 7, 9

FED. R. CIV. P. 15 ........................................................................................................................ 4

Plaintiff Ingenio, Filiale de Loto-Quebec, Inc. ("Ingenio") requests that the Court deny Defendant GameLogic, Inc.'s ("GameLogic") Motion For Leave To File Amended Answer and Counterclaim alleging Massachusetts state law causes of action against Ingenio for abuse of process and unfair competition.

## INTRODUCTION

GameLogic's Motion For Leave To File Amended Answer And Counterclaim should be denied because it is futile. GameLogic seeks to add Massachusetts state law counterclaims against Ingenio for alleged abuse of process and unfair competition. While it is doubtful that Massachusetts law should apply to the facts alleged, GameLogic's counterclaims are futile even under Massachusetts law because they fail to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

A.   <u>Ingenio Is Diligent In Pursuing Its Claims</u>

Ingenio filed this action for patent infringement on December 20, 2004, and served GameLogic and co-defendant Scientific Games Corporation ("Scientific Games") (collectively, "defendants") shortly thereafter. In its Complaint, Ingenio alleged that Scientific Games was working with GameLogic to make, sell and/or offer for sale computer based lottery games, systems and/or components thereof (called "HomePlay") that infringe Ingenio's U.S. Patent No. 5,569,082 ("the '082 patent") and U.S. Patent No. 5,709,603 ("the '603 patent") (collectively, "the Ingenio Patents"). Contrary to GameLogic's apparent belief, this suit is still pending and proceeding according to the Scheduling Order entered on March 28, 2004. Ingenio has not "done next to nothing" nor is it "content to let the case hang over GameLogic without actually pursuing its claims."

In fact, Ingenio has proceeded throughout in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order. For example, Ingenio served its Rule 26(a) disclosures on April 4, 2005, within the time period set forth in the Scheduling Order, Ingenio served initial discovery requests on April 15, 2005, well within the period for discovery that is not set to end until *March 31, 2006* and, Ingenio served its response to defendants' discovery requests in early June 2005 (consisting of over 7,200 pages of documents) within the mutually agreed upon time period. *See* attached Exhibit A, May 3, 2005 Letter from B. Buroker to S. Baker-Manning. While it is evident that GameLogic desires to pursue a hastier schedule (as demonstrated by its attempt to circumvent this Court's rules by filing a Motion For Summary Judgment just prior to the scheduling conference because it knew that this

608672v1

2

Court's ordinary Scheduling Order would not have permitted the submission until some 13 months later), Ingenio's desire to follow the rules and time periods set forth by the Court cannot be construed as a refusal to pursue the suit.

Furthermore, in pursuit of the ultimate best use of the Court's valuable resources, Ingenio has actively pursued alternate means of resolution. Specifically, Ingenio elected to try to resolve this dispute with defendants through private discussions as well as active participation in the Court's mediation. Now that it appears that mediation has not resolved this dispute, the parties have discussed what each party wants from the other in terms of discovery over the next few months.

B.  <u>Ingenio Is Actively Enforcing its Rights Against GameLogic and Others</u>

GameLogic's suggestion that Ingenio has not been actively pursuing its patent rights for a proper purpose belies the facts. This case is the second action brought by Ingenio to enforce its patent rights. The first, also brought in this Court, was filed by Ingenio against GTech Corporation. The GTech suit has recently been settled with GTech obtaining certain limited rights under the Ingenio Patents in exchange for monetary and other valuable consideration. Ingenio believed that GTech was violating its patent rights and brought that suit to seek proper redress for that wrong. The resulting settlement certainly demonstrates that Ingenio's goal in protecting its rights was achieved.

Similarly, Ingenio brought this suit believing that GameLogic and Scientific Games were violating those same patent rights. Just a few days ago, Ingenio filed a motion with this Court seeking leave to amend its complaint because it has learned that Scientific Games is violating the Ingenio Patents with yet another product offering. These are not the actions of a party with an ulterior motive.

608672v1

3

ARGUMENT

I. LEGAL STANDARD

An amendment under Federal Rule of Civil Procedure 15, "should not be permitted if countervailing considerations exist such as … futility." *Site Microsurgical Systems, Inc. v. Cooper Companies, Inc.*, 797 F. Supp. 333, 336 (D. Del. 1992). An amendment will be considered futile if it cannot withstand a motion to dismiss. *Id.* In analyzing a motion to dismiss for failure to state a claim for which relief can be granted (Fed .R. Civ. P. 12(b)(6)), the Court must accept as true all material allegations in the counterclaim and it must construe the counterclaim in favor of the counterclaimant. *See Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F. Supp. 2d 430, 435 (D. Del. 2003). The counterclaim should be dismissed if no relief could be granted under any set of facts consistent with the allegations in the counterclaim. *Id.*

II. GAMELOGIC'S MOTION TO AMEND ITS ANSWER AND COUNTERCLAIMS IS FUTILE

GameLogic proposes two causes of action stemming from the same alleged facts: a Massachusetts abuse of process claim and a Massachusetts unfair competition claim. The alleged facts are as follows: that GameLogic was trying to close a deal with a prospective customer (the Illinois Lottery), that Ingenio, or someone acting on behalf of Ingenio, informed the prospective customer of the "mere fact" of the existence of the present suit and that, upon learning of the present suit, the prospective customer would not go forward with the proposed deal. Even when accepting as true and construing them favorably for GameLogic, these facts do not support either an abuse of process claim or an unfair competition claim.

A.  GameLogic Has Failed To Alleged Sufficient Facts To Support An Abuse Of Process Claim

Under Massachusetts common law,[1] the essential elements of an abuse of process claim are that: "(1) process was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." *Davidson, et al. v. Cao, et al.*, 211 F. Supp. 2d 264, 287 (D. Mass. 2002). "An ulterior or illegitimate purpose consists of using process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." *Id.* (internal quotations removed).

Construing the alleged facts most favorably for GameLogic and accepting them as true, at most GameLogic has alleged that Ingenio notified a potential GameLogic customer of the "mere existence" of the present suit. This is an entirely legitimate and statutorily mandated right available to Ingenio as a patent owner under Massachusetts law. A patentee "has a right to notify customers of an alleged infringing manufacturer or dealer ...." *Stadium Mfg. Co., Inc. v. Plymouth Pajama Corp.*, 24 F. Supp. 779, 780 (D. Mass. 1937). Indeed, most courts have found such a right because a patent infringement suit is a matter of public record. *See Bayer AG v. Sony Electronics, Inc., et al.*, 229 F. Supp. 2d 332, 368 (D. Del. 2002) (quoting *Feinman v. Bank of Delaware*, 728 F. Supp. 1105, 1115 (D. Del), *aff'd*, 909 F.2d 1475 (3d Cir. 1990) ("[a]s the owner of a presumptively valid patent, [the patent owner is] entitled to pursue litigation to defend its patent.")); *Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1370-71 (Fed. Cir. 2002); *Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (Fed. Cir. 1997);

---

[1] Given that GameLogic's allegation is based on actions with the Illinois lottery and related to a suit pending in Delaware, there is a significant question why Massachusetts law would be the appropriate law to apply.

*Concrete Unlimited Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985); *GFI, Inc. v. Bean Station Furniture*, 286 F. Supp. 2d 663, 665 (M.D.N.C. 2003).

The Ingenio Patents are presumed valid and enforceable. 35 U.S.C. § 282. As such, Ingenio has the right to exclude others from making, using, selling or offering to sell the patented technology. 35 U.S.C. § 271. As a condition precedent to collecting damages and other remedies, Ingenio is obligated to provide notice of its patent rights to infringers and potential infringers. 35 U.S.C. § 287. Furthermore, the clerk of this Court is required to notify the Director of the U.S. Patent and Trademark Office of this suit so that the Director may inform the public of the suit by placing the notification in the public patent file. 35 U.S.C. § 290. Since the fact of a patent infringement suit is a matter of public record, a patentee has every right to make statements containing that public fact. *See, e.g. Stadium Mfg. Co.*, 24 F. Supp. at 780. Therefore, under no circumstances can the alleged "mere notification of the present suit" to anyone be construed as an ulterior or illegitimate purpose.

Importantly, GameLogic has not, nor could it, allege that Ingenio lacks a good faith basis for the underlying suit. Ingenio's settlement with GTech validates Ingenio's intention in bringing these patent infringement suits -- protection of its valuable intellectual property.[2] Even if it were true that Ingenio or someone acting on its behalf told the Illinois Lottery about the public fact of this suit and Illinois decided not to deal

---

[2]    In addition, all of the major systems suppliers to the United States lottery industry have entered into one or more agreements with Ingenio to gain access to some rights under the Ingenio Patents, including Oberthur Gaming Technologies, Inc., Scientific Games, Inc., Pollard, Ltd., and now, GTech Corporation. The primary motivating factor behind Ingenio's suit against GameLogic and Scientific Games here was the similarity between the un-licensed HomePlay product they were offering and the various games being offered by Ingenio's licensees.

608672v1

with GameLogic as a result (as alleged), that is a merely a consequence of a good faith allegation of patent infringement, as the Massachusetts district court in *Stadium Mfg. Co.* recognized.

Therefore, as GameLogic has not alleged any facts that would support a finding that the present process was used for an ulterior or illegitimate purpose, the counterclaim would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

B.   GameLogic Has Failed To Allege Sufficient Facts To Support An Unfair Competition Claim

Massachusetts General Law Ch. 93A "declares 'unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce' to be unlawful." *Bowers v. Baystate Tech. Inc.*, 101 F. Supp. 2d 53, 54 (D. Mass. 2000). The statute provides protection for non-consumer complainants under Mass. Gen. Laws ch. 93A, § 11. *Id.* "To prevail in a Section 11 action, a claimant must prove that a person who is engaged in trade or business committed an unfair or deceptive trade practice and that the claimant suffered a loss of money or property as a result." *Id.* "The standard for determining whether conduct in a transaction between two businesses is unfair and deceptive is whether such conduct reaches 'a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.'" *Id.* at 55.[3]

---

[3]   In the Third Circuit "[t]he rule generally has been stated to be that 'a notice warning the public or specific dealers or users of a suit for patent infringement is not actionable unless it appears that the notices were not given in good faith, or that they were entirely without foundation in the scope of the [patentee's] patent." *Zephyr American Corp. v. Bates Mfg. Co., et al.*, 128 F.2d 380 (3d Cir. 1942). *See also Allen v. Howmedica Leibinger, Inc.*, 197 F. Supp. 2d 101, 110 (D. Del. 2002); *S.W. Farber, Inc. v. Texas Inst., Inc.*, 230 F. Supp. 883, 892 (D. Del. 1964). Thus, the alleged facts do not support a claim of unfair competition in this district either.

608672v1

Again, taken most favorably for GameLogic, the allegations to support this claim are that Ingenio contacted a potential customer of GameLogic and notified them of the existence of the suit. However, the patentee "has a right to notify customers of an alleged infringing manufacturer or dealer ...." *Stadium Mfg. Co.*, 24 F. Supp. at 780(D. Mass. 1937). "Notices to the competitor that he is infringing, and perhaps to the manufacturer for the competitor, and to a limited number of his chief customers, are the normal procedure and not to be condemned, when characterized by good faith." *Id.* "[I]f a plaintiff had a sound basis for its [copyright] infringement suit, it was justified in sending out the relatively restrained notices [to potential customers] which form the basis of the defendant's chapter 93A counterclaim." *Boothroyd Dewhurst, Inc. v. Poli*, 783 F. Supp. 670, 678 (D. Mass. 1991); *see also Airtex Corp. v. Shelly Radiant Ceiling Co.*, 536 F.2d 145, 155-56 (7th Cir. 1976) (no unfair competition when party which has good faith belief that patent is being infringed mails notices of infringement to infringer's customers).

Here, Ingenio has an objectively reasonable and good faith belief for its allegations of patent infringement. Furthermore, the alleged facts would only show that Ingenio engaged in the normal, fair, and rightful procedure and notified a single potential customer of the existence of the suit. This is not unfair competition under section 93A. *Bowers*, 101 F. Supp. 2d at 55.

CONCLUSION

The Court should deny GameLogic's motion for leave to file its Amended Answer and Counterclaim. The proposed counterclaims cannot withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because they fail to state a claim for which relief can be granted. Because GameLogic cannot be granted relief for Ingenio's alleged actions, the counterclaims are futile and the motion to amend should be denied.

Dated: November 15, 2005                THE BAYARD FIRM


                                        By: /s/ Edmond D. Johnson (EJ2257)
                                            Edmond D. Johnson (Del. Bar No. 2257)
                                            Thomas H. Kovach (Del. Bar No. 3964)
                                            222 Delaware Avenue, Suite 900
                                            Wilmington, DE 19801
                                            Telephone (302) 655-5000

                                            Attorneys for Plaintiff Ingenio, Filiale de
                                            Loto-Quebec, Inc.


OF COUNSEL:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
Telephone (202) 955-1500

608672v1

9

# EXHIBIT A



**Hunton & Williams**

HUNTON & WILLIAMS LLP
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1109

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

BRIAN M. BUROKER
DIRECT DIAL: 202-955-1894
EMAIL:  bburoker@hunton.com

May 3, 2005

FILE NO: 64488.000004

**Via Email/PDF Format**

Susan Baker Manning
Bingham McCutchen LLP
1120 20th Street, NW; Suite 800
Washington, DC 20036

Re:   Ingenio, Filiale de Loto-Quebec v. GameLogic, Inc., et al.

Dear Susan:

We appreciate GameLogic's and Scientific Game's willingness to adjust the schedule for response to the current deadlines for each party to respond to written discovery requests.

Each party is granted a three week extension of time to respond (including providing any objections) to the first set of Requests for Production of Documents and Things and Interrogatories served by its opposing party with the following exceptions:

1)   GameLogic and Scientific Games must respond (including any objections) to Interrogatory No. 2 propounded by Ingenio according to the timing specified under the Federal Rules; and

2)   Ingenio must respond to Interrogatory Nos. 1-6 (including any objections) propounded by GameLogic according to the timing specified under the Federal Rules.

If my understanding of our agreement is incorrect in any way, please let me know.

Sincerely,

Brian M. Buroker

cc:   Gary Hnath, Esq.
      Jack Blumenfeld, Esq.

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on the 15th day of November, 2005, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

Jack B. Blumenfeld
Rodger D. Smith
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

I hereby also certify that on November 15, 2005, I have sent the following documents to the following non-registered participants:

Gary Hnath, Esq.
Susan Baker Manning, Esq.
Bingham McCutchen LLP
Suite 800
1120 20th Street, NW
Washington, DC 20036

By: /s/ Edmond D. Johnson (EJ2257)
    Edmond D. Johnson (Del. Bar No. 2257)

608672v1