**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INGENIO, FILIALE DE LOTO-QUEBEC, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-1532 (KAJ) |
| GAMELOGIC, INC. and SCIENTIFIC GAMES CORPORATION, | ) | |
| Defendants. | ) | |

**NOTICE OF SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure defendant GameLogic, Inc. has issued a subpoena duces tecum with accompanying document requests (attached hereto), which has been or will be served, on Keeper of Records, Loto-Quebec, 500 Sherbrooke Street West, Montreal, Quebec H3A 3G6, Canada. The notice of subpoena (attached hereto) was served on November 2, 2005, on the following counsel of record in the manner indicated:

**VIA FEDERAL EXPRESS**

Edmond D. Johnson
Thomas H. Kovach
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Jack B. Blumenfeld
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Gary M. Hnath
Susan Baker Manning
Star-shemaah Bobatoon
BINGHAM MCCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC 10036
(202) 778-6150

Dated: November 22, 2005
708548

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant GameLogic, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INGENIO, FILIALE DE LOTO-QUEBEC, INC., Plaintiff, v. GAMELOGIC, INC. and SCIENTIFIC GAMES CORPORATION, Defendants. | Civil Action No. 04-1532 (KAJ) |

**NOTICE OF SUBPOENA ISSUANCE TO
LOTO-QUÉBEC**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Federal Rules of Civil Procedure 26, 34 and 45, GameLogic, Inc. has issued the attached subpoena to Loto-Québec.

DATED: November 2, 2005

BINGHAM McCUTCHEN LLP

By: ______________________

Gary Hnath
Susan Baker Manning
David M. Magee
BINGHAM McCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC 20036-3406
Telephone: (202) 778-6150
Facsimile: (202) 778-6155

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

CERTIFICATE OF SERVICE

I. David M. Magee, hereby certify that on November 2, 2005, a true and correct copy of the within document was caused to be served on the attorney of record at the following addresses as indicated:

VIA FEDEX

Edmund D. Johnson
Thomas H. Kovach
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Jack Blumenfeld
Roger D. Smith
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006

David M. Magee

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

**Issued by the**
**UNITED STATES DISTRICT COURT**

DISTRICT OF DELAWARE

INGENIO, FILIALE DE LOTO-QUEBEC, INC.,
Plaintiff,

V.

GAMELOGIC, INC. and SCIENTIFIC GAMES CORPORATION,
Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] D. DEL. 04-1532 (KAJ)

TO: Keeper of Records
Loto-Québec
500 Sherbrooke Street West
Montreal. Québec H3A 3G6. Canada

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Susan Baker Manning, Attorney for GameLogic, Inc., Bingham McCutchen LLP 1120 20th Street NW, Suite 800; Washington DC 20036 | November 14, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Susan Baker Manning Attorney for Defendant, GameLogic, Inc. | November 1, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Susan Baker Manning, Bingham McCutchen LLP
1120 20th Street NW, Suite 800; Washington DC 20036 Tel: 202.778.6172

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant GameLogic Inc. requests that Loto-Québec identify, produce and permit the inspection and copying of the documents and things listed below.

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise indicated the following definitions shall apply to each of the Subpoena Requests for Production below:

A. The term "***Ingenio***" shall mean and include plaintiff Ingenio, Filiale de Loto-Quebec, Inc., as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, and all ***persons*** (as defined below) acting on its behalf including, but not limited to, present and former officers, directors, employees, attorneys, agents, business advisors, lobbyists and representatives thereof.

B. The term "***Loto-Québec***" shall mean and include Loto-Québec, Inc., as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, and all ***persons*** (as defined below) acting on its behalf including, but not limited to, present and former officers, directors, employees, attorneys, agents and representatives thereof.

C. The term "***OGT***" shall mean and include Oberthur Gaming Technologies Corp., as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, and all ***persons*** (as defined below) acting on its behalf including, but not limited to, present and former officers, directors, employees, attorneys, agents, business advisors, lobbyists and representatives thereof.

D. The term "***person***" refers to a natural person, corporation, or other business, legal or governmental entity or association.

E. The term "***document***" shall have the meaning and scope ascribed to it under Federal Rule of Civil Procedure 34, and includes anything coming within the definition of "writings" and "recordings" in Federal Rule of Evidence 1001, including but

not limited to electronically stored files or data. A draft or non-identical copy is a separate document within the meaning of this term.

F. The term "*patents-in-suit*" as used herein refers to United States Patent No. 5,569,082 ("the '082 patent") and the U.S. patent application(s) upon which the '082 patent is based; and United States Patent No. 5,709,603 ("the '603 patent") and the U.S. patent application(s) upon which the '603 patent is based.

G. The term "*communication*" refers to all forms of information exchanges, whether written, oral, telephonic, facsimile, electronic, or by any other mode of transmission.

H. The term "*related to*" shall mean, without limitation, concerning, referring, constituting, containing, embodying, identifying, stating, or being in any other way relevant to the particular subject matter identified.

I. "Any" or "each" shall be understood to include and encompass "all." "Or" shall be understood to include and encompass "and"; "and" shall be understood to include and encompass "or." The plural of any word shall be construed as the singular, and vice versa, as necessary, in order to bring within the scope of these Requests for Production any information, documents, or things that might otherwise be construed to be outside their scope.

J. Documents shall be produced either as kept in the usual course of business or shall be organized and labeled to correspond with the number of each request to which a produced document is responsive. If you choose to produce documents as they are as kept in the usual course of business, the documents are to be produced in the boxes, file folders, bindings, and other containers in which the documents are found. The titles, labels, and other descriptions on the boxes, file folders, bindings, and other containers are to be left intact.

K. If you claim any form of privilege as a ground for not producing or for redacting any document, provide the following information for each document

withheld or redacted: (1) the document's preparation date and the date appearing on the document; (2) the name, present and last known home and business addresses, the telephone numbers, the title (and position), and the occupation of those individuals who prepared, produced, and reproduced, and who were the recipients of said document; (3) the number of pages withheld; and (4) a description sufficient to identify the document without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes).

L. If only a portion of a responsive document is privileged or otherwise protected against disclosure, you must produce the responsive non-privileged portion of the document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege stated as provided in instruction K above.

M. Each requested document is to be produced in its entirety without deletion and excision (except as qualified by instructions K and L above), regardless of whether you consider the entire document to be relevant or responsive to these Subpoena Requests for Production.

N. For those produced documents that are not in the English language, please produce English translations thereof.

O. Pursuant to Federal Rule of Civil Procedure Rule 26(e), your responses to the following Requests for Production are to be promptly supplemented to include any subsequently acquired documents and information.

**MATERIALS TO BE PRODUCED**

SUBPOENA REQUEST FOR PRODUCTION NO. 1.

All ***documents related to*** any ***communication*** between ***Ingenio*** and the Maryland State Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 2.

All ***documents related to*** any ***communication*** between ***Loto-Québec*** and the Maryland State Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 3.

All ***documents related to*** any ***communication*** between ***OGT*** and the Maryland State Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services. The ***documents*** called for by this Subpoena Request for Production shall be understood to include, but not be limited to, ***documents related to*** any ***communication*** between James Nulph, Carla Shaefer, or Diane Connell and the Maryland State Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 4.

All ***documents related to*** any ***communication*** between Rifkin Livingston Levitan & Silver LLC, Michael V. Johansen, Scott Livingston, Alan M. Rifkin, or Joel D. Rozner and the Maryland State Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 5.

All ***documents related to*** any ***communication*** between any ***person*** and the Maryland State Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 6.

All ***documents related to*** any ***communication*** between any ***person*** (including, but not limited to, ***Ingenio***, ***Loto-Québec***, ***OGT***, James Nulph, Carla Shaefer, Diane Connell, Rifkin Livingston Levitan & Silver LLC, Michael V. Johansen, Scott

Livingston, Alan M. Rifkin, or Joel D. Rozner) and any Maryland State official or employee who the ***person*** has reason to believe may participate in or influence the business of the Maryland State Lottery.

SUBPOENA REQUEST FOR PRODUCTION NO. 7.

All ***documents related to*** any ***communication related to*** both (1) the Maryland State Lottery Agency, and (2) the ***patents-in-suit***, GameLogic, or GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 8.

All ***documents related to*** any ***communication*** between ***Ingenio*** and the Illinois Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 9.

All ***documents related to*** any ***communication*** between ***Loto-Québec*** and the Illinois Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 10.

All ***documents related to*** any ***communication*** between ***OGT*** and the Illinois Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services. The ***documents*** called for by this subpoena Request for Production shall be understood to include, but not be limited to, ***documents related to*** any ***communication*** between James Nulph, Carla Shaefer, or Art Kiuttu and the Illinois Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 11.

All ***documents related to*** any ***communication*** between any ***person*** and the Illinois Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 12.

All ***documents related to*** any ***communication*** between any ***person*** (including,, but not limited to, ***Ingenio***, ***Loto-Québec***, ***OGT***, James Nulph, Carla Shaefer, or Art Kiuttu) and any Illinois State official or employee who the ***person*** has reason to believe may participate in or influence the business of the Illinois Lottery.

SUBPOENA REQUEST FOR PRODUCTION NO. 13.

All ***documents related to*** any ***communication related to*** both (1) the Illinois Lottery, and (2) the ***patents-in-suit***, GameLogic, or GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 14.

All ***documents related to*** any ***communication*** between ***Ingenio*** and the Oregon Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 15.

All ***documents related to*** any ***communication*** between ***Loto-Québec*** and the Oregon Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 16.

All ***documents related to*** any ***communication*** between ***OGT*** and the Oregon Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products

and services. The ***documents*** called for by this subpoena Request for Production shall be understood to include, but not be limited to, ***documents related to*** any ***communication*** between James Nulph or Carla Shaefer and the Oregon Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 17.

All ***documents related to*** any ***communication*** between any ***person*** and the Oregon Lottery ***related to*** the ***patents-in-suit***, to GameLogic, or to GameLogic's products and services.

SUBPOENA REQUEST FOR PRODUCTION NO. 18.

All ***documents related to*** any ***communication*** between any ***person*** (including, but not limited to, ***Ingenio***, ***Loto-Québec***, ***OGT***, James Nulph, or Carla Shaefer) and any Oregon State official or employee who the ***person*** has reason to believe may participate in or influence the business of the Oregon Lottery.

SUBPOENA REQUEST FOR PRODUCTION NO. 19.

All ***documents related to*** any ***communication related to*** both (1) the Oregon Lottery, and (2) the ***patents-in-suit***, GameLogic, or GameLogic's products and services.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 22, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Edmond D. Johnson
Thomas H. Kovach
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Jack B. Blumenfeld
Roger D. Smith
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on November 22, 2005, I have Federal Expressed the documents to the following non-registered participants:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672965