## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INGENIO, FILIALE DE LOTO-QUEBEC, INC.,

Plaintiff,

v.

GAMELOGIC, INC. and SCIENTIFIC GAMES
CORPORATION,

Defendants.

C.A. No. 04-1532 (KAJ)

## DEFENDANT GAMELOGIC, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS

Ingenio opposes GameLogic's Motion for Leave to Amend Answer and Counterclaims (D.I. 49) by merely arguing that it will prevail on GameLogic's proposed asserted counterclaims. Although it tries to shoehorn its argument into the "futility" category, Ingenio goes to great lengths to argue that—on the very limited facts available today—its conduct does not constitute abuse of process or unfair competition. This is irrelevant to the issue at hand.

GameLogic does not have to prove its case in order to bring its claims. All GameLogic has to do is allege facts sufficient to state a claim—which it has done. The Court should reject Ingenio's effort to throw up procedural roadblocks and allow the parties to move forward on GameLogic's abuse of process and unfair competition counterclaims. Once the parties have developed a full factual record, it will be up to the jury to decide these claims on the merits.[1]

---

[1]    GameLogic has, as Ingenio notes, filed for summary judgment, which could dispose of Ingenio's claims against it at any time. Contrary to Ingenio's assertion in its Opposition (D.I. 17), the Court's scheduling order did not require the parties to wait to file dispositive motions, but only required that all such motions be filed "on or before April 24, 2006." *See* March 28, 2005 Scheduling Order (D.I. 26). GameLogic's Motion for Summary Judgment was consistent with this order.

I.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain only a short and plain statement of the claim, showing that the pleader is entitled to relief, and a demand for judgment for such relief. Fed. R. Civ. Proc. 8(a); *Napolitano v. BAE Sys. North Am., Inc.*, 2005 WL 1703193, *3 (D.N.J. 2005) (slip opinion) (Ex. A hereto) (citing *Schaedler v. Reading Eagle Pub., Inc.*, 370 F.2d 795, 798 (3rd Cir. 1967)). "The pleading need only afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved." *Id.* (internal quotations omitted).

Motions for leave to amend a pleading are viewed favorably, and the party opposing has a heavy, and rarely met, burden. *See, e.g.*, Fed. R. Civ. P. 15(a) (leave to amend a pleading "shall be freely given when justice so requires"); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (the mandate of Rule 15(a) "is to be heeded"); *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3rd Cir. 1984) (there is a presumption in favor of permitting amendment); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (the policy favoring amendment "should be applied with 'extreme liberality'"). A request for leave to amend may be denied only where the party's "delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3rd Cir. 1984) (internal citations omitted).

In considering whether to permit amendment of a pleading, a court may consider whether it is futile.[2] In so doing, the Federal Rule of Civil Procedure 12(b)(6) standard applies. *Napolitano*, 2005 WL 1703193 at *2. Under this standard,

---

[2]    The Third Circuit recognizes no duty of a court to consider futility in ruling on a motion for leave to amend a pleading, but has acknowledged that this basis for denial is available to courts. *Charal Invest. Co., Inc. v. Rockefeller*, 131 F. Supp. 2d 593, 601 (D. Del. 2001) (citing *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3rd Cir. 1997)).

GameLogic's counterclaims are sufficient if relief would be available under *any* set of circumstances consistent with the allegations in its Counterclaim. *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F. Supp. 2d 430, 435 (D. Del. 2003) (cited by Ingenio Opp. at 4). A plaintiff "shall be 'given the benefit of every favorable inference that can be drawn from those allegations.'" *Napolitano*, 2005 WL at *3. (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3rd Cir. 1991)). Matters outside the complaint are not properly raised on a motion to dismiss, *id.*, and the analysis does not involve a determination on the merits. *Miller v Beneficial Management Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) (futility does not involve merits analysis and should serve as the basis for denial for leave to amend only where the amendment advances a claim that is legally insufficient on its face (internal citations omitted)). Given the liberal amendment policy, and the extremely high standard of the futility analysis, Ingenio bears a heavy burden to show the amendment is futile. *Miller*, 844 F. Supp. at 1001. *See also, e.g., Long v. Wilson*, 393 F.3d 390, 400 (3rd Cir. 2004) (motions to amend pleadings should be "liberally granted"); *Adams*, 739 F.2d at 864 ("liberal amendment philosophy [of Rule 15] limits district court's ability to deny motions to amend a pleading").

## II.    ARGUMENT

Ingenio does not argue that it will be prejudiced by the proposed amendment,[3] that GameLogic has acted in bad faith, or that GameLogic has delayed unduly. Nor could it. Instead, Ingenio asks this Court to prejudge GameLogic's counterclaims and to deny it leave to amend on the ground that GameLogic's

---

[3]    As Ingenio argued at length in its own (untimely) motion for leave to file an amended claim against Scientific Games Corporation, prejudice is the key factor courts consider when weighting the propriety of a proposed amendment. *See* Plaintiff Ingenio's Motion for Leave to File First Amended Complaint at 3 ("Because federal policy strongly favors determination of cases on their merits, leave to amend is freely given unless the opposing party shows prejudice.") (citing cases). Ingenio's silence is a concession that it will not be prejudiced.

counterclaims are purportedly futile. In support of its position, Ingenio alleges that

informing potential customers of the "mere fact" of litigation is not abuse of process

under Massachusetts law. This is wrong. Ingenio also includes two pages of factual

allegations to suggest that it will defeat GameLogic on its claims. *See* Opp. at 2-3. Facts

outside the pleading are not properly considered in a futility analysis. *Miller*, 844 F.

Supp. at 1001. GameLogic has plead facts sufficient to meet the elements on abuse of

process and violation of Massachusetts' unfair competition law, and, therefore, this Court

should grant GameLogic's Motion for Leave to Amend.

A.    GameLogic Has Alleged Facts Sufficient to Meet the Elements for Abuse of Process.

Abuse of process under Massachusetts law requires a showing (1) that

process was used; (2) for an ulterior or illegitimate purpose; and (3) damage resulted.

*See, e.g., Adams v. Whitman*, 822 N.E.2d 727, 730 (Mass. App. Ct. 2005).[4] In support of

its proposed counterclaim, GameLogic alleges that (1) Ingenio initiated process in this

action; (2) Ingenio "used this lawsuit to gain competitive advantage over GameLogic" by

discouraging customers to do business with GameLogic, which activity was "not

intended to further Ingenio's interests in this litigation, but rather to accomplish the

collateral objectives of undermining GameLogic's business activities and causing

---

[4]    Ingenio hints, but never argues, that Massachusetts law should not apply. *See, e.g.*, Opp. at 5 n.1. It does not suggest why this might be so or what law the Court should apply. In fact, it is quite clear that Massachusetts law should and does apply to these claims. GameLogic's primary (and only) place of business is in Massachusetts, its officers and employees are Massachusetts residents, and it has been injured in Massachusetts. Ingenio's decision to bring patent litigation in Delaware does not deprive GameLogic of the protections of Massachusetts law. *See, e.g., Continental Cablevision v. Storer Broadcasting Co.*, 653 F. Supp. 451, 455 (Mass. 1986) (allowing plaintiff to choose forum in which to bring its abusive action should not control law applied to counterclaim). Moreover, even if Ingenio argued that Delaware law applies, the facts GameLogic alleges state a claim for abuse of process under Delaware law as well. *See, e.g., Weirs v. Barns*, 927 F. Supp. 1075 (Del. 1996) (abuse of process requires (1) use of process with ulterior purpose; and (2) a willful act in use of process).

financial and/or reputational harm to GameLogic"; and (3) GameLogic has in fact been harmed by this activity in the form of lost business. *See* Counterclaim at ¶¶ 5-13. GameLogic has thus plead sufficient facts to put Ingenio on notice concerning GameLogic's abuse of process claim. *See* Fed. R. Civ. P. 8(a).

In its Motion for Leave to Amend, GameLogic described some of the evidence supporting GameLogic's abuse of process claim. For example, Ingenio (or those acting on its behalf) contacted a potential GameLogic customer, the Illinois State Lottery, and used the litigation as a means of interfering with GameLogic's ability to do business. *See* Motion for Leave at 2-3. This is just one example of a situation where, as GameLogic alleges in its Counterclaim, Ingenio "identified and contacted one or more of GameLogic's potential customers and/or partners" in order to "discourage potential customers and/or partners from doing business with GameLogic." *See* Counterclaim at ¶¶ 7-8. Doubtless GameLogic will learn of other such actions taken by Ingenio during discovery that will further bolster the allegations in the Counterclaim.

GameLogic also described in its Motion for Leave to Amend how Ingenio has not diligently pursued its case. *See* Motion for Leave at 1-2. This evidence further supports GameLogic's theory that Ingenio's true motive is to cause harm to its competitor and not to pursue any patent rights it suggests it has. GameLogic should be permitted to engage in this discovery and fully develop the factual basis for its claims.

Ingenio suggests its discussions with GameLogic's potential customers were protected because it acted in good faith. *See* Ingenio Opp. at 5-6. Bad faith is not, however, an element of abuse of process. *Adams*, 822 N.E.2d at 730. Nonetheless, anticipating Ingenio would argue that it was pursuing its patent rights in discussing the fact of the pending litigation with GameLogic's potential customers—thus inappropriately arguing a factual issue in what is, essentially, a motion to dismiss—GameLogic alleged facts that tend to show Ingenio has acted in bad faith. *See* Counterclaim at ¶¶ 6-8, 11. GameLogic asserted that Ingenio has not actively pursued

this litigation, evidence that Ingenio knows its claims to be frivolous and in bad faith. *Id.* at ¶ 6. Furthermore, GameLogic has alleged that Ingenio or its agents used the pending litigation a weapon to harm its competitor, GameLogic, in the marketplace. *Id.* at ¶¶ 8, 11. This is evidence of the required "ulterior or illegitimate purpose." *See Coal Processing Equip., Inc. v. Campbell*, 578 F. Supp. 445, 463 (S.D. Ohio 1981). Where a patent-holder conducts itself in litigation in bad faith, notifications to others of potential infringement are not protected. *See, e.g., Coal Processing Equip., Inc.*, 578 F. Supp. at 463 (notification must be in good faith, and not an attempt to injure a competitor's business); *Boothroyd Dewhurts, Inc. v. Poli*, 783 F. Supp. 670, 678 (Mass. 1991) (if plaintiff issued notices of pending litigation to defendant's potential customers knowing its claim was groundless, the conduct violates 93A); *Elkhart Brass Mfg. Co. v. Task Force Tips, Inc.*, 967 F. Supp. 782, 787 (N.D. Ind. 1994) (if notices are issued in good faith, their distribution is protected).

Furthermore, contrary to Ingenio's assertion, under Massachusetts law, informing someone of the "mere circumstances" of litigation <u>can</u> serve as the basis for an abuse of process claim. *See DataComm Interface, Inc. v. Computerworld, Inc.*, 489 N.E.2d 185 (Mass. 1986) (use of suit as marketing tool to disrupt competitor's tradeshow constitutes abuse); *Refuse & Env. Sys. v. Industrial Serv. of America*, 932 F.2d 37 (1st Cir. 1991) (use of suit to deter potential customers from doing business with former employees constitutes abuse) (applying Massachusetts law). Whether Ingenio has acted properly to protect its purported patent rights, or merely to harm GameLogic in the marketplace is an issue of fact for the jury. It is not an issue that can be decided on a Motion for Leave to Amend any more than it can be decided on a motion to dismiss for failure to state a claim. *See, e.g., Arthrocare Corp. v. Smith & Nephew, Inc.*, C.A. No. 01-504-SLR, 2004 WL 896002, *2 (D. Del. Mar. 10, 2004) (Ex. B hereto) (court will not resolve disputed facts or decide the merits of a case on motion to dismiss) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3rd Cir. 1993)).

GameLogic has alleged facts sufficient to state a claim for abuse of process. It has been diligent and made a timely request for leave to amend. GameLogic has acted in good faith, and Ingenio will not be prejudiced by the amendment. Leave to amend is therefore warranted.

B.    GameLogic Has Alleged Facts to Support its Unfair Competition Claim.

An abuse of process claim may serve as the basis for a 93A claim. *Boothroyd Dewhurts, Inc. v. Poli*, 783 F. Supp. 670, 678 (D. Mass. 1991) (if plaintiff issued notices of pending litigation to defendant's potential customers knowing its claim was groundless, the conduct violates 93A); *First Agric. Bank v. Cappuccino of the Berkshires, Inc.*, 1986 Mass. App. Div. 110, 115 (1986) (finding commencement of litigation may serve as basis for 93A claim). The Massachusetts Attorney General has authority to define certain activities which constitute a *per se* violation of 93A and are, therefore, actionable. M.G.L. ch. 93A, § 2(c). One such type of activity is activity that is oppressive or unconscionable in any respect. 940 C.M.R. 3:16(1). Furthermore, "coercive or extortionate conduct is one of the subcategories of recognized 93A unfairness under a consistent line of cases." *Massachusetts Port Auth. v. Employers Ins. of Wausau*, 2004 Mass. Super. LEXIS 660 (Ma. Super. Ct. Dec. 16, 2004) (internal citation omitted) (Ex. C hereto). GameLogic has alleged facts that will support a finding that Ingenio's conduct, in using the fact of litigation to harm GameLogic in the marketplace, was oppressive, unconscionable and/or coercive, thereby alleging sufficient facts to establish a 93A violation.

## III.     CONCLUSION

GameLogic's abuse of process and unfair competition counterclaims should be decided on the merits, by a jury, and after full development of the factual record. GameLogic therefore respectfully requests that the Court grant its Motion for Leave to File Amended Answer and Counterclaims.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Gary M. Hnath
Susan Baker Manning
BINGHAM MCCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC  10036
(202) 778-6150

By:  /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19899-0951
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

Dated:  November 22, 2005
708578

*Attorneys for GameLogic Inc.*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 22, 2005, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Edmond D. Johnson
Thomas H. Kovach
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

Jack B. Blumenfeld
Roger D. Smith
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

I hereby certify that on November 22, 2005, I have Federal Expressed the

documents to the following non-registered participants:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W., Suite 1200
Washington, DC  20006

By:  */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672965