# EXHIBIT A

Westlaw.

Slip Copy                                                                                                Page 1

Slip Copy, 2005 WL 1703193 (D.N.J.)
(Cite as: Slip Copy)

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. New Jersey.
Michael NAPOLITANO Plaintiff,
v.
BAE SYSTEMS NORTH AMERICA, INC. and
ABC Corps., 1-5 (fictitious entities presently
unknown) Defendant.
No. Civ. 04-4286(DRD).

July 20, 2005.

Frederick E. Gerson, D'Alessandro, Jacovino & Gerson, Florham Park, NJ, for Plaintiff.
Mary Sue Henifin, Caroline J. Berdzik, Buchanan Ingersoll PC, Princeton, NJ, for Defendant.

OPINION

DEBEVOISE, Senior J.

PROCEDURAL POSTURE

*1 The Plaintiff, Michael Napolitano ("Plaintiff"), filed his Complaint in the Superior Court of New Jersey against Defendant, BAE Systems of North America, Inc. ("BAE"), seeking damages for breach of contract, tortious interference, and wrongful discharge. On September 1, 2004, BAE removed the Plaintiff's complaint to this court based upon diversity jurisdiction, together with an application to extend its time to answer. BAE now moves to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). In response, Plaintiff cross-moves to Amend the Complaint pursuant to FED. R. CIV. P. 15(a). BAE opposes Plaintiff's cross-motion to Amend the Complaint. For the reasons stated herein, the court will deny BAE's motion to dismiss all counts and grant Plaintiff's cross-motion to Amend the Complaint.

I. ALLEGED FACTS

On May 14, 1990, Plaintiff entered into an employment contract ("1990 Contract") with Condor Pacific Industries, Inc. ("Condor"). Amend Complt. Background ¶ 1. Pursuant to the terms of the 1990 Contract, Plaintiff's duties included designing, developing and marketing a new gyro and accelerometer. Id. at 2. This product became known as the STARS/STAARS product line ("Product"). Id. The employment term of the 1990 Contract was for three years, with an option for Condor to extend the employment period for an additional three years ("Option"). Id. at 3. The 1990 Contract provided that Plaintiff could only be terminated for cause and that he would receive royalties on the Product from July 31, 1994 until July 31, 2003. Id. at 6,4.

In accordance with the terms of the 1990 Contract, Condor exercised its Option and extended Plaintiff's employment for one three year term until July 31, 1996. Id. at 7. On February 8, 1996, Condor and Plaintiff entered into a subsequent agreement wherein the royalty payments were extended from July 31, 2003 until July 31, 2008 and Plaintiff's employment was extended until July 31, 1998 ("1996 Agreement"). FN1 Id. at 8.

> FN1. The 1996 Agreement does not allege any rate or amount of royalty payments. Id. at 3. In his proposed Amended Complaint, Plaintiff avers that the 1996 Agreement provided that as of July 31, 2003, Plaintiff would receive a royalty percentage on the Product of 0.90% until July 31, 2008. Amend. Complt. Count I ¶ 3. BAE does not dispute that the Amended Complaint alleges the elements of a breach of contract claim. Def. Reply Memo at 5.

Subsequent to July 31, 1998, Condor continued to employ Plaintiff and thereafter, in accordance with "

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2005 WL 1703193 (D.N.J.)
(Cite as: Slip Copy)

Page 2

the terms of the Employment Contract, Plaintiff's term of employment was extended for three years until July 31, 2001." *Id.* at 9. Then, subsequent to July 31, 2001, Condor exercised its Option and extended Plaintiff's employment for another three years until July 31, 2004. FN2 *Id.* at 10.

> FN2. BAE points out that Plaintiff fails to allege any contract terms or other agreement of the parties in regard to the 2001 or 2004 Extensions. Def. Memo of Law at 3.

As a result of the Product, developed by Plaintiff, Condor's sales increased dramatically. *Id.* at 11. Due to the increased sales, Sid Meltzner, the sole owner of Condor, made a decision to sell the company. *Id.* In 2001, Plaintiff set up a meeting between Condor's President, Ernie Smith, and BAE. *Id.* at 12. In November 2002, BAE announced that it agreed to acquire Condor for approximately $58.5 Million. *Id.* at 13. As part of the closing requirements, BAE insisted that Condor terminate Plaintiff. *Id.* at 14. Accordingly, on December 2, 2002, Condor terminated Plaintiff's employment. *Id.* at 15. Plaintiff was provided with a letter from Condor indicating that Plaintiff was terminated at the request of BAE. *Id.* Shortly after the termination, the BAE/Condor closing took place and BAE acquired Condor. *Id.* at 16. Plaintiff contends that BAE is the "successor-in-interest" to Condor and therefore demands payment from BAE pursuant to the royalty agreement set forth in the 1996 Agreement. *Id.* at 17. BAE refuses to make payment. *Id.* at 18.

*2 Plaintiff's Amended Complaint alleges five claims against BAE, including: (1) breach of contract for extended royalty payments; (2) breach of contract for royalty payments on "improvements"; (3) tortious interference; (4) wrongful discharge; and (5) fictitious defendants. Amend Complt. Counts 1,2,3,4,5. FN3

> FN3. Inevitably if a court grants a motion to dismiss a Complaint for failure to state a claim it will grant a motion for leave to file an Amended Complaint unless such amendment would be futile. In the present case rather than going through the exercise of dismissing Plaintiff's complaint and granting a motion to file an Amended Complaint, the court will address BAE's motion as if it were addressed to the proposed Amended Complaint and will grant Plaintiff's motion to file its First Amended Complaint.

II DISCUSSION

A. STANDARD OF REVIEW

A motion to dismiss should not be granted unless "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980); *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 634 (3d Cir.1989). Allegations contained in the Complaint will be accepted as true, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991). However, "[the court] need not accept as true 'unsupported conclusions and unwarranted inferences.' " *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n. 13 (3d Cir.1998) (quoting *Schuylkill Energy Res., Inc v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir.1997)). At a minimum, the Complaint must give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. *Conley*, 355 U.S. at 47. A court should allow a Plaintiff to Amend the Complaint instead of dismissing it where "a more carefully drafted complaint might state a claim upon which relief could be granted." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985); *see Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir.1984).

A motion to dismiss that presents the court with matters outside the pleading which are not excluded should be treated as a motion for summary

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                 Page 3

Slip Copy, 2005 WL 1703193 (D.N.J.)
(Cite as: Slip Copy)

judgment and analyzed pursuant to FED. R. CIV. P. 56. See FED. R. CIV. P. 12. In such circumstances, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Id. However, an undisputedly authentic document attached to a motion to dismiss may be considered without converting it to a motion for summary judgment if Plaintiff's claims are based upon that document. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993), cert. denied, 510 U.S. 1042, 114 S.Ct. 687 (1994).

B. BAE'S MOTION TO DISMISS

In order for BAE to prevail in its motion to dismiss Plaintiff's Complaint and Amended Complaint for failure to state a claim, BAE must show that the Complaint and Amended Complaint do not meet the threshold **pleading requirements** set forth in FED. R. CIV. P. 8(a)(2) and (3). The Court of Appeals for the Third Circuit addressed this issue in Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795 (3d Cir.1967), the court explained:

*3 "A complaint need only contain, in addition to the jurisdictional grounds, 'a short and plain statement of the claim showing that the pleader is entitled to relief, and ... a demand for judgment for the relief to which he deems himself entitled.' [FED. R. CIV. P. 8(a)(2) and (3).] There is no requirement to state facts sufficient to constitute a cause of action. Dioguardi v. Durning, 139 F.2d 774, 775 (2d Cir.1944) ...' Under the Federal Rules of Civil Procedure the function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved.... Technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules." ' 370 F.2d at 798.

This court will examine the Plaintiff's Amended Complaint and determine whether or not the averments set forth the necessary elements of a claim upon which relief can granted. See FED. R. CIV. P. 12(b)(6).

1. Breach of Contract: Royalties (Count 1)

Plaintiff argues that BAE, as "successor-in-interest," FN4 breached the 1996 Agreement wherein the royalty payments on the Product, at a rate of 0.90%, were extended from July 31, 2003 to July 31, 2008. Amend Complt. Count 1 ¶¶ 2,3. Plaintiff alleges: (1) that as of July 31, 2003 until July 31, 2008, Plaintiff would receive a royalty percentage on the Product of 0.90%; (2) BAE has acquired Condor and is the "successor-in-interest" to Condor and is therefore responsible for the obligations of Condor; and (3) BAE has refused to make payment pursuant to the 1996 Agreement. Id at 2,3,4,5.

> FN4. The Court of Appeals for the Third Circuit discussed the "successorship doctrine" in Shaffer v. Mitchell Transport, Inc., 635 F.2d 261 (3d Cir.1980), the court explained: "The Supreme Court has created the successorship doctrine under which a court may impose on a successor employer certain legal obligations of its predecessor. A successor employer has been described as one who 'has acquired substantial assets of its predecessor and continued, without interruption or substantial change, the predecessor's business operations....' ' Golden State Bottling Co. v. NLRB, 414 U.S. 168, 184, 94 S.Ct. 414 (1973). 635 F.2d at 265-266.

In a breach of contract action, the Plaintiff satisfies its **pleading requirements** if it alleges: (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that Plaintiff performed its own contractual duties. See Public Service Enterprise Group, Inc. v. Philadelphia Electric Co., 722 F.Supp. 184, 219 (D.N.J.1989) (citing 5 Wright & Miller, Federal Practice and Procedure, § 1235 at 189-90). It is undisputed that Plaintiff alleges the elements necessary to sustain a breach of contract claim against BAE. Def. Reply Memo at 5.

Since the motion to dismiss is based on the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2005 WL 1703193 (D.N.J.)
(Cite as: Slip Copy)

Page 4

pleadings, the court is to accept "... all facts pleaded as true and draw all reasonable inferences in favor of the plaintiff..." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir.1994) (citing *D.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1367 (3d Cir.1992)). In this case, Plaintiff's averments clearly satisfy the liberal **pleading requirements** set forth in FED. R. CIV. P. 8(a). *See Richardson v. Pennsylvania Dept. of Health*, 561 F.2d 489, 492 (3d Cir.1977) (**pleadings** are to be liberally construed in ruling on a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim). Therefore, Count 1 will not be dismissed for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

2. Breach of Contract: "Improvements" (Count 2)

*4 Plaintiff alleges that BAE, as " successor-in-interest," breached the royalty agreement contained in the 1990 Contract. FN5 According to the 1990 Contract, Plaintiff is entitled to royalties on "the product or any improvement thereof..." Amend Complt. Count 2 ¶ 2. Currently, BAE is marketing a product which is an " improvement" on the product developed by Plaintiff. *Id.* at 3. For the reasons stated in Count 1, Plaintiff argues that he is entitled to royalties on the "improvement" and that BAE's failure to make payment constitutes a breach of contract. *Id.* at 4,5. BAE does not dispute that Plaintiff alleges the elements necessary to sustain a breach of contract claim. FN6 Def. Reply Memo at 5. Therefore, Count 2 will not be dismissed for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

> FN5. Plaintiff contends that on February 8, 1996, Condor and Plaintiff entered into a subsequent agreement wherein the royalty payments were extended from July 31, 2003 until July 31, 2008. Amend Complt. Background ¶ 8.

> FN6. In oral argument, BAE disputes that Count 2 alleges the elements necessary to sustain a breach of contract claim. This contention, although not material to the present motion, is inconsistent with BAE's Reply Memorandum of Law at 5.

3. Tortious Interference (Count 3)

Plaintiff argues that BAE engaged in tortious interference with employment contracts between Condor and Plaintiff. Amend Complt. Count 3 ¶¶ 2,3. Plaintiff alleges: (1) that he had a contractual relationship with Condor; (2) BAE interfered with the relationship by compelling and demanding that Condor terminate its employment relationship with Plaintiff; (3) the harm inflicted by BAE was intentional and without justification or excuse, constituting malice; (4) the interference by BAE caused loss of economic gain; (5) at the time of the improper conduct by BAE, plaintiff was under contract wherein he could only be terminated "for cause"; and (6) he sustained damages as a direct and proximate result of the interference. *Id.* 2,3,4,5,6,7.

Under New Jersey law, the elements of a claim of tortious interference with contract include: (1) a plaintiff's existing or reasonable expectation of economic advantage or benefit; (2) a defendant's knowledge of the plaintiff's expectancy; (3) wrongful and intentional interference with that expectancy by the defendant; (4) a reasonable probability that the plaintiff would have received the anticipated economic advantage absent such interference; and (5) damages resulting from the defendant's interference. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1167 (3d Cir.1993) (citing *Fineman v. Armstrong World Indus.*, 980 F.2d 171, 186 (3d Cir.1992); *Printing Mart-Morristown v. Sharp Electronics Corp.*, 116 N.J. 739, 751-53, 563 A.2d 31 (1989).

Inasmuch as Plaintiff claims that BAE is liable for maliciously interfering with his contractual employment relations with Condor, it is important to examine whether or not Plaintiff had a contractual relationship with BAE. The New Jersey Supreme Court clearly stated that a malicious interference claim must "be directed against defendants who are not parties to the relationship."

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2005 WL 1703193 (D.N.J.)
(Cite as: Slip Copy)

Page 5

*Printing Mart-Morristown,* 116 N.J. at 752. Here, BAE argues that it interfered with its *own* contractual relationship. Def. Reply Memo at 3; *See Printing Mart-Morristown,* 116 N.J. at 753 (" Where a person interferes with the performance of his or her *own* contract, the liability is governed by principles of contract law") (emphasis added). However, it appears from the record that Plaintiff was terminated by Condor prior to BAE's acquisition of the company. Amend Complt. Background ¶¶ 13-14. In fact, Plaintiff specifically avers that shortly *before* the BAE/Condor closing, BAE insisted that Plaintiff be terminated *by Condor. Id.* at 14. As well, BAE points out that, "It is clear that [P]laintiff was not going to be employed by BAE under any circumstances." Def. Reply Memo at 4. Additionally, Plaintiff was terminated on December 2, 2002 *before* the BAE/Condor closing. Amend Complt. Background ¶ 16. Thus, it is reasonable to infer that Plaintiff was never employed by or involved in a contractual relationship with BAE. *See Silvestre v Bell Atlantic Corp.,* 973 F.Supp. 475, 486 (D.N.J.1997) ("A tortious interference with contract claim can be waged only against a third-party who is not a party to the contractual or economic relationship at issue").

*5 In addition, BAE argues that Plaintiff's claim must fail because he cannot show causation. Def. Reply Memo at 4. BAE points out that Plaintiff's allegations illustrate that he was not going to receive any type of "anticipated economic benefits" from BAE. *Id.* However, as discussed above, Plaintiff was fired by Condor shortly *before* BAE acquired the company. *Id.,* Amend Complt. Background ¶ 14. Accordingly, at the time of the tortious interference, Plaintiff was employed by Condor, not BAE. Therefore, it is permissible for Plaintiff to state a tortious interference claim against BAE.

4 Wrongful Discharge (Count 4)

Plaintiff argues that BAE, as "successor-in-interest," is responsible for the wrongful discharge of Plaintiff by Condor. Amend Complt. Count 4 ¶¶ 4, 5. Plaintiff alleges: (1) that he was terminated by Condor without cause; (2) that the termination violated his contract, which provided that he could only be terminated with cause; (3) that his firing was without justification or excuse at the behest of BAE, the eventual "successor-in-interest" of Condor; and (4) that he is damaged as a result of the wrongful discharge. Amend Complt. Background 15; *Id.* Count 4 ¶¶ 2, 3, 4, 5, 6.

Under New Jersey law, the "wrongful discharge doctrine is grounded in public policy and is designed to protect employees when failing to do so would violate a clear mandate of public policy ... The doctrine grew out of a need to protect *at-will employees,* who are under the total control of the employer and without separate or independent contractual rights that provide employment protections." *MacDougall v. Weichert,* 144 N.J. 380, 388, 677 A.2d 162, 166 (1996) (emphasis added) (citing *Pierce v Ortho Pharmaceutical Corp.,* 84 N.J. 58, 417 A.2d 505 (1980)). Additionally, in absence of an agreement to the contrary, an employee is hired at-will and may be fired for any reason, absent one that contravenes a clear mandate of public policy. *See Bernard v IMI Systems, Inc.,* 131 N.J. 91, 96, 618 A.2d 338, 341 (1993); *Witkowski v Thomas J Lipton, Inc.,* 136 N.J. 385, 643 A.2d 546 (1994); *Pierce,* 84 N.J. at 67. Here, BAE argues that Plaintiff is an at-will employee and therefore cannot sustain a claim for wrongful discharge absent a violation of public policy. *See Id.;* Def. Reply Memo at 10. However, Plaintiff does not allege that he is an at-will employee. Pl. Memo at 13. Rather, Plaintiff alleges that he entered into an employment contract with Condor, which stated that he would only be terminated for cause, and that he was terminated without cause. Amend Complt. Count 4 ¶¶ 2, 3. BAE contends that Plaintiff fails to factually support his allegation of a new employment contract. Def. Reply Memo at 9. Nevertheless, Plaintiff makes a sufficient showing to withstand a motion to dismiss. *See Nami v Fauver.* 82 F.3d 63, 65 (3d Cir.1996) ("The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs's [*sic* ] cause of action").

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works

Slip Copy                                                                                                           Page 6
Slip Copy, 2005 WL 1703193 (D.N.J.)
**(Cite as: Slip Copy)**

### C. PLAINTIFF'S CROSS-MOTION TO AMEND

*6 Plaintiff filed a cross-motion to Amend his Complaint pursuant to FED. R. CIV. P. 15(a). FED. R. CIV. P. 15(a) states that leave to Amend the Complaint, "shall be freely given when justice so requires." Here, justice is required because, without amending the Complaint, Plaintiff's claim is vulnerable to dismissal *See Shane v Fauver*, 213 F.3d 113, 115 (3d Cir.2000) ("... if a claim is vulnerable to dismissal under [FED. R. CIV. P. 12(b)(6) ], but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency..."). Thus, Plaintiff's cross-motion to Amend the Complaint is granted.

### III. CONCLUSION

For the reasons set forth above, the motion to dismiss Plaintiff's claims will be DENIED. Plaintiff's cross-motion to Amend his Complaint will be GRANTED. An appropriate order shall be entered.

D.N.J.,2005.
Napolitano v. BAE Systems North America, Inc.
Slip Copy, 2005 WL 1703193 (D.N.J.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 2783851 (Trial Motion, Memorandum and Affidavit) Defendant BAE Systems North America, Inc.'s Reply Memorandum of Law in Further Support of Its Motion to Dismiss the Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) and in Opposition to Plaintiff's Cross-Motion to Amend His Complaint (Oct. 18, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.