**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INGENIO, FILIALE DE LOTO-QUEBEC, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GAMELOGIC, INC., ) <br> ) <br> Defendant. ) | C. A. No. 04-1532 (KAJ) |

**DEFENDANT GAMELOGIC INC.'S NOTICE OF 30(B)(6) DEPOSITION OF
PLAINTIFF INGENIO, FILIALE DE LOTO-QUEBEC, INC.**

PLEASE TAKE NOTICE that commencing at 9:00 a.m. on February 7, 2006, defendant GameLogic, Inc. ("GameLogic") will take the deposition upon oral examination of plaintiff Ingenio, filiale de Loto-Quebec, Inc. ("Ingenio") at the offices of Bingham McCutchen LLP, 1120 20th Street NW, Washington, DC 20036.  The deposition will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure before an officer authorized to administer oaths and will continue from day to day until completed, Saturdays, Sundays, and legal holidays excepted.  The deposition will be recorded by video and stenographic means and GameLogic reserves the right to use Livenote or other technology for real-time transmission of the testimony.

PLEASE TAKE FURTHER NOTICE that because the deponent is not a natural person, Ingenio shall designate to testify one or more of its officers, directors, managing agents, employees, or other persons who have consented to testify on its behalf, who shall have knowledge of, and who are capable and competent to testify regarding the categories identified in the attached Schedule A.

- 2 -

PLEASE TAKE FURTHER NOTICE that deponent shall notify GameLogic's counsel not later than 5 days prior to the deposition date of the need for an interpreter to translate the deposition questions and answers, and the specific language or dialect for which the interpreter is required.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Gary M. Hnath<br>Susan Baker Manning<br>Goutnam Patnaik<br>Timothy A. Molino<br>BINGHAM MCCUTCHEN LLP<br>1120 20th Street NW, Suite 800<br>Washington, DC  10036<br>Tel:  (202) 778-6150<br><br>Dated:  January 27, 2006<br><br>717100 | POTTER ANDERSON & CORROON LLP<br><br>By:  /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899-0951<br>Tel:  (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant GameLogic Inc.* |

## SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

A. The terms "*Ingenio*," "*you*," and "*your*" shall refer to plaintiff Ingenio, filiale de Loto-Quebec, Inc., its subsidiaries, divisions, affiliates, parents, present and former officers and directors, employees and agents, and all of those *persons* (as defined below) acting on its behalf.

B. The term "*person*" includes not only natural persons, but also, without limitation, firms, associations, partnerships, corporations and other legal entities, and parent companies, subsidiaries, divisions, departments, affiliates, dbas, or other units thereof.

C. The term "*patents-in-suit*" as used herein refers to United States Patent No. 5,709,603 ("the '603 patent") and the U.S. patent application(s) upon which the '603 patent is based; and United States Patent No. 5,569,082 ("the '082 patent") and the U.S. patent application(s) upon which the '082 patent is based.

D. The terms "*relating to*," "*relate to*," and "*in connection with*" shall mean and include all documents and information that constitute, concern, mention, discuss, summarize, reflect, or may provide evidence of the subject matter of such category of testimony.

E. "*Any*" or "*each*" shall be understood to include and encompass "all." "*Or*" shall be understood to include and encompass "*and*"; "*and*" shall be understood to include and encompass "*or*." The plural of any word shall be construed as the singular, and vice versa, as necessary, in order to bring within the scope of this Notice any information, documents, or things that might otherwise be construed to be outside their scope.

## SUBJECT MATTER OF TESTIMONY

1. The number of units of all personal computer lottery type games, including but not limited to Treasure Tower™ CD-ROM lottery games, Click&Play^SM lottery games, CyberSlingo® lottery games, and eGames lottery games, made, used, licensed, leased and/or sold by Ingenio.

2. The number of units of all personal computer lottery type games, including but not limited to Treasure Tower™ CD-ROM lottery games, Click&Play^SM lottery games, CyberSlingo® lottery games, and eGames lottery games, made, used, licensed, leased and/or sold by Ingenio that practice any claim of the patents-in-suit.

3. The gross revenue to Ingenio, or its licensees, resulting from the sale, license or lease of all personal computer lottery type games, including but not limited to the Treasure Tower™ CD-ROM lottery games, Click&Play^SM lottery games, CyberSlingo® lottery games, and eGames lottery games.

4. The gross revenue to Ingenio, or its licensees, resulting from the sale, license or lease of all personal computer lottery type games, including but not limited to the Treasure Tower™ CD-ROM lottery games, Click&Play^SM lottery games, CyberSlingo® lottery games, and eGames lottery games, that practice any claim of the patents-in-suit.

5. The costs and expenses incurred by Ingenio or its licensees for each personal computer lottery type game, including but not limited to Treasure Tower™ CD-ROM lottery games, Click&Play^SM lottery games, CyberSlingo® lottery games, and eGames lottery games, which practices any claim of the patents-in-suit.

6. The net gain or loss to Ingenio or its licensees resulting from the sale, license or lease of any personal computer lottery type game, including but not limited to Treasure Tower™ CD-ROM lottery games, Click&Play^SM lottery games, CyberSlingo® lottery games, and eGames lottery games, which practices any claim of the patents-in-suit.

7. The profitability of personal computer lottery type games, including but not limited to Treasure Tower™ CD-ROM lottery games, Click&Play℠ lottery games, CyberSlingo® lottery games, and eGames lottery games.

8. The manufacturer of all personal computer lottery type games, including but not limited to Treasure Tower™ CD-ROM lottery games, Click&Play℠ lottery games, CyberSlingo® lottery games, and eGames lottery games, offered for sale, license, or lease, sold, licensed, and/or leased, by Ingenio, or its licensees.

9. All agreements, past or present, licensing or relating to the technology described in either of the patents-in-suit.

10. All offers for a license relating to the technology described in any or all of the patents-in-suit.

11. The royalty rates or other compensation paid for the use of either or both of the patents-in-suit.

12. The royalty rates or other compensation paid for the use of patents comparable to the patents-in suit.

13. The royalty rates or other compensation paid for the use of any other technology related to personal computer lottery type games.

14. The terms and negotiation of any settlement agreement or license agreement related to any litigation involving either or both of the patents-in-suit.

15. Ingenio's business plans, business models, or business goals relating to personal computer lottery type games, including those related to Treasure Tower™ CD-ROM lottery games.

16. The market for personal computer lottery type games, such as Treasure Tower™ CD-ROM lottery games, Click&Play℠ lottery games, CyberSlingo® lottery games, or eGames lottery games, since October 29, 1996.

17. The commercial success and current popularity of personal computer lottery type games, including but not limited to Treasure Tower$^{TM}$ CD-ROM lottery games, Click&Play$^{SM}$ lottery games, CyberSlingo® lottery games, and eGames lottery games.

18. The commercial success and level of popularity of personal computer lottery type games, including but not limited to Treasure Tower$^{TM}$ CD-ROM lottery games, Click&Play$^{SM}$ lottery games, CyberSlingo® lottery games, and eGames lottery games, which practice one or more claims of the patents-in-suit.

19. The utility and advantages of personal computer lottery type games, including Treasure Tower$^{TM}$ CD-ROM lottery games, Click&Play$^{SM}$ lottery games, CyberSlingo® lottery games, or eGames lottery games, which practice one or more claims of the patents-in-suit over any competing technology or products.

20. The effect, if any, of selling or licensing the patents-in-suit on other products sold or offered by Ingenio.

21. The factual basis for your belief that you are entitled to a reasonable royalty, including but not limited to facts relating to the factors for calculating a reasonable royalty identified in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), and the royalty amount which you believe Ingenio is entitled to from GameLogic.

22. The factual basis for your belief that you are entitled to recover lost profits from GameLogic, and the amount of lost profits which you believe GameLogic owes Ingenio.

23. The factual basis for your belief that that you are entitled to recover damages from GameLogic, and the amount of damages you believe GameLogic owes Ingenio.

24. Patents assigned or licensed to Ingenio or patent applications filed by or for Ingenio relating to technology and inventions incorporated in Treasure Tower$^{TM}$

- 7 -

CD-ROM lottery games, Click&Play$^{SM}$ lottery games, CyberSlingo® lottery games, or eGames lottery games, or any other personal computer lottery type game made, used, sold, leased and/or licensed by Ingenio.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

      I, David E. Moore, hereby certify that on January 27, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Edmond D. Johnson
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

      I hereby certify that on January 27, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W., Suite 1200
Washington, DC  20006
rtate@hunton.com
bburoker@hunton.com
ccuneo@hunton.com

      By: */s/ David E. Moore*
          Richard L. Horwitz
          David E. Moore
          Hercules Plaza, 6th Floor
          1313 N. Market Street
          Wilmington, Delaware  19899-0951
          (302) 984-6000
          rhorwitz@potteranderson.com
          dmoore@potteranderson.com

672965