**Prosecution File History for U.S. Patent Number 5,569,082**

| Tab | Document | Date |
|---|---|---|
| 1. | PTO Inventory Sheets | |
| 2. | U.S. Patent Application, Declaration and Power of Attorney, Statement Claiming Small Entity Status, and Figures | 04/06/95 |
| 3. | Information Disclosure Statement | 05/24/95 |
| 4. | Verified Statement Claiming Small Entity Status | 09/18/95 |
| 5. | PTO Rejection Notice (Claims 1-21) | 01/31/96 |
| 6. | Amendment (Claims 1, 5, 6, and 10-21) | 03/29/96 |
| 7. | Examiner Interview Summary Record | 02/28/96 |
| 8. | Examiner Interview Summary Record | 05/30/96 06/03/96 & 06/04/96 |
| 9. | Amendment B | 06/11/96 |
| 10. | Formal Drawings | 06/27/96 |
| 11. | Notice of Change of Address | 12/31/96 |
| 12. | PTO Utility Grant | 10/29/96 |

IN001377



PTO UTILITY GRANT
Paper Number _____ 10

The Commissioner of Patents
and Trademarks

Has received an application for a patent for a
new and useful invention. The title and de-
scription of the invention are enclosed. The
requirements of law have been complied with,
and it has been determined that a patent on
the invention shall be granted under the law.

Therefore, this

United States Patent

Grants to the person(s) having title to this
patent the right to exclude others from mak-
ing, using, offering for sale, or selling the in-
vention throughout the United States of
America or importing the invention into the
United States of America for the term set forth
below, subject to the payment of maintenance
fees as provided by law.

If this application was filed prior to June 8,
1995, the term of this patent is the longer of
seventeen years from the date of grant of this
patent or twenty years from the earliest effec-
tive U.S. filing date of the application, sub-
ject to any statutory extension.

If this application was filed on or after June
8, 1995, the term of this patent is twenty years
from the earliest effective U.S. filing date of
the application, subject to any statutory ex-
tension.

*Bruce Lehman*

Commissioner of Patents and Trademarks

*Melvinia Gary*

Attest

The
United
States
of
America

Form PTO-1584 (Rev. 6/95)

(RIGHT INSIDE)

IN001378



**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 1994

Application or Docket Number: 408011

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 365.00 | OR | | 730.00 |
| TOTAL CLAIMS | 21 minus 20 = | 1 | x$11= | 11 | OR | x$22= | |
| INDEPENDENT CLAIMS | 3 minus 3 = | 0 | x38= | | OR | x76= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +120= | | OR | +240= | |
| | | | TOTAL | 376 | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

#### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x38= | | OR | x76= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +120= | | OR | +240= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

#### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x38= | | OR | x76= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +120= | | OR | +240= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

#### AMENDMENT C

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x38= | | OR | x76= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +120= | | OR | +240= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 10/94)                    Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE



KAYE-23,258                                                           Patent

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent No.:    5,569,082

Granted:              October 29, 1996

Serial No.:           418,011

Filed:                April 6, 1995

For:                  PERSONAL COMPUTER LOTTERY GAME

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

<u>CHANGE OF ADDRESS</u>

Effective immediately, kindly direct all papers pertaining to the above-captioned patent to the following address:

Martin Korn
Gardere & Wynne, L.L.P.
1601 Elm Street, Suite 3000
Dallas, Texas  75201

and all telephone calls should be directed to Martin Korn at (214) 999-4664.

Respectfully submitted,

GARDERE & WYNNE, L.L.P.
Attorneys for Applicant

By: _____
    Martin Korn
    Registration No. 28,317

Date:  December 30, 1996

GW04:247759

#9
64

KAYE-23,258

## THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Perry Kaye |
| Serial No.: | 08/418,011 |
| Filed: | April 6, 1995 |
| Notice of Allowance Mailed: | June 11, 1996 |
| Issue Batch No.: | A93 |
| Group: | 3304 |
| Examiner: | M. Sager |
| For: | PERSONAL COMPUTER LOTTERY GAME |

Assistant Commissioner
   for Patents
Washington, D.C.  20231

ATTENTION:  OFFICE OF PUBLICATIONS

Dear Sir:

### TRANSMITTAL OF FORMAL DRAWINGS

Transmitted herewith are ten sheets of formal drawings to be substituted for the informal drawings initially filed in the above-identified application for patent.

Respectfully submitted,

ROSS, CLAPP, KORN & MONTGOMERY, L.L.P.
Attorneys for Applicant

Martin Korn
Registration No. 28,317

MK/jbh
Enclosures
14651 Dallas Parkway, Suite 102
Dallas, TX  75240-7477
214/661-0102

June 26, 1996

IN001381



418011

1/10        5569082



SECURE SYSTEM FOR
GENERATING DESTINY CODES —10

SECURE SYSTEM FOR
STORING DESTINY CODES —11

SECURE MEDIUM FOR
TRANSPORTING DESTINY CODES —12

SECURE AND ACTUATE METHOD
FOR DECRYPTING DESTINY CODES —13

AMUSEMENT GAME FOR
EXCITEMENT AND FICTITIOUS AWARDS —14

ACTUALIZATION GAME TO SHOW
OUTCOME OF DESTINY CODE
USING FICTITIOUS AWARDS —15

REDEEM WINNINGS
OR
THROW OUT TICKET —16

*FIG. 1*

APPROVED | O.G. FIG. 7 | BY | CLASS SUBCLASS | DRAFTSMAN | 463 /2



PERSON ACQUIRES AT LEAST 1
DESTINY CODE WHICH IS STORED
ON GAME MEDIUM — 17

PERSON BRINGS GAME MEDIUM
WHICH CONTAINS DESTINT CODE(S)
TO A SELF CONTAINED
AMUSEMENT+ACTUALIZATION
MACHINE — 18

AMUSEMENT+ACTUALIZATION
MACHINE DISPLAYS OUTCOME
OF THE GAME, CONCEALED IN
THE DESTINY CODE, IN
AN EXCITING FASHION — 19

AMUSEMENT+ACTUALIZATION MACHINE
CAN EITHER REDEEM THE GAME MEDIUM
AND PAY THE WINNER
OR
IT COULD JUST INSTRUCT THE PLAYER
OF THE OUTCOME AND HOW
TO REDEEM WINNINGS IF ANY — 20

*FIG. 2*



2/10

FIG. 3



IN001383



3/10

**33**

APPROVED | O.G. FIG.
BY | CLASS | SUBCLASS
DRAFTSMAN

HOW MANY TICKETS
DO YOU WANT TO BUY ?

1 2 3
4 5 6
7 8 9
0

INSERT MONEY AT 1

$5,$10,$20,$100    **34**

WIN/LOSS GAME
TICKETS    **35**

**42**

# FIG. 4

**37**    **36**    **38**

$1   $5   $10
$10  $5   $2
$1   $2   $2      WIN/LOSS GAME
$3   $5   $10         TICKETS
$5   $1   $2
                  PULL
**40**            HANDLE

$1   1   $1   =  $1  PAYOUT
$2  $2   $2   =  $2  PAYOUT
$3  $3   $3   =  $3  PAYOUT      **39**
$5  $5   $5   =  $5  PAYOUT
$10 $10 $10  =  $10 PAYOUT

# FIG. 5

**41**

IN001384



4/10

| APPROVED | O.G. FIG. | CLASS | SUBCLASS |
|---|---|---|---|
| BY | | | |
| DRAFTSMAN | | | |

PLAYER ACQUIRES AT LEAST ONE DESTINY CODE ON A GAME MEDIUM  —43

PLAYER CONNECTS TO AN ON-LINE SERVICE VIA COMPUTER OR INTERACTIVE TV  —44

PLAYER REDEEM THE WINNINGS FROM A REDEMPTION CENTER BY PRESENTING THE GAME MEDIA  —51

46

45

ON-LINE SERVICE REQUESTS THE DESTINY CODE AND CHECKS FOR ITS VALIDITY  —47

IF VALID, ON-LINE SERVICE DECRYPTS AND DECODES DESTINY CODE  —48

IF VALID, ON-LINE SERVICE INTERACTIVELY PLAYS AMUSEMENT GAME WITH PLAYER  —49

IF VALID, ON-LINE SERVICE INTERACTIVELY PLAYS THE ACTUALIZATION GAME  —50

*FIG. 6*



PLAYER ACQUIRES AT LEAST ONE COMPATATIABLE DESTINY CODE STORED ON A GAME MEDIUM  —52

PLAYER ACQUIRES, USES, OR PAYS TO USE A COMPATIBLE SOFTWARE PROGRAM, GAME OR GAME PLAYER OF SOME TYPE  —53

PLAYER PLAYS THE COMPATIBLE GAME TO DISCOVER THE OUTCOME CONCEALED IN THE DESTINY CODE  —54

COMPATIBLE PROGRAM INSTRUCTS THE PLAYER ABOUT HOW TO REDEEM THEIR ACTUAL PRIZE IF ANY IS DUE  —55

*FIG. 7*

5/10



FIG. 8

IN001386

6/10



FIG. 9

7/10



FIG. 10

8/10



*FIG. 11*

*9/10*



FROM BLOCK 228
FIG 11

*230*

DISPLAY
PURCHASED TICKET

*232*

IS
MONEY
> 0
?

TO BLOCK 214
FIG 11    ← YES

NO

CALCULATE PREDETERMINED
OUTCOME CONTAINED IN THE
DESTINY CODE    *234*

*236*

IS
THIS CARD
A WINNER
?

NO    YES

SELECT A SET OF LOSING
NUMBERS (EX. A SET OF
NUMBERS THAT DOES NOT
MATCH ANY OF THE
TICKETS IN A WINNING
MANNER)    *238*

SELECT AT LEAST ONE
OF THE USERS CARDS
TO BE A WINNER.    *242*

MATCH THE PRIZE TO THE CARDS IN SUCH
A WAY AS TO CAUSE THE WINNINGS
TO MATCH THE DESTINY CODE'S
PREDETERMINED OUTCOME (EX. IF THE CARD IS
SUPPOSED TO WIN $75.00 THEN YOU COULD
HAVE ONE CARD MATCH 4 NUMBERS FOR A
$50.00 PRIZE AND A SECOND CARD MATCH 3
NUMBERS FOR A $25.00 PRIZE.

*244*

DISPLAY THE NUMBERS
ONE AT TIME
AS THOUGH THEY
WERE JUST
RANDOMLY SELECTED    *240*

TO BLOCK 246
FIG 13

*FIG. 12*

O.G. FIG.
CLASS SUBCLASS
APPROVED
BY
DRAFTSMAN

IN001390



**10/10**

FROM BLOCK 240
FIG 12

*246*

SAVE TO A USER SELECTED DRIVE
STATISTICAL AND HISTORICAL DATA
SO THE USER CAN TRACK THEIR GAME PLAY

COPY THIS FILE TO THE GAME MEDIA,
SO THAT THE ORGANIZATION THAT RUNS
THE GAME CAN TRACK THE
USER'S HABITS AS WELL          *248*

*250*
DOES
USER WANT A
PRINTOUT
?              YES.        PRINT OUT A TICKET
WITH ENCRYPTED
CONTROL DATA.

NO           *252*

*254*
IS
PRINT OUT
OK
?              NO

YES

IF PROGRAM HAS BEEN DEVELOPED
TO RUN ONLY ONCE ENCRYPT THE
DATA AND PROGRAMS ON THE
GAME MEDIUM TO RENDER IT       *256*
UNUSABLE AND TO ENCODE THE
HISTORY AND OUTCOME FOR
TRACKING PURPOSES.

*258*
IF
ALLOWED
ASK USER IF THEY
WANT TO CONTINUE       YES        TO GAME MENU
PLAY                              BLOCK 128
?                                 FIG 8

NO

TELL PLAYER HOW TO REDEEM
PRIZE IF ANY IS DUE       *260*

PROGRAM END

*FIG. 13*

APPROVED O.G. FIG.
BY CLASS SUBCLASS
DRAFTSMAN





E Chen
6-10-96

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/718,011 | 04/06/95 | | |

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|
| 3394 | 81B |

DATE MAILED: 06/11/96

## NOTICE OF ALLOWABILITY

**PART I**

1. ☒ This communication is responsive to *Amendment filed March 29, 1996*

2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course

3. ☒ The allowed claims are *1 - 17*

4. ☐ The drawings filed on _____ are acceptable.

5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [...] been received, [...] not been received [...] been filed in parent application Serial No. _____ filed on _____

6. ☒ Note the attached Examiner's Amendment

7. ☒ Note the attached Examiner Interview Summary Record, PTOL-413.

8. ☒ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449;

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☒ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.

   a. ☒ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS. PTO-948 attached hereto or to Paper No. _____ CORRECTION IS REQUIRED.

   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☒ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
☑ Examiner's Amendment
☑ Examiner Interview Summary Record, PTOL-413
☑ Reasons for Allowance
— Notice of References Cited, PTO-892
— Information Disclosure Citation, PTO-1449

— Notice of Informal Application, PTO-152
— Notice re Patent Drawings, PTO-948
— Listing of Bonded Draftsmen
— Other

PTOL-37 (REV. 4-89) ●

USCOMM-DC 83-5789

Serial Number: 08/418,011                          Paper No. 6
Art Unit: 3304                                          Page 2

**EXAMINER'S AMENDMENT**

1.   An Examiner's Amendment to the record appears below.  Should

the changes and/or additions be unacceptable to applicant, an

amendment may be filed as provided by 37 C.F.R. § 1.312.  To

ensure consideration of such an amendment, it MUST be submitted

no later than the payment of the Issue Fee.

    Authorization for this Examiner's Amendment was given in a

telephone interview with Mr. Martin Korn (Re. 28,317) on

June 4, 1996.

2.   The application has been amended as follows:

Claim 1, line 1, replace "interactive" with --lottery--.

Claim 1, line 5, replace "a" with --the lottery game and an

amusement--.

Claim 1, line 7, insert --s-- on "game" before "prior".

Claim 1, line 7, after "of the" insert --amusement--.

Claim 1, line 8, after "to" insert --amusement--.

Claim 1, line 9, before "game" insert --amusement--.

Claim 1, line 10, delete "interactive".

Claim 1, line 13, after "the" insert --amusement--.

Claim 1, line 15, before "game" insert --amusement--.

Claim 5, line 1, before "game" insert --amusement--.

Claim 6, line 1, before "game" insert --amusement--.

Claim 10, line 1, replace "An interactive" with --A lottery

type--.

IN001393

Serial Number: 08/418,011                          Paper No. 6
Art Unit: 3304                                      Page 3

Claim 10, line 4, after "the" insert --lottery game and an

amusement--.

Claim 10, line 6, insert --s-- on "game".

Claim 10, line 7, after "the" insert --amusement--.

Claim 10, line 8, after "to" insert --amusement--.

Claim 10, line 10, after "the" insert --amusement--.

Claim 10, line 11, delete "interactive".

Claim 10, lines 11-12, delete ", the player controlling game play

by inputting game parameters to said processor".

Claim 10, line 13, delete "being operable to".

Claim 10, line 14, replace "determine" with --determining--.

Claim 10, line 15, before "game" insert --amusement--.

Claim 10, line 16, before "game" insert --amusement--.

Claim 11, line 1, after "The" insert --lottery type--.

Claim 12, line 1, after "The" insert --lottery type--.

Claim 13, line 1, after "The" insert --lottery type--.

Claim 13, line 1, after "Claim" insert --10--.

Claim 14, line 1, after "The" insert --lottery type--.

Claim 14, line 1, after "said" insert --amusement--.

Claim 15, line 1, after "The" insert --lottery type--.

Claim 15, line 1, after "said" insert --amusement--.

Claim 16, line 1, after "The" insert --lottery type--.

Claim 17, line 1, after "The" insert --lottery type--.

Serial Number: 08/418,011                    Paper No. 6
Art Unit: 3304                                      Page 5

5.    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to M. A.
Sager whose telephone number is (703) 308-0785. The examiner can
normally be reached on M-TH from 0700 to 1700.

If attempts to reach the examiner by telephone are unsuccessful,
the examiner's supervisor, Ms. Jessica Harrison, can be reached
on (703) 308-2217.  The fax phone number for Group 3300 is (703)
305-3590.

Any inquiry of a general nature or relating to the status of this
application or proceeding should be directed to the Group
receptionist whose telephone number is (703) 308-0858.

MAS
June 4, 1996

SEBASTIANO PASSANITI
PRIMARY EXAMINER
GROUP 3300



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

ROSE, CLARK, SMITH & MONTGOMERY LLP
1722 DALLAS PARKWAY SUITE 103
DALLAS TEXAS 75240-6177

**NOTICE OF ALLOWANCE
AND ISSUE FEE DUE**

☐ None attached communication from the Examiner

☐ This Notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
|  |  |  |  |  |

First Named Applicant

TITLE OF INVENTION: PERSONAL COMPUTER LOTTERY GAME

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

***THE APPLICATION IDENTIFIES ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED.***

***THE ISSUE FEE MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS
APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.***

**HOW TO RESPOND TO THIS NOTICE:**

I. Review the SMALL ENTITY Status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the patent and Trademark Office of the change in status, or
  B. If the Status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with, pay of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B should be completed and returned. If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

III. All communications regarding this application must give series code (or filing date), serial number and batch number. Please direct all communication prior to issuance to Box ISSUE FEE unless advised to contrary.

*IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.*

PTOL-85 (REV. 12-93) (0651-0033)    4. PATENT AND TRADEMARK OFFICE COPY

IN001396

 

262-625

## PART B—ISSUE FEE TRANSMITTAL

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to addressee entered in Block 1 unless you direct otherwise, by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate "FEE ADDRESS" for maintenance fee notifications with the payment of Issue Fee or thereafter. See reverse for Certificate of Mailing.

| 1. CORRESPONDENCE ADDRESS | 2. INVENTOR(S) ADDRESS CHANGE (Complete only if there is a change) |
|---|---|
| ROSS CLAPP KORN & MONTGOMERY LLP 14681 DALLAS PARKWAY SUITE 150 DALLAS TEXAS 75240 7477 | INVENTOR'S NAME ___ Street Address ___ City, State and ZIP Code ___ CO-INVENTOR'S NAME ___ Street Address ___ City, State and ZIP Code ___ ☐ Check if additional changes are on reverse side |

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/4446-013 | 04/06/95 | 047 | DUCHI F | 2014 | 04/11/96 |

First Named Applicant: KATZ

TITLE OF INVENTION: PERSONAL COMPUTER LOTTERY GAME

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| | KATZ-13-038 | 463-017.000 | 081 | UTILITY | NO | 2655.00 | 07/11/96 |

```
810 TL 08/09/96 08418011
1 242        1250.00 CK
              625.00 CK
1 551         30.00 CK
```

| 3. Correspondence address change (Complete only if there is a change) | 4. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR, alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed. | ROSS, CLAPP, KORN & MONTGOMERY, L.L.P. 2. ____ 3. ____ |
|---|---|---|

DO NOT USE THIS SPACE

| 5. ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type) | | |
|---|---|---|
| (1) NAME OF ASSIGNEE | 6a. The following fees are enclosed: ☒ Issue Fee ☒ Advance Order - # of Copies 10 | |
| (2) ADDRESS: (CITY & STATE OR COUNTRY) | 6b. The following fees should be charged to: DEPOSIT ACCOUNT NUMBER 18-2026 (ENCLOSE PART C) ☐ Issue Fee ☐ Advance Order - # of Copies ☐ Any Deficiencies in Enclosed Fees | |
| ☐ Assignment previously submitted to the Patent and Trademark Office. ☐ Assignment is being submitted under separate cover. Assignments should be directed to Box ASSIGNMENTS. PLEASE NOTE: Unless an assignee is identified in Block 5, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment. | The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above. (Authorized Signature) _____ (Date) 6/26/96 | |
| | NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. | |

PTOL-85B (REV. 12-93)(0651-0033)    TRANSMIT THIS FORM WITH FEE  CERTIFICATE OF MAILING ON REVERSE

IN001397



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER | |
|---|---|
| ART UNIT | PAPER NUMBER |
| | 7 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Mr. Martin Korn (28,317)    (3) Mr. Perry Kaye (6/4/96 only)

(2) Ex. Mark Sager    (4)

Date of interview: 5/30/96, and 6/3/96 and 6/4/96

Type: ☒ Telephonic    ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No.    if yes, brief description: _____

Agreement ☒ was reached with respect to some or all of the claims in question. ☐ was not reached.

Claims discussed: 1-21

Identification of prior art discussed: Clapper (5,377,975) and Koza (4,582,324)

Description of the general nature of what was agreed to if agreement was reached, or any other comments: Proposed and discussed claim language to overcome 112(2) issues and prior art and to further clarify/define novel and non-obvious features of instant invention. Agreement was reached to amend claims 1, 5-6, and 10-17 and to cancel claims 18-21.

(A fuller description, if necessary, and a copy of the amendments which, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ It is not necessary for applicant to provide a separate record of the substance of this interview.

☒ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_Mark Sager_
Examiner's Signature

PTOL-413 (REV 1-84)

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

IN001398



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER | |
|---|---|
| ART UNIT | PAPER NUMBER |
| | 45 ○ |

DATE MAILED:

### EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) _Mr Martin Korn (re 28,317)_     (3) _____

(2) _Ex Mark Sager_     (4) _____

Date of Interview _Feb 28, 1996_

Type: ☒ Telephonic  ☐ Personal (copy is given to  ☐ applicant  ☐ applicant's representative)

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.  If yes, brief description: _____

Agreement  ☐ was reached with respect to some or all of the claims in question.  ☐ was not reached.

Claims discussed: _1-21_

Identification of prior art discussed: _N/A_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Discussion of_
_35 USC 112, 2nd paragraph rejections in first Official Action._
_The examiner recognized that some of the 112 rejections may_
_be incorrect or inappropriate. Agreed to review response upon_
_receipt._

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., Items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_M̶ _____
Examiner's Signature

PTOL-413 (REV. 1-84)

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER



*E Chan 3304*
*4-9-96*

*fee*
*0.1∪*
*5|∪*

KAYE-23,258

## THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Perry Kaye |
| Serial No.: | 08/418,011 |
| Filed: | April 6, 1995 |
| Group: | 3304 |
| Examiner: | M. Sager |
| For: | PERSONAL COMPUTER LOTTERY GAME |

I hereby certify that this correspondence is being deposited with the
United States Postal Service as first class mail in an envelope addressed
to Assistant Commissioner for Patents, Washington, DC 20231 on
_MARCH 25, 1996_
(Date of Deposit)

MARTIN KORN
(Name of Person Mailing Document)

_Martin Korn_
(Signature)
_March 25, 1996_
(Date of Signature)

BOX NON-FEE AMENDMENT
Assistant Commissioner for Patents
Washington, D.C. 20231

RECEIVED
APR 0 8 1996
GROUP 3300

Dear Sir:

### AMENDMENT

In response to the Office Action mailed January 31, 1996, please amend
the above-identified application as follows:

### IN THE CLAIMS

Please amend Claims 1, 5, 6, and 10-21 as follows:

A

IN001400

2

1. (Amended)  A method for playing a player interactive [lottery type] *lottery* game comprising the steps of:

acquiring by [the] a player a gaming piece, the gaming piece including a [predetermined] code which includes data indicating whether the player wins or loses [the] a game, the data being unrecognizable to the player, such that the player does not know [the outcome of] whether the player will win or lose the game prior to play of the game;

entering the code by the player into a processor prior to game play;

the processor [presenting a] generating the *amusement* game [of chance to the player] on a display for interactive play by the player, the player controlling game play by inputting game parameters to the processor;

[controlling by] the processor controlling whether the player will win or lose the game [the outcome of the game of chance played by the player] based upon the code entered by the player; and

providing on a display an indication to the player of [a] the *amusement* game win or [a game] loss based upon the code.

5. (Amended)  The method of Claim 1 wherein the *amusement* game [of chance] includes a horse race.

6. (Amended)  The method of Claim 1 wherein the *amusement* game [of chance] includes a card game.

27

3

10. (Amended) [A system for playing a player] An interactive [lottery type] *a lottery type* game comprising:

a gaming piece, said gaming piece including a [predetermined] code which includes data indicating whether [the] a player wins or loses the game, said data being unrecognizable to the player, such that the player does not know [the outcome of] whether the player will win or lose the *game* game prior to play of the game;

a processor for receiving said code input by the player prior to *amusement* game play;

said processor [presenting a game of chance to the player] generating the *amusement* game on a display for interactive play by the player, the player controlling game play by inputting game parameters to said processor,

said processor being operable to [control the outcome of the game of change played by the player] *determining* determine whether the player will win or lose the *amusement* game based upon said code; and

a display for providing an indication to the player of [a] the *amusement* game win or [a game] loss based upon said code.

11. (Amended) The [system] *lottery type* game of Claim 10 wherein said gaming piece includes magnetic media for storing said code.

12. (Amended) The [system] *lottery type* game of Claim 10 wherein said gaming piece includes laser optical media for storing said code.

13. (Amended) The [system] *lottery type* game of Claim 10 wherein said gaming piece includes a paper media for storing said code.

14. (Amended) The [system] game of Claim 10 wherein said game [of chance] includes a horse race.

15. (Amended) The [system] game of Claim 10 wherein said game [of chance] includes a card game.

16. (Amended) The [system] game of Claim 10 wherein said processor includes a computing device.

17. (Amended) The [system] game of Claim 10 wherein said processor includes a processor within an on-line subscription service.

5

18. (Amended) A [system for playing a lottery game] game comprising:

a gaming piece, said gaming piece including a [predetermined] code which includes data indicating whether [the] a player wins or loses the game, [the] said data being unrecognizable to the player, such that the player does

5  not know [the outcome of] whether the player will win or lose the game prior to play of the game;

a processor for receiving said code input by the player prior to game play;

said processor being operable to [control the outcome of] determine

10  whether the player will win or lose the game based upon said code; and

a display for providing an indication to the player of [a] the game win or [a game] loss based upon said code.

19. (Amended) The [system] game of Claim 18 wherein said gaming piece includes magnetic media for storing said code.

20. (Amended) The [system] game of Claim 18 wherein said gaming piece includes laser optical media for storing said code.

21. (Amended) The [system] game of Claim 18 wherein said gaming piece includes a paper media for storing said code.

## REMARKS

This application has been carefully reviewed in light of the Office Action mailed January 31, 1996 and the telephone conversation with Examiner Sager on February 28, 1996. Claims 1, 5, 6, and 10-21 have been amended.

IN001404

6

Reconsideration and favorable action in this application is respectfully requested.

Claims 1-21 have been rejected under 35 U.S.C. § 112, second paragraph. Claims 1, 5, 6, and 10-21 have been amended to more clearly define the present invention, and it is respectfully submitted that Claims 1-21 are now in full compliance with 35 U.S.C. § 112, and are in condition for allowance.

Independent Claims 1 and 10 have been rejected under 35 U.S.C. § 103 as being unpatentable over Clapper, Jr. in combination with Koza and Heidel. Independent Claim 18 has been rejected under 35 U.S.C. § 102 as being anticipated by Clapper, Jr. Claims 1, 10, and 18 have been amended to more clearly define the present invention, and it is respectfully submitted that these claims are now in condition for allowance.

The present invention relates to a game and method in which a player acquires a gaming piece, such as for example, a ticket. The ticket includes encoded data or a code, unrecognizable to the player. The code determines whether the player will win or lose the game. The data is input by the player into a game processor which in turn generates an interactive game for play by the player. The actual play of the game by the player does not control whether the player will win or lose the game, since the outcome of the game is predetermined by the code on the gaming ticket. The processor manipulates the game in accordance with the code entered by the player prior to game play. In Applicant's game and method, the ticket can be obtained by a game player, and later used to play the game. The tickets have a "portability" feature in that play of the game is not dependent upon the time of acquisition of the ticket by a game player. The code encoded on the ticket is required to be input into the gaming processor by the game player prior to game play. The processor

7

does not independently or randomly determine the outcome of the game, as this outcome is determined by the code input by the game player.

None of the cited references disclose or suggest a game or method of playing a game in which a code entered by the player prior to game play controls the outcome, win or loss, of the game. The Clapper, Jr. reference discloses the use of a bar code which merely identifies indicia printed on a strip. The bar code is used to display the strip indicia to a game player. The printed indicia on the strip determines whether the player wins or loses the game, and not the code. The bar code of the Clapper, Jr. reference is not entered by the player into a processor, nor is the bar code contained on a gaming piece required by a game player. The Clapper, Jr. game requires the ticket be stored in a gaming machine, which ticket is not independent of the gaming machine. In summary, the Clapper, Jr. reference use of a code is only to automate the display of the indicia printed on the ticket, which code does not control game win or loss. It is the indicia on the ticket which controls game win or loss, and not the code.

As acknowledged by the Examiner in paragraph 5 of the Office Action, Clapper, Jr. does not disclose the step or function of entering the code by the player into a processor, the processor presenting a game to the player on a display for interactive play by the player, or the player controlling game play be inputting game parameters entered by the player. It is therefore respectfully submitted that Claim 1 is clearly distinguishable over the Clapper, Jr. reference taken individually or in combination with Koza and Heidel.

Reference to Koza and Heidel does not cure the above noted deficiencies in Clapper, Jr. Koza does not disclose or suggest a game in which a player acquires a code on a gaming piece, and in which the code in input by the player. The Koza system does not utilize preprinted tickets as previously

8

discussed with reference to Clapper, Jr. The Heidel reference merely discloses a
blackjack game, and does not disclose or suggest the use of a player input code
which controls the game outcome. It is therefore respectfully submitted that
Claims 1,10, and 18 clearly distinguish over the Clapper, Jr., Koza, and Heidel
references taken individually or in combination, and the withdrawal of the
rejection under 35 U.S.C. § 103 is respectfully requested.

Claims 2-9 depending from Claim 1; Claims 11-17 depending from
Claim 10; and Claims 19-21, depending from Claim 18, further define the
present invention, and it is respectfully submitted that these claims are also in
condition for allowance.

For the foregoing reasons, full allowance of Claims 1-21 pending in this
application is respectfully requested. If the Examiner has any questions
regarding this amendment, the Examiner is respectfully requested to telephone
the undersigned.

Respectfully submitted,

ROSS, CLAPP, KORN & MONTGOMERY, L.L.P.
Attorneys for Applicant

Martin Korn
Registration No. 28,317

MR/jbh

14651 Dallas Parkway, Suite 102
Dallas, TX  75240-7477

214/661-0102
214/661-0675 (Fax)

March 25, 1996

IN001407

 

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/418,011 | 04/06/95 | KAYE | | KAYE-23,258 |

| | EXAMINER |
|---|---|
| SAGER, M | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2304 | 4 |

FSM1/0131
ROSS CLAPP KORN & MONTGOMERY LLP
14651 DALLAS PARKWAY SUITE 102
DALLAS TEXAS 75240-7477

DATE MAILED:
01/31/96

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), __0__ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892. 2 pages   2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474   6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _____1-21_____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _____1-21_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948)

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

1/4/96
PTOL-326 (Rev. 2/93)                    **EXAMINER'S ACTION**

IN001408

Serial Number: 08/418,011
Art Unit: 3304

Paper No. 4
Page 2

Part III    DETAILED ACTION

### Claim Rejections - 35 USC § 112

1.   Claims 1-21 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claims 1-21 are replete with indefiniteness for not clearly claiming the subject.  Specifically, claim terminology such as "the subject" is indefinite for not clearly claiming the subject. Some examples (which is not an exhaustive listing of all indefinite phrases) are cited next.  Regarding claims 1-21, the phrases "the steps", the player", "the data", "the gaming piece", "the game", "the processor", "the outcome", "the code", "the method", and "the system" are indefinite for not clearly claiming the subject.  The examiner also suggests to the Applicant that the phrase "the game" is not clearly linked to a "lottery type game".

### Claim Rejections - 35 USC § 102

2.   The following is a quotation of the appropriate paragraphs of 35 U.S.C. § 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --
(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

3.   Claims 18 and 20-21 are rejected under 35 U.S.C. § 102(a) as being anticipated by Clapper, Jr ('975).  Clapper discloses a system for playing a lottery game (pull-tab) comprising a "game piece" (Fig. 5) "including a predetermined code which includes data indicating whether the player wins or loses the game, the data being unrecognizable to the player, such that the player does not know the outcome of the game prior to play of the game;

a processor for receiving said code; said processor being

operable to control the outcome of the game based upon said code;

and a display for providing an indication to the player of a game

win or a game loss based upon said code" (Fig. 1, ref. 14, Fig.

5, ref. 56, column 5, lines 42-49, column 7, lines 31-54 and

column 8, lines 17-24 and 37-42) (claim 18), "said gaming piece

includes laser optical media for storing said code" (Fig. 5, ref

56, column 7, lines 19-30) (claim 20), "said gaming piece

includes a paper media for storing said code" (Fig. 5) (claim

21).

### Claim Rejections - 35 USC § 103

4.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

5.    Claims 1, 3-4, 6, 8, 10, 12-13, and 15-16 are rejected under

35 U.S.C. § 103 as being unpatentable over Clapper, Jr. ('975) in

combination with Koza ('324) and Heidel.  Clapper discloses the

Serial Number: 08/418,011                    Paper No. 4
Art Unit: 3304                                Page 4

features of the instant invention per se except "entering the
code by the player into a processor" (claim 1), "the processor
presenting a game of chance to the player on a display for
interactive play by the player, the player controlling game play
by inputting game parameters to the processor" (claims 1 and 10),
and "entered by the player" (claim 1), "game of chance includes a
card game" (claims 6 and 15).

Regarding "entering the code by the player into a
processor" (claim 1)and "entered by the player" (claim 1),
Clapper discloses the code being scanned automatically in order
to automate the process of the processor reading and interpreting
the code for display (column 7, lines 19-33, and column 8, lines
48-52). It is known in the art that automated processes may be
accomplished manually. It would have been obvious to one of
ordinary skill in the art at the time the invention was made to
incorporate the "entering the code by the player into a
processor" into Clapper's method in order for a player to scan
the barcode manually into Clapper's processor.

Regarding claims 1 and 10, Koza discloses "the processor
presenting a game" "to the player on a display for interactive
play by the player, the player controlling game play by inputting
game parameters to the processor" (Figs. 1-6, column 2, lines 37-
452, column 3, lines 10-68, column 4, lines 1-60, column 5, lines
17-20, 39-68), but does not disclose the video game being played
being a game "of chance". While further regarding claims 1 and

Serial Number: 08/418,011                     Paper No. 4
Art Unit: 3304                                Page 5

10 and regarding claims 6 and 15, Heidel discloses a video
lottery terminal which permits games of chance such as blackjack
to be played (Figs. 1, 2a-2d). It would have been obvious to one
of ordinary skill in the art at the time the invention was made
to combine the playing games "of chance" as taught by Heidel with
Koza's system in order to add to the excitement of playing a
video game by playing a game of chance such as a card game of
video poker. It would have been obvious to one of ordinary skill
in the art at the time the invention was made to combine "the
processor presenting a game of chance to the player on a display
for interactive play by the player, the player controlling game
play by inputting game parameters to the processor" as taught by
Koza in the combination with Heidel with Clapper's apparatus in
order to increase the excitement of playing a lottery game by
providing the player with the "amusement and entertainment of a
video game while at the same time playing the lottery thus having
the opportunity to win a lottery prize" (Koza, column 2, lines
37-40).

6.    Claim 19 is rejected under 35 U.S.C. § 103 as being
unpatentable over Clapper, Jr in combination with Bergeron
('666). Clapper discloses the features of the instant invention
per se except "includes magnetic media for storing said code".
Bergeron discloses a system using magnetic media for storing data
(Fig. 1). It would have been obvious to one of ordinary skill in
the art at the time the invention was made for the game pieces in

Serial Number: 08/418,011                        Paper No. 4
Art Unit: 3304                                         Page 6

Clapper's method to be combined with "includes magnetic media for
storing said code" as taught by Bergeron.

7.    Claims 2 and 11 are rejected under 35 U.S.C. § 103 as being
unpatentable over Clapper, Jr. ('975) in combination with Koza
('324) and Heidel as applied to claims 1 and 10 above,
respectively, and further in view of Bergeron ('666). Clapper in
combination with Koza ('324) and Heidel discloses the features of
the instant invention per se except "includes magnetic media for
storing said code". Bergeron discloses a system using magnetic
media for storing data (Fig. 1). It would have been obvious to
one of ordinary skill in the art at the time the invention was
made for the game pieces in Clapper's method to be combined with
"includes magnetic media for storing said code" as taught by
Bergeron.

8.    Claims 5 and 14 are rejected under 35 U.S.C. § 103 as being
unpatentable over Clapper, Jr. ('975) in combination with Koza
('324) and Heidel as applied to claims 1 and 10 above,
respectively, and further in view of Wilson. Clapper in
combination with Koza and Heidel discloses the features of the
instant invention per se except "game of chance includes a horse
race". Horse racing is a well known game of chance. Wilson
discloses an interactive video horse-racing game. Koza as stated
above discloses the combining of playing a video game with
lottery. It would have been obvious to one of ordinary skill in
the art at the time the invention was made to combine "game of

Serial Number: 08/418,011                    Paper No. 4
Art Unit: 3304                                   Page 7

chance includes a horse race" as disclosed by Wilson with
Clapper's apparatus in combination Koza and Heidel in order to
increase the excitement of playing a lottery game by providing
the player with the "amusement and entertainment of a video game
while at the same time playing the lottery thus having the
opportunity to win a lottery prize" (Koza, column 2, lines 37-
40).

9.    Claims 9 and 17 are rejected under 35 U.S.C. § 103 as being
unpatentable over Clapper in combination with Koza and Heidel as
applied to claims 1 and 10 above, respectively, and further in
view of Bergeron et al.    Clapper in combination with Koza and
Heidel discloses the features of the instant invention per se
except "includes a processor within an on-line subscription
service".    Koza further discloses the video game amusement
terminals (20) being remote from a central controller (24).
Bergeron et al discloses a system which "includes a processor
within an on-line subscription service" (Figs. 5-7).    It would
have been obvious to one of ordinary skill in the art at the time
the invention was made to combine "includes a processor within an
on-line subscription service" as taught by Bergeron with
Clapper's apparatus in combination with Koza and Heidel in order
to increase the excitement of playing a lottery game by providing
the player with the "amusement and entertainment of a video game
while at the same time playing the lottery thus having the
opportunity to win a lottery prize" (Koza, column 2, lines 37-40)

Serial Number: 08/418,011                        Paper No. 4
Art Unit: 3304                                              Page 8

and the on-line subscription service permitting the playing of
lottery combined with video games in the luxury of ones home.

### Allowable Subject Matter

10. Claim 7 would be allowable if rewritten to overcome the
rejection under 35 U.S.C. 112 and to include all of the
limitations of the base claim and any intervening claims.

### Conclusion

11. The prior art made of record and not relied upon is
considered pertinent to applicant's disclosure.

Raven discloses a gaming machine information, communication
and display system. Snowden discloses a player operated win
checker connected to an agent terminal. Scagnelli et al
discloses a computerized lottery wagering system. Gumina
discloses interactive games and method of playing. Eberhardt et
al discloses a video lottery system with improved site controller
and validation unit. Wells discloses a method and apparatus for
random play of lottery games. Kapur discloses a card-activated
point-of-sale lottery terminal. Walker discloses an interactive
telephone lottery system with a verification code. Entenmann
discloses use of telecommunications systems for lotteries.
Muller discloses high security instant lottery using bar codes.
Keane discloses optical card reader utilizing area image
processing. Troy discloses a automatic lottery system. Koza
('998) discloses video gaming system with pool prize structures
and encrypted information. Koza ('324) discloses illusion of

Serial Number: 08/418,011                                    Paper No. 4
Art Unit: 3304                                                    Page 9

skill game machine for a gaming system.  Pelligrini discloses an

electronic access control system for coin-operated games and like

selectively accessible devices.  Rose discloses a horse race

lottery game.  Krause discloses universal mark sense betting

terminal system and method.

12.  Any inquiry concerning this communication or earlier
communications from the examiner should be directed to M. A.
Sager whose telephone number is (703) 308-0785.

MAS
January 4, 1996

                                    JESSICA J. HARRISON
                                    PRIMARY EXAMINER
                                    GROUP 3300

TO SEPARATE: HOLD TOP AND BOTTOM EDGES, SNAP—APART ~.~ ___ ) CARBON

Page 1 of 2

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/418,011 | GROUP ART UNIT 3304 | ATTACHMENT TO PAPER NUMBER 4 |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Kaye | | |

### U.S. PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5 4 2 9 3 6 1 | 7/95 | Raven et al | 273 | 138A | 9/91 |
| | B | 5 4 1 7 4 2 4 | 5/95 | Snowden et al | 364 | 412 | 9/93 |
| | C | 5 4 1 5 4 1 6 | 5/95 | Scagnelli et al | 273 | 138A | 1/94 |
| | D | 5 4 1 1 2 5 8 | 5/95 | Wilson et al | 364 | 410 | |
| | E | 5 4 0 7 1 4 9 | 4/95 | Gumina | 273 | 138R | |
| | F | 5 3 9 8 9 3 2 | 3/95 | Eberhardt et al | 273 | 138A | |
| | G | 5 3 7 7 9 7 5 | 1/95 | Clapper, Jr. | 273 | 138A | |
| | H | 5 3 4 2 0 4 7 | 8/94 | Heidel et al | 273 | 138A | |
| | I | 5 3 3 0 1 8 5 | 7/94 | Wells | 364 | 412 | |
| | J | 5 2 2 3 6 9 8 | 6/93 | Kapur | 364 | 412 | |
| | K | 5 0 8 3 2 7 2 | 1/92 | Walker et al | 364 | 412 | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. PP. DWG. SPEC. |
|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | |
| | M | | | | | | | |
| | N | | | | | | | |
| | O | | | | | | | |
| | P | | | | | | | |
| | Q | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER M A Sager | DATE 1/4/96 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

IN001417

 

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

Page 2 of 2

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/418,011 | GROUP ART UNIT 3304 | ATTACHMENT TO PAPER NUMBER 4 |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Kaye | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 4 9 9 6 7 0 5 | 2/91 | Entenmann | 364 | 412 | |
| | B | 4 8 3 2 3 4 1 | 5/89 | Muller et al | 273 | 138A | |
| | C | 4 7 6 4 6 6 6 | 8/88 | Bergeron | 273 | 139 | |
| | D | 4 7 6 0 2 4 7 | 7/88 | Keane et al | 364 | 412 | |
| | E | 4 6 8 9 7 4 2 | 8/87 | Troy et al | 273 | 138A | |
| | F | 4 6 5 2 9 9 8 | 3/87 | Koza et al | 364 | 412 | |
| | G | 4 5 8 2 3 2 4 | 4/86 | Koza et al | 273 | 138A | |
| | H | 4 5 7 5 6 2 2 | 3/86 | Pellegrini | 364 | 410 | |
| | I | 4 2 8 8 0 7 7 | 9/81 | Rose et al | 273 | 138A | |
| | J | 4 1 0 8 3 6 1 | 8/78 | Krause | 364 | 412 | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER M.A. Sager | DATE 1/4/96 | |
|---|---|---|

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

08/418,011

Attachment _____4_____

The drawings submitted with this application were declared
informal by the applicant. Accordingly they have not been
reviewed by a draftsperson at this time. When formal
drawings are submitted, the draftsperson will perform a
review.

Direct any inquires concerning drawing review to the Drawing
Review Branch (703) 305-8404.

SUBSTITUTE PTO-948

Gp 334

KAYE-23,258                                                    PATENT

33x Horison v-33



THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:     Perry Kaye

Serial No.:              08/418,011

Filed:                   04/06/1995

Group:                   3304

Examiner:

For:        PERSONAL COMPUTER
            LOTTERY GAME

I hereby certify that this correspondence is being deposited with the
United States Postal Service as first class mail in an envelope addressed
to Assistant Commissioner for Patents, Washington, DC 20231 on
_SEPTEMBER 15, 1995_
(Date of Deposit)

MARTIN KORN
(Name of Person Mailing Document)

_Martin Korn_
(Signature)

_SEPTEMBER 15, 1995_
(Date of Signature)

J. Valet
10-25-95
#3/ltr. re
small entity

Assistant Commissioner for
   Patents
Washington, D.C.  20231

Dear Sir:

RECEIVED
OCT / 1995
GROUP 3900

### TRANSMITTAL OF VERIFIED STATEMENT

Transmitted herewith is a Verified Statement Claiming Small Entity
Status - Independent Inventor, to reflect a change in ownership of the above-
identified application from the prior assignee, Gizmo Enterprises, Inc., to the
inventor, Perry Kaye.

Respectfully submitted,

ROSS, CLAPP, KORN & MONTGOMERY, L.L.P.

_Martin Korn_
Martin Korn
Registration No. 28,317

2

14651 Dallas Parkway, Suite 102
Dallas, Texas 75240-7477
214/661-0102
214/661-0675 (Fax)

September 15, 1995

IN001421



KAYE-23,258                                                    PATENT

### VERIFIED STATEMENT CLAIMING
### SMALL ENTITY STATUS -- INDEPENDENT INVENTOR

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9 (c) for purposes of paying reduced fees under section 41 (a) and (b) of Title 35, United States Code, to the Patent and Trademark Office with regard to the invention entitled "Personal Computer Lottery Game" described in application serial no. 08/418,011, filed April 6, 1995.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who could not be classified as an independent inventor under 37 CFR 1.9 (c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9 (d) or a nonprofit organization under 37 CFR 1.9 (e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below.

NONE

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28 (b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

Perry Kaye

September 5, 1995
Date

KAYE-23,258

OP3304

PATENT

THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

JUN 1 3 1995

GROUP 330

In re application of:     Perry Kaye
Serial No.:               08/418,011
Filed:                    April 6, 1995
Group:                    3304
For:                      PERSONAL COMPUTER
                          LOTTERY GAME

Assistant Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231 on _July 22 1995_ (Date of Deposit).

Martin Korn
Name of Person Mailing Document

Signature

May 22 1995
Date of Signature

INFORMATION DISCLOSURE
STATEMENT

     Pursuant to Applicant's duty to disclose all relevant
material, the Applicant attaches hereto PTO Form 1449
"Information Disclosure Citation" and copies of the references
cited therein.

                    Respectfully submitted,

                    ROSS, CLAPP, KORN & MONTGOMERY, L.L.P.
                    Attorneys for Applicant

                    Martin Korn
                    Registration No. 28,317

MK/jbh

Enclosures

14651 Dallas Parkway, Suite 102
Dallas, TX   75240-7477

214/661-0102
214/661-0675 (Fax)

May 22, 1995

Sheet ___1___ of ___1___

| INFORMATION DISCLOSURE CITATION | Attorney Docket No. KAYE-23,258 | Serial Number 08/418,011 |
|---|---|---|
| | Applicant:    Perry Kaye | |
| | Filing Date April 6, 1995 | Group  3304 |

### U.S. PATENT DOCUMENTS

| Exmnr Initl | Document No. | Date | Name | Class | SubClass | Filing Date |
|---|---|---|---|---|---|---|
| MAS | 4,882,473 | 11/21/89 | D.R. Bergeron et al. | 235 | 380 | |
| MAS | 5,069,453 | 12/3/91 | John R. Koza et al. | 273 | 139 | |
| MAS | 5,112,050 | 5/12/92 | John R. Koza et al. | 273 | 139 | |
| MAS | 5,212,368 | 5/18/93 | Hiroshi Hara | 235 | 375 | |
| MAS | 5,282,620 | 2/1/94 | Roger N. Keesee | 273 | 138 A | |
| MAS | 5,326,104 | 7/5/94 | Logan L. Pease et al. | 273 | 138 A | |
| MAS | 5,327,485 | 7/5/94 | Frank Leaden | 379 | 95 | |
| MAS | 5,348,299 | 9/20/94 | Ronald C. Clapper,Jr. | 273 | 138 A | |
| MAS | 5,331,141 | 7/19/94 | Fukashi Kaneko | 235 | 462 | |
| MAS | 5,365,575 | 11/15/94 | Ronald A. Katz | 379 | 92 | |

### FOREIGN PATENT DOCUMENTS

| | Document No. | Date | Country | Class | SubClass | Transl. |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

### OTHER DOCUMENTS

| | |
|---|---|
| | |
| | |
| | |

| Examiner  M A Logan | Date Considered  1/4/96 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line thru citation if not in conformance and not considered.  Include copy of this form with next communication.

08/418011

PATENT APPLICATION SERIAL NO._____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

040 ZR 04/18/95 08418011          1 101     376.00 CK KAYE-23,258

PTO-1556
(5/87)

IN001425

11/418011



**APPLICATION FOR U.S. PATENT
TRANSMITTAL FORM**

Attorney Docket No. KAYE-23,258

THE COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C.  20231

Sir:

Transmitted herewith for filing is the patent application of:

    Inventor:  Perry Kaye

    For:  "Personal Computer Lottery Game"

Enclosed are:

    __12__  sheets of informal drawings.

    Declaration and Power of Attorney

    Statement Claiming Small Entity Status--Small Business Concern
    Assignment to Gizmo Enterprises, Inc.

| FEE CALCULATION | | | | FEE |
|---|---|---|---|---|
| | No. | No. Extra | Rate | Basic Fee $365.00 |
| Total Claims | 21 | --20= 1 | X $11 | $ 11.00 |
| Independent Claims | 3 | - 3= -- | X $38 | $ 00.00 |
| Total Filing Fee | | | | $376.00 |
| Assignment Recording Fee | | | | $ 40.00 |
| TOTAL FEES | | | | $416.00 |

    Enclosed is a check in the amount of $416.00.  Please charge
any additional fees or credit any overpayment to Deposit Acct. No.
18-2026 of ROSS, CLAPP, KORN & MONTGOMERY, L.L.P.  A duplicate copy
of this sheet is enclosed.

    Please return the Assignment following recordal to the
undersigned attorney.

__4/6/95__
Date

Martin Korn
Attorney for Applicant
Registration No. 28,317

IN001426