"A good test, and probably the only objective test, for 'same invention,' is whether one of the claims could be literally infringed without literally infringing the other." *In re Vogel*, 422 F.2d 438, 441 (C.C.P.A. 1970). "If it is determined that the same invention is being claimed twice, 35 U.S.C. § 101 forbids the grant of the second patent, regardless of the presence or absence of a terminal disclaimer." *Vogel*, 422 F.3d at 441.

The Federal Circuit, however, is of the view that, at least in the case of two utility patents, the mere fact that claims are drawn to different statutory categories of inventions means that they are not drawn to the same invention. *Studiengesellschaft Kohle v. N. Petrochem. Co.*, 784 F.2d 351, 354 (Fed. Cir. 1986) (no "same invention" double patenting where first patent covers a catalyst, and the second patent covers a method of using the catalyst). Further, double patenting does not occur where one claim has an additional element not specifically set forth in the other claim. *See, e.g., General Foods Corp. v. Studiengesellschaft Kohle mbH*, 972 F.2d 1272, 1277-78 (Fed. Cir. 1992) (process claim with one step different from claim from earlier patent precluded double patenting finding).

(ii)    Obviousness-type double patenting

The Patent Act and PTO rules support the filing of a terminal disclaimer even after issuance of the second patent in view of 35 U.S.C. § 253 permitting any patentee to "disclaim or dedicate to the public the entire term, or any terminal part of the term, of the patent granted." *Perricone*, 432 F.3d at 1375. A terminal disclaimer can indeed supplant a finding of invalidity for double patenting. *Id; see also Applied Materials, Inc. v. Semiconductor Materials Am., Inc.* 98 F.3d 1563, 1577 (Fed. Cir. 1996) ("For obviousness-type double patenting, [the improper extension of the statutory term] can sometimes be avoided for co-owned patents...through the

41

user of a terminal disclaimer."); *In re Metoprolol Succinate*, 2006 W.L. 120343, *12 (E.D. Mo. 2006).

        3.      Whether GameLogic can prove, by clear and convincing evidence, that claims 1, 4, 6, 8, 9, 10, 13, and 15 of the '082 Patent are unenforceable based on inequitable conduct. Whether GameLogic can prove, by clear and convincing evidence, that claim 1 of the '603 Patent is unenforceable based on inequitable conduct.

        a.      General Requirements to Show Inequitable Conduct

An accused infringer's defense of inequitable conduct requires that it establish threshold factual showings both that the applicant withheld material information from the PTO during examination of the patent (or submitted material false information), and that the applicant acted with the intent to deceive the examiner into granting the patent. *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1326 (Fed. Cir. 2000). "It was to mitigate the 'plague' whereby every patentee's imperfections were promoted to 'inequitable conduct' that [the Federal Circuit] reaffirmed that both materiality and culpable intent must be established." *Allied Colloids, Inc. v. Am. Cyanamid Co.*, 64 F.3d 1570, 1578 (Fed. Cir. 1995). The accused infringer must establish both findings by clear and convincing evidence. *Fiskars*, 221 F.3d at 1326. If both materiality and intent have been established by clear and convincing evidence, the Court must weigh the facts, including all evidence of the patentee's good faith, to determine the ultimate question of inequitable conduct and whether that conduct renders the patent unenforceable. *Id.*; *Kingsdown*, 863 F.2d at 876 (requiring consideration of any evidence of patentee's good faith).

In weighing materiality and intent, the more material the omission or the misrepresentation, the lower the level of intent required to establish inequitable conduct, and vice versa. *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253, 1261 (Fed. Cir. 2001).

However, if either materiality or intent is not found, then no further analysis need be performed, and unenforceability must be denied. *Id.*

To determine what constitutes material information, courts look to the definition of materiality provided by 37 C.F.R. § 1.56, which sets forth the PTO's definition of materiality. Importantly, this provision was substantially narrowed in 1992 in response to the widespread perception that the defense of inequitable conduct had become an abusive allegation. As the Federal Circuit stated:

> *the habit of charging inequitable conduct in almost every major patent case has become an absolute plague.* Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself. A patent litigant should be made to feel, therefore, that an unsupported charge of "inequitable conduct in the Patent Office" is a negative contribution to the rightful administration of justice.

*Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) (emphasis added).

In evaluating materiality, the Federal Circuit refers to the definition provided in Rule 56 which sets forth that information is material when it is not cumulative to information already of record or being made of record in the application, and (1) it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) it refutes, or is inconsistent with, a position that applicant takes in (1) opposing an argument of unpatentability relied on by the Office, or (2) asserting an argument of patentability. *Bruno Indep. Living Aids Inc. v. Acorn Mobility Services Ltd.*, 394 F.3d 1348, 1352 (Fed. Cir. 2005).

Where the defendant alleges inequitable conduct based on the failure to disclose relevant prior art to the PTO, the defendant must prove: 1) prior art that was material; 2) knowledge chargeable to an applicant of that prior art and of its materiality; 3) failure of the applicant to disclose the art resulting from an intent to mislead the PTO. *Elk Corp. of Dallas v. GAF Bldg. Materials Corp.*, 168 F.3d 28, 30 (Fed. Cir. 1999). If the defendant succeeds in proving these elements, inequitable conduct may be rebutted by a showing that: 1) the prior art was not material; 2) if the prior art was material, a showing that the applicant did not know of that art; 3) if the applicant did know of the art, a showing that the applicant did not know of its materiality; or 4) a showing that the applicant's failure to disclose the art did not result from an intent to mislead the PTO. *Id.* Intent to deceive may *not* be inferred from a mere failure to disclose known prior art. *Halliburton Co. v. Schlumberger Tech. Corp.*, 925 F.2d 1435, 1443 (Fed. Cir. 1991); *see also Boehringer Ingelheim Vetmedica, Inc. v. Schering Plough Corp.*, 106 F. Supp. 667, 680 (D. N.J. 2000) . ("In light of the fact that Boehringer put the USPO on notice of this prior art, it is difficult for Schering to make a threshold showing of deceptive intent by clear and convincing evidence."). Moreover, the Federal Circuit has made clear that even a finding that particular conduct "amounts to gross negligence does not of itself justify an inference of intent to deceive." *Kingsdown*, 863 F.2d at 876; *see also Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 882 F.2d 1556, 1562 (Fed. Cir. 1989) (lower court's finding of "studied ignorance" and gross negligence held insufficient basis from which to presume finding of intent to deceive).

A finding of inequitable conduct is precluded where, as here, a patentee receives allegedly material prior art after payment of an issue fee and submits that allegedly material prior art in a continuation patent application. *See Kimberly-Clark Corp. v. Proctor & Gamble Distributing Co.*, 973 F.2d 911, 917-18 (Fed. Cir. 1992). Rather, the disclosure of the allegedly

material prior art in the sibling continuation application is inconsistent with an intent to deceive -

a threshold requirement for inequitable conduct. *Id.*

> b.  Inequitable Conduct Cannot Taint Subsequent Patents Where
> Information Is Not Withheld In the Subsequent Patent

Inequitable conduct pertaining to one patent can taint another patent, where the alleged

conduct permeates the other patents-in-suit. *See, e.g., Consolidated Aluminum Corp. v. Foseco

Intl. Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990). However, as here, a later patent is not tainted

where allegedly material prior art not cited in an earlier patent is cited in the later patent. *See

Fiskars*, 221 F.3d at 1326-28. ("applicant cannot be guilty of inequitable conduct if the reference

was cited to the examiner, whether or not it was a ground of rejection by the examiner;"); *see

also Boehringer*, 106 F. Supp. at 680. Additionally, there must be a finding of inequitable

conduct sufficient to hold at least one patent unenforceable before considering whether to hold

an entire group of related patents unenforceable. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245,

1259 (Fed. Cir. 2000).

> C.  GameLogic's Statement of Issues of Law
>
>> 1.  WHETHER THE '082 AND '603 PATENTS HAVE BEEN INFRINGED

Determining infringement generally requires two steps. "First, the claim must be

properly construed to determine its scope and meaning. Second, the claim as properly construed

must be compared to the accused device or process." *Carroll Touch, Inc. v. Electro Mech. Sys.,

Inc.*, 15 F.3d 1573, 11576 (Fed. Cir. 1993). Infringement occurs when a properly-construed

patent claim reads on the accused product. *Monsanto Co. v. Scruggs*, Nos. 04-1532, 05-1120,

05-1121, slip op. at 5 (Fed. Cir. Aug. 16, 2006) (*citing Atlas Powder Co. v. E.I. du Pont & Co.*,

750 F.2d 1569, 1579 (Fed. Cir. 1984)).

a.      Literal Infringement

Literal infringement occurs where each and every limitation of at least one claim of the

patent is found exactly in the accused product. *See, e.g., Bai v. L & L Wings, Inc.*, 160 F.3d

1350, 1353 (Fed. Cir. 1998). The patent owner has the burden of proving literal infringement

and must meet its burden by a preponderance of the evidence. *See, e.g., Kao Corp. v. Unilever

U.S., Inc.*, 441 F.3d 963, 972 (Fed. Cir. 2006).

b.      Infringement Under The Doctrine Of Equivalents

A claim can also be infringed under the doctrine of equivalents. As the Supreme Court

has described the doctrine of equivalents, "a product or process that does not literally infringe

upon the express terms of a patent may nonetheless be found to infringe if there is 'equivalence'

between the elements of the accused product or process and the elements of the patented

invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997).

The party asserting infringement under the doctrine of equivalents must present evidence

and argument concerning the doctrine and each of its elements. *Lear Siegler, Inc. v. Sealy

Mattress Co.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989). The evidence and argument on the doctrine

of equivalents may not merely be subsumed in a plaintiff's case of literal infringement. *Id.*

One test for equivalence is whether or not an element accused of substituting for a

claimed element literally missing in the accused product "perform[s] substantially the same

function in substantially the same way to obtain substantially the same result." *Graver Tank &

Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950). Another test for equivalence is

whether or not there are substantial differences between the claimed element and the accused

equivalent. A theory of equivalents that vitiates a claim limitation is improper as a matter of law.

*Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (quoting

*Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1321 (Fed. Cir. 2003)).

Prosecution history estoppel limits the broad application of the doctrine of equivalents by barring

an equivalents argument for subject matter relinquished when a patent claim is narrowed during

prosecution. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-34

(2002); *see also Biagro W. Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1301 (Fed. Cir. 2005).

Prosecution history estoppel can occur during prosecution of a patent in one of two ways,

either (1) by making a narrowing amendment to the claim, known as "amendment-based

estoppel," or (2) by surrendering claim scope through arguments made to the patent examiner,

known as "argument-based estoppel." *Deering Precision Instruments, LLC v. Vector Distrib.*

*Sys., Inc.*, 347 F.3d 1314, 1324 (Fed. Cir. 2003).

2.    WHETHER THE '082 AND '603 PATENTS ARE INVALID

A patent is invalid if it fails to satisfy, *inter alia*, the requirements of 35 U.S.C. §§ 101,

102, 103 and 112. Invalidity must be shown by clear and convincing evidence. *Moba B.V. v.*

*Diamond Automation, Inc.*, 325 F.3d 1306, 1319 (Fed. Cir. 2003). District courts may reach

different conclusions than the PTO regarding the validity of a patent even when relying on

evidence that was considered by the PTO. *See, e.g., Tyler Refrigeration v. Kysor Indus. Corp.*,

777 F.2d 687, 690 (Fed. Cir. 1985).

a.    Double Patenting

"The double patenting doctrine generally prevents a patentee from receiving two patents

for the same invention. Thus, this doctrine polices the proper application of the patent term for

each invention. The proscription against double patenting take two forms: statutory and non-

statutory." *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1372 (Fed. Cir. 2005).

(i) Statutory Double Patenting

Statutory, or "same invention," double patenting is based on the language of § 101 of the Patent Act. *Perricone*, 432 F.3d at 1372-73. More than one patent may not issue on the same invention. 35 U.S.C. § 101. Accordingly, a patent applicant may obtain *a* patent for *an* invention. *Geneva Pharms., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1377 (Fed. Cir. 2003) (citing *In re Lonardo*, 119 F.3d 960, 965 (Fed. Cir. 1997)). That is, 35 U.S.C. § 101 prohibits a second patent on subject matter identical to an earlier patent. *Geneva*, 349 F.3d at 1377; *see also In re Goodman*, 11 F.3d 1046, 1052 (Fed. Cir. 1993) ("If the claimed inventions are identical in scope, the proper rejection is under 35 U.S.C. § 101 because an inventor is entitled to a single patent for an invention.").

"A good test, and probably the only objective test, for 'same invention,' is whether one of the claims could be literally infringed without literally infringing the other." *In re Vogel*, 422 F.2d 438, 441 (C.C.P.A. 1970). "If it is determined that the same invention is being claimed twice, 35 U.S.C. § 101 forbids the grant of the second patent, regardless of the presence or absence of a terminal disclaimer." *Vogel*, 422 F.2d at 441.

(ii) Non-Statutory Obviousness-Type Double Patenting

Non-statutory, or "obviousness-type," double patenting is a judicially-created doctrine adopted to prevent claims in separate applications or patents that do not recite the "same" invention, but nonetheless claim inventions so alike that granting both would effectively extend the life of patent protection. *Perricone*, 432 F.3d at 1373. The fundamental reason for the rule of obviousness-type double patenting is to prevent unjustified timewise extension of the right to exclude granted by a patent no matter how the extension is brought about. *Eli Lilly & Co. v.*

48

*Barr Labs., Inc.*, 251 F.3d 955, 967-68 (Fed. Cir. 2001) (quoting *In re Van Ornum*, 686 F.2d 937, 943-44 (C.C.P.A. 1982)).

Generally, an obviousness-type double patenting analysis entails two steps. *Eli-Lilly*, 251 F.3d at 968. First, a court construes the claim in the earlier patent and the claim in the later patent and determines the differences. *Id.* Second, the court determines whether the differences in subject matter between the two claims render the claims patentably distinct. *Id.* A later patent claim is not patentably distinct from an earlier patent claim if the later claim is obvious over, or anticipated by, the earlier claim. *Id.* (citing *In re Longi*, 759 F.2d 887, 896 (Fed. Cir. 1985)). A later claim that is not patentably distinct from an earlier claim in a commonly-owned patent is invalid for obviousness-type double patenting. *Eli Lilly*, 251 F.3d at 968 (citing *In re Berg*, 140 F.3d 1428, 1431 (Fed. Cir. 1998)).

Distinctions between obviousness under 35 U.S.C. § 103 and non-statutory double patenting include: (1) the objects of comparison are very different: obviousness compares the claimed subject matter to the prior art, whereas non-statutory double patenting compares claims in an earlier patent to claims in a later patent or application; (2) obviousness requires inquiry into a motivation to modify the prior art, whereas non-statutory double patenting does not; and (3) obviousness requires inquiry into objective criteria suggesting non-obviousness, whereas non-statutory double patenting does not. *Geneva*, 349 F.3d at 1377 n.1.

b.     Anticipation Under 35 U.S.C. § 102

"Invalidity based on 'anticipation' requires that the invention is not in fact new." *Verve, LLC v. Crane Cams, Inc.*, 311 F.3d 1116, 1120 (Fed. Cir. 2002) (quoting *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995)). "A single reference must describe the claimed invention with sufficient precision and detail to establish that the subject matter

49

existed in the prior art." *Verve*, 311 F.3d at 1120 (citing *In re Spada*, 911 F.2d 705, 708 (Fed. Cir. 1990)). Put differently, "[a] claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631 (Fed. Cir. 1987). "A reference is no less anticipatory if, after disclosing the invention, the reference then disparages it. Thus, the question whether a reference "teaches away" from the invention is inapplicable to an anticipation analysis." *Celeritas Techs., Ltd. v. Rockwell International Corp.*, 150 F.3d 1354, 1361(Fed. Cir. 1998).

There are several ways in which an invention may be anticipated. *See* 35 U.S.C. § 102. One way is by showing that the patentee's "invention" was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the patentee made his "invention." *See* 35 U.S.C. § 102(a). Another way is by showing that the patentee's "invention" was patented or described in a printed publication in this or a foreign country more than one year prior to the date the patentee filed the application for his "invention." *See* 35 U.S.C. § 102(b). Yet another way is by showing that the patentee's "invention" was described in a patent granted on an application for patent filed by another in the United States before the invention by the applicant for patent. *See* 35 U.S.C. § 102(e). To the extent that Ingenio asserts that the date of invention of the patents-in-suit was prior to the issue dates of any of the prior art references cited by GameLogic, those references are prior art under 35 U.S.C. § 102(e).

c.    Obviousness Under 35 U.S.C. § 103

A patent claim is invalid for obviousness if the differences between it and the prior art are such that the claimed subject matter as a whole would have been obvious to one of ordinary skill

50

in the art at the time the invention was made. *Union Carbide Plastics & Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1187 (Fed. Cir. 2002). Obviousness of a claim under 35 U.S.C. § 103(a) is a legal conclusion which depends on four underlying factual determinations: (1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations. *See Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

While there must be a motivation to combine references, express, written motivation to combine need not appear in prior art references before obviousness is found. *See Ruiz v. A.B. Chance Co.*, 357 F.3d 1270, 1276 (Fed. Cir. 2004). Instead, the reason, suggestion, or motivation to combine references may be found explicitly or implicitly: (1) in the prior art references themselves; (2) in the knowledge of those of ordinary skill in the art that certain references, or disclosures in those references, are of special interest or importance in the field; or (3) from the nature of the problem to be solved, "leading inventors to look to references relating to possible solutions to that problem." *See Pro-Mold and Tool Co. v. Great Lakes Plastics*, Inc., 75 F.3d 1568, 1573 (Fed. Cir. 1996); *see also Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1472 (Fed. Cir. 1997) (noting that "there is no requirement that the prior art contain an express suggestion to combine known elements to achieve the claimed invention. Rather, the suggestion to combine may come *from* the prior art, as filtered through the knowledge of one skilled in the art.") (emphasis original).

While so-called secondary considerations or objective indicia of non-obviousness are to be considered, these factors do not control the obviousness inquiry. *Newell Cos., Inc. v Kenney Mfg. Co.*, 864 F.2d 757, 768 (Fed. Cir. 1988). The objective evidence of nonobviousness may include copying, long felt but unresolved need, failure of others, commercial success, unexpected

results created by the claimed invention, unexpected properties of the claimed invention, licenses showing industry respect for the invention, and skepticism of skilled artisans before the invention. *In re Rouffet*, 149 F.3d 1350, 1355 (Fed. Cir. 1998). Objective evidence of unobviousness is not evaluated for its "separate knockdown ability" against the "stonewall" of a *prima facie* case of obviousness, but is instead considered with all of the other evidence. *Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc*, 98 F.3d 1563 1570 (Fed. Cir. 1996). Evidence of secondary considerations, including evidence of commercial success, are but a part of the "totality of the evidence" that is used to reach the ultimate conclusion of obviousness. *Richardson-Vicks, Inc. v. Upjohn Co.*, 122 F.3d 1476, 1483 (Fed. Cir. 1997).

A nexus is required between the merits of the claimed invention and the evidence offered, if that evidence is to be given substantial weight *en route* to a conclusion on the obviousness issue. *See, e.g., Riverwood Int'l Corp. v. Mead Corp.*, 212 F.3d 1365, 1367 (Fed. Cir. 2000); *see also Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1539 (Fed. Cir. 1983). For example, commercial success must be shown "to have in some way been due to the nature of the claimed invention, as opposed to other economic and commercial factors unrelated to the technical quality of the patented subject matter." *Cable Elec Prods., Inc. v. Genmark, Inc.*, 770 F.2d 1015, 1027 (Fed. Cir. 1985).

       d.       35 U.S.C. § 112, Paragraph 4

"[A] claim in dependent form shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed. A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." 35 U.S.C. § 112(4); *see also AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1242 (Fed. Cir. 2003)

("Under the doctrine of claim differentiation, dependent claims are presumed to be of narrower scope than the independent claims from which they depend.").

### 3. WHETHER THE '082 AND '603 PATENTS ARE ENFORCEABLE

#### a. Inequitable Conduct

Patent applicants are required to prosecute patent applications with candor, good faith, and honesty. *See, e.g., Bristol-Myers Squibb Co. v. Rhône-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1233 (Fed. Cir. 2003). "Failing to disclose material information, or submitting false material information or statements, coupled with an intent to mislead or deceive the Patent Office, constitutes inequitable conduct." *Flex-Rest, LLC v. Steelcase, Inc.*, Nos. 05-1354, 05-1367, slip op. at 17 (Fed. Cir. July 13, 2006) (citing *Purdue Pharma L.P. v. Endo Pharms. Inc.*, 438 F.3d 1123, 1128 (Fed. Cir. 2006); *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 872; 37 C.F.R. § 1.56(a)).

Materiality and intent must both be proven by clear and convincing evidence. *Flex-Rest*, at 17 (citing *Kingsdown*, 863 F.2d at 872). "Once threshold findings of materiality and intent are established, the trial court must weigh them to determine whether the equities warrant a conclusion that inequitable conduct occurred." *Purdue*, 438 F.3d at 1128. The more material the undisclosed reference is determined to be, the lower the required showing of intent to deceive. *Halliburton Co. v. Schlumberger Tech.*, 925 F.2d 1435, 1439 (Fed. Cir. 1991).

The test for materiality is whether a reasonable examiner would have considered the information important in deciding whether to allow the patent application. *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1314-16 (Fed. Cir. 2006). "Materiality is not limited to prior art but embraces *any* information that a reasonable examiner would be substantially likely to consider important in deciding whether to allow an application to issue as a patent." *GFI, Inc.*

*v. Franklin Corp.*, 265 F.3d 1268, 1274 (Fed. Cir. 2001) (emphasis in original). Information is not immaterial simply because the claims are eventually deemed by an examiner to be patentable thereover. *See Bristol-Myers*, 326 F.3d at 1237 (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995)). Information may be material if it is more pertinent than or not cumulative of that considered by the Examiner. *See Molins*, 48 F.3d at 1179. "[I]nternational search reports may contain information material to patentability if they contain closer prior art than that which was before the United States examiner." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998).

"Smoking gun" evidence is not required in order to establish an intent to deceive. *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1189 (Fed. Cir. 1993). Instead, "[d]irect proof of wrongful intent is rarely available but may be inferred from clear and convincing evidence of the surrounding circumstances." *LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n*, 958 F.2d 1066, 1076 (Fed. Cir. 1992). Indeed, such intent "is most often proven by a showing of acts, the natural consequences of which are presumably intended by the actor." *Molins*, 48 F.3d at 1180; *see also Bruno Indep. Living Aids Inc. v. Acorn Mobility Servs. Ltd.*, 394 F.3d 1348, 1354 (Fed. Cir. 2005) (noting that "in the absence of a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information."). "Failure to cite to the PTO a material reference cited elsewhere in the world justifies a strong inference that the withholding was intentional." *Molins*, 48 F.3d at 1181.

In deciding whether or not information should be provided to the Patent Office, "[c]lose cases should be resolved by disclosure, not unilaterally by the applicant." *LaBounty*, 958 F.2d at 1076. The duty to disclose material references continues throughout the period between payment

of the issue fee and the issuance of the patent. *See Kimberly-Clark Corp. v. Proctor & Gamble Distributing Co.*, 973 F.2d 911, 917-18 (Fed. Cir. 1992); *see also D.O.C.C. Inc. v. Spintech Inc.*, 36 U.S.P.Q.2d 1145, 1153 (S.D.N.Y. 1994) (noting that "a continuing duty of disclosure exists during the period between payment of the issue fee and the issuance of the patent has been expressly recognized by the Federal Circuit.").

        b.     Inequitable Conduct Can Taint Subsequent Patents

Inequitable conduct pertaining to one patent can taint another patent. *See, e.g., Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 246-47 (1933). For example, inequitable conduct found in the prosecution of a parent patent can render a continuing patent unenforceable. *Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1379-80 (Fed. Cir. 2006). The relevant inquiry is whether the inequitable conduct in prosecuting the parent patent had immediate and necessary relation to the enforcement of the child patent(s). *Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 810-11 (Fed. Cir. 1990). Simply disclosing a withheld relevant prior art reference is not enough to cure inequitable conduct that has occurred because "settled authority makes clear that the duty of candor requires more to cure inequitable conduct." *See eSpeed, Inc. v. Brokertec USA, LLC*, 417 F. Supp.2d 580, 596 (D. Del. 2006) (quoting *Semiconductor Energy Lab, Inc. v. Samsung Elecs. Co.*, 24 F. Supp.2d 537, 544 (E.D. Va. 1998)). To cure earlier inequitable conduct where the alleged inequitable conduct is withholding of a material prior art reference, a court may find that the applicant must: (1) expressly advise the PTO of the existence of the misrepresentation, stating specifically where it resides; and/or (2) if the misrepresentation is of one or more facts, advise the PTO what the actual facts are, making it clear that further examination is light thereof may be required; and/or (3) on the basis of the new and factually-accurate record, establish patentability of the claimed subject matter. *See eSpeed,*

417 F. Supp.2d at 596 (citing *Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1570 (Fed. Cir. 1983)).

### 4.    WHETHER ENHANCED DAMAGES ARE WARRANTED

Damages due to patent infringement may be enhanced up to three times the compensatory award. 35 U.S.C. § 284. "An award of enhanced damages for infringement, as well as the extent of the enhancement, is committed to the discretion of the trial court." *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992). "Because increased damages are punitive, the requisite conduct for imposing them must include some degree of culpability." *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed. Cir. 1996).

#### a.    Willful Infringement

A determination of willfulness is made upon consideration of the totality of the circumstances. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1342-43 (Fed. Cir. 2004) (noting "willfulness in infringement, as in life, is not an all-or nothing trait, but one of degree. It recognizes that infringement may range from unknowing, or accidental, to deliberate, or reckless, disregard of a patentee's legal rights."). "Willfulness requires a showing that the totality of the circumstances evince the egregious conduct that constitutes willful infringement." *Imonex Serv., Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005). Courts are to consider not only factors that render the defendant's conduct more culpable, but factors that are mitigating or ameliorating as well. *Read*, 970 F.2d at 826.

Factors to be considered in determining whether or not an infringer acted in such bad faith as to merit an increase in damages against him include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the

56

other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) closeness of the case; (6) duration of the infringer's misconduct; (7) remedial action by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *See Read*, 970 F.2d at 826-27.

An infringer who has actual notice of a patentee's rights has an affirmative duty of due care to avoid infringement. *LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 275 F.3d 1347, 1357 (Fed. Cir. 2001). One factor considered in deciding whether an alleged infringer has complied with this duty is whether he obtained a competent opinion of counsel. *See, e.g., LNP*, 275 F.3d at 1357. The competency requirement applies to both the qualifications of the person giving the opinion and to the content of the opinion itself. *Jurgens*, 80 F.3d at 1572. "While an opinion of counsel letter is an important factor in determining the willfulness of infringement, its importance does not depend upon its legal correctness. Indeed, the question arises only where counsel was wrong." *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992). In fact, it is inappropriate to draw an adverse inference with respect to willful infringement even if the infringer fails to obtain legal advice at all. *Knorr*, 383 F.3d at 1345.

b.    Whether The Case Is Exceptional

The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under 35 U.S.C. § 285 is a two-step process. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc). First, the district court must determine whether a case is exceptional. *Id.* Second, if the court has decided the case is exceptional, the court must then determine whether attorney fees are appropriate. *Id.* The party seeking attorneys fees must

57

establish facts showing exceptionality by clear and convincing evidence. *See, e.g., Perricone*, 432 F.3d at 1380. Notably, a court is not required to award attorney fees, even when there is an express finding of willful infringement. *Group One Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1308 (Fed. Cir. 2005). Courts are cognizant of the fact that there are but limited circumstances in which an award of attorneys fees is appropriate. *See, e.g., Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (noting that legislative history associated with 35 U.S.C. § 285 and its predecessor comment that "it is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits.").

The purpose of 35 U.S.C. § 285 is "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Automated Bus. Cos., Inc. v. NEC America, Inc.*, 202 F.3d 1353, 1355 (Fed. Cir. 2000) (quoting *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983)). 35 U.S.C. § 285 serves as a deterrent to bringing clearly unwarranted patent infringement suits. *Automated*, 202 F.3d at 1355. The misconduct that can give rise to an attorneys fees award under 35 U.S.C. § 285 takes many forms, including inequitable conduct before the PTO, offensive litigation tactics, vexatious or unjustified litigation, and frivolous filings. *See, e.g., Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000). In fact, when attorneys fees awards are made to accused infringers, such as GameLogic, normally those exceptional cases are "those of bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent." *CambridgeProds., Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050-51 (Fed. Cir. 1992) (citing *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455 (Fed. Cir. 1985)).

## V.    Witnesses

Each party will provide to the other party the name of any witness that it intends to call to testify, in order, no later than 6:00 p.m. the day before the witness is expected to testify. At the end of each day, each side will give notice of any changes in the following day's witnesses or order resulting from that day's events. At all times, fact witnesses will be sequestered except one corporate designee.

A party may not be permitted to call a witness in its case-in-chief unless identified in this Order or added to the parties' witness lists prior to the date of the Pretrial Conference, or unless the Court determines that in the interests of justice such witness should be called.

A party may call a witness in rebuttal that is not listed on the parties' witness lists, if the party can show that the testimony of the witness is in response to evidence offered by the other party that could not be reasonably anticipated.

Examination of witnesses will be limited to direct examination, cross examination, and redirect. Cross examination will be limited to the matters covered in direct examination and impeachment. Re-direct will be limited to matters covered in cross examination.

### A.    Plaintiff Witnesses

1.    Ingenio intends to call the following expert witnesses at trial:

**Jack D. Grimes, Ph.D.**
7080 Galli Drive
San Jose, CA 95129
*Contact via counsel, Hunton & Williams*

Dr. Grimes will testify regarding the operation of the accused systems and provide his opinion that the accused systems infringe claims 4, 6, 9, 10, 13, and 15 of United States Patent No. 5,569,082 and claim 1 of United States Patent No. 5,709,603.

**William K. Bertram, Ph.D.**
350 Yellow Pine Road
Reno, Nevada 89511
*Contact via counsel, Hunton & Williams*

Dr. Bertram will testify regarding the operation of the accused systems and provide his opinion that the accused systems infringe claims 4, 6, 9, 10, 13, and 15 of United States Patent No. 5,569,082 and claim 1 of United States Patent No. 5,709,603.

2.    Below is a list of the names and contact information for the fact witnesses that Ingenio may call at trial. The order of the presentation of witnesses in not indicative of the order in which the witnesses may be called at trial.

| Name | Title | Contact Information |
|---|---|---|
| Nathalie Rajotte *(to be called in person)* | Director General Ingenio, Filiale de Loto-Quebec, Inc. | 500, Sherbrooke Ouest Montreal (Quebec) H3A 3G6 *Contact via counsel, Hunton & Williams* |
| Perry Kaye *(to be called in person)* | Inventor | 4759 S.W. 51st Street Davie, FL 33314 *Contact via counsel, Hunton & Williams* |
| Dow K. Hardy *(to be called in person)* | Senior Vice President of Technical Operations GameLogic, Inc. | 139 Main St. 5th Floor Cambridge, MA 02142 |
| Steven Kane *(to be called in person)* | Chief Executive Officer GameLogic, Inc. | 139 Main St. 5th Floor Cambridge, MA 02142 |
| Edward Russavage *(to be called by deposition)* | Partner Lowrie, Lando & Anastasi, LLP | Riverfront Office Park One Main Street, Eleventh Floor Cambridge, Massachusetts 02142 Tel: 617-395-7000 |

B.    Defendant Witnesses

1.    GameLogic intends to call the following expert witness at trial.

**Christopher Brandin**
1502 East Pike's Peak Avenue,
Colorado Springs, Colorado

Christopher Brandin will offer opinion testimony regarding the following matters:

- the non-infringement of the '082 and '603 patents by GameLogic's HomePlay Lottery™ system, either literally or under the doctrine of equivalents;

- the invalidity of the '082 and '603 patents;

- the materiality of the Cohen and Raha references to the Patents-in-Suit.

2.     Below is a list of the names and contact information for the other witnesses that GameLogic may call at trial. The order of the presentation of witnesses in not indicative of the order in which the witnesses may be called at trial.

## WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

GameLogic identifies the following potential witnesses to be called at trial:

[1]     Steven Kane
GameLogic, Inc.
880 Winter Street
Suite 350
Waltham, MA 02451 USA
*Via Counsel, Bingham McCutchen LLP*

[2]     Dow Hardy
GameLogic, Inc.
880 Winter Street
Suite 350
Waltham, MA 02451 USA
*Via Counsel, Bingham McCutchen LLP*

[3]     Mark Herrmann
GameLogic, Inc.
880 Winter Street
Suite 350
Waltham, MA 02451 USA
*Via Counsel, Bingham McCutchen LLP*

[4]    Christopher Brandin
       1502 East Pike's Peak Avenue,
       Colorado Springs, Colorado
       *Via Counsel, Bingham McCutchen LLP*

[5]    William Bertram
       350 Yellow Pine Road
       Reno, Nevada
       *Via Counsel, Hunton & Williams*

[6]    Jack Grimes
       7080 Galli Drive
       San Jose, California
       *Via Counsel, Hunton & Williams*

[7]    Martin Korn
       LOCKE LIDDELL & SAPP, LLP
       2200 Ross Avenue
       Suite 2200
       Dallas, Texas  75201-6776

[8]    Perry Kaye
       4759 S.W. 51 Street
       Davie, Florida 33314
       *Via Counsel, Hunton & Williams*

[9]    Edward Russavage
       Lowrie, Lando & Anastasi, LLp
       Riverfront Office Park
       One Main Street, Eleventh Floor
       Cambridge, MA 02142
       *Via Counsel, Bingham McCutchen LLP*

[10]   Natalie Rajotte
       Ingenio, Filiale De Loto-Quebec, Inc.
       Montreal, Quebec, Canada
       *Via Counsel, Hunton & Williams*

GameLogic reserves the right to identify additional witnesses based on the submissions of Ingenio.

### C.     Rebuttal Witnesses

1.     Ingenio lists the names and addresses of the fact witnesses it intends to call in rebuttal. The order of the presentation of witnesses in not indicative of the order in which the witnesses may be called at trial.

| Name | Title | Contact Information |
|---|---|---|
| Martin Korn<br>(to be called in person) | Senior Counsel<br>Locke Purnell Rain Harrell | 2200 Ross Avenue, Suite 2200<br>Dallas, TX 75201<br>Tel: 214-740-8549 |
| Jennifer Westbury<br>(to be called in person) | Vice-President - Marketing<br>Pollard Banknote Ltd | 1499, Buffalo Place<br>Winnipeg (Manitoba) R3T 1L7<br>Tel: 204-474-2323 |
| Carla Shaefer<br>(to be called in person) | Vice-President - Products<br>Oberthur Games and Technologies | 3000, boul. de l'Assomption<br>Montreal (Quebec) H1N 3V5<br>Tel: 514-254-3000 |

2.     Ingenio also intends to call Dr. Jack D. Grimes and/or Dr. William K. Bertram as rebuttal expert witnesses. Drs. Grimes and/or Bertram will provide opinions regarding the validity of claims 1, 4, 6, 8, 9, 10, 13, and 15 of the '082 Patent and claim 1 of the '603 Patent and the lack of materiality of Cohen and Raha with regard to the Patents-in-Suit.

3.     GameLogic reserves the right to call any of the witnesses listed above in items V.B.1 and V.B.2 in rebuttal. GameLogic also reserves the right to identify additional witnesses based on the submissions of Ingenio.

### D.     Witnesses Called By Deposition

Because all depositions that have been videotaped, a party may introduce the deposition excerpt by videotape instead of or in addition to by transcript. If a party opts to introduce deposition testimony by videotape, any counter-designations of that same witness's deposition

testimony must also be submitted by videotape. All deposition designation excerpts and deposition counter-designation excerpts, whether offered by videotape or by transcript, will be introduced together in the sequence in which the testimony was originally given.

The parties agree that, if a party calling a witness by deposition intends on playing a pared-back version of the originally designated deposition testimony, the party calling the witness by deposition will provide opposing counsel with the pared-back version of deposition designations by no later than 6 p.m. two (2) days before the witness is expected to be called by deposition. Opposing counsel will then provide the party calling the witness by deposition with a pared-back version of counter-designations by no later than 6 p.m. on the day before the witness is expected to be called by deposition.

Ingenio, Filiale de Loto-Quebec may call any of the following witnesses by deposition.

1.    Listed below each witness' name is the deposition testimony that Ingenio may introduce in Page:Line-Line format (where all of the testimony appears on one page of the deposition transcript) or Page:Line-Page:Line format (where testimony appears on multiple pages of the deposition transcript). GameLogic generally objects to Ingenio's deposition designations of Nathalie Rajotte. Such designation by Ingenio is improper under FED. R. CIV. P. 32 and thus, is not admissible at trial. GameLogic further objects to Ingenio's deposition designations for Perry Kaye and Edward Russavage. Such designations by Ingenio are improper absent Ingenio's showing that they are unavailable for trial. Subject to these general objections, and without waiver thereof, listed beside each designation is GameLogic's objections to Ingenio's designated deposition testimony.

Nathalie Rajotte (*if not available in person*)

| Deponent/Date | Designation | Objection |
|---|---|---|
| Nathalie Rajotte; March 10, 2006 | 8:9-11 | |
| Nathalie Rajotte; March 10, 2006 | 9:5-9 | Relevance. |
| Nathalie Rajotte; March 10, 2006 | 9:17-10:7 | Relevance. |
| Nathalie Rajotte; March 10, 2006 | 12:17-20 | |
| Nathalie Rajotte; March 10, 2006 | 51:15-52:9 | |
| Nathalie Rajotte; March 10, 2006 | 56:5-12 | |
| Nathalie Rajotte; March 10, 2006 | 56:17-57:15 | |
| Nathalie Rajotte; March 10, 2006 | 59:9-18 | |
| Nathalie Rajotte; March 10, 2006 | 61:3-15 | |
| Nathalie Rajotte; March 10, 2006 | 74:17-19 | |
| Nathalie Rajotte; March 10, 2006 | 78:19-21 | |
| Nathalie Rajotte; March 10, 2006 | 79:3-8 | |
| Nathalie Rajotte; March 10, 2006 | 79:16-80:8 | |
| Nathalie Rajotte; March 10, 2006 | 85:19-87:14 | |
| Nathalie Rajotte; March 10, 2006 | 90:11-91:21 | |
| Nathalie Rajotte; March 10, 2006 | 92:10-93:6 | Hearsay. |
| Nathalie Rajotte; March 10, 2006 | 93:17-94:11 | Hearsay. |
| Nathalie Rajotte; March 10, 2006 | 95:2-20 | |
| Nathalie Rajotte; March 10, 2006 | 96:5-11 | |
| Nathalie Rajotte; March 10, 2006 | 97:18-98:14 | Hearsay. |
| Nathalie Rajotte; March 10, 2006 | 100:11-101:6 | |
| Nathalie Rajotte; March 10, 2006 | 107:18-108:21 | |
| Nathalie Rajotte; March 10, 2006 | 109:9-14 | |
| Nathalie Rajotte; March 10, 2006 | 113:14-114:16 | |
| Nathalie Rajotte; March 10, 2006 | 118:2-15 | |
| Nathalie Rajotte; March 10, 2006 | 123:18-126:13 | Incomplete designation. |
| Nathalie Rajotte; March 10, 2006 | 133:3-135:21 | |
| Nathalie Rajotte; March 10, 2006 | 136:2-21 | |
| Nathalie Rajotte; March 10, 2006 | 137:3-5 | |
| Nathalie Rajotte; March 10, 2006 | 151:12-152:5 | |
| Nathalie Rajotte; March 10, 2006 | 153:6-20 | |
| Nathalie Rajotte; March 10, 2006 | 155:1-8 | |
| Nathalie Rajotte; March 10, 2006 | 160:22-161:16 | |
| Nathalie Rajotte; March 10, 2006 | 162:2-12 | |
| Nathalie Rajotte; March 10, 2006 | 162:20-164:7 | |
| Nathalie Rajotte; March 10, 2006 | 168:8-169:6 | |
| Nathalie Rajotte; March 10, 2006 | 182:9-183:14 | |
| Nathalie Rajotte; March 10, 2006 | 197:18-200:1 | |

### Steven N. Kane (*if not available in person*)

| Deponent/Date | Designation | Objection |
|---|---|---|
| Steven. N. Kane; March 30, 2006 | 7:9-11 | |
| Steven. N. Kane; March 30, 2006 | 7:15-19 | |
| Steven. N. Kane; March 30, 2006 | 11:11-12:1 | |
| Steven. N. Kane; March 30, 2006 | 16:18-17:14 | |
| Steven. N. Kane; March 30, 2006 | 35:21-36:6 | Incomplete designation. |
| Steven. N. Kane; March 30, 2006 | 36:15-37:14 | |
| Steven. N. Kane; March 30, 2006 | 39:3-10 | Incomplete designation. |
| Steven. N. Kane; March 30, 2006 | 39:13 | |
| Steven. N. Kane; March 30, 2006 | 42:1-15 | |
| Steven. N. Kane; March 30, 2006 | 42:19-43:6 | |
| Steven. N. Kane; March 30, 2006 | 43:10-19 | |
| Steven. N. Kane; March 30, 2006 | 43:22-44:8 | |
| Steven. N. Kane; March 30, 2006 | 44:11-13 | |
| Steven. N. Kane; March 30, 2006 | 44:15-46:13 | |
| Steven. N. Kane; March 30, 2006 | 47:7-13 | |
| Steven. N. Kane; March 30, 2006 | 48:14-15 | Relevance. |
| Steven. N. Kane; March 30, 2006 | 48:18-19 | Relevance. |
| Steven. N. Kane; March 30, 2006 | 48:21-49:20 | Relevance. |
| Steven. N. Kane; March 30, 2006 | 52:8-19 | |
| Steven. N. Kane; March 30, 2006 | 54:12-14 | Improper form. |
| Steven. N. Kane; March 30, 2006 | 54:17 | |
| Steven. N. Kane; March 30, 2006 | 54:22-55:8 | |
| Steven. N. Kane; March 30, 2006 | 55:22-56:7 | |
| Steven. N. Kane; March 30, 2006 | 60:5-6 | |
| Steven. N. Kane; March 30, 2006 | 60:10 | |
| Steven. N. Kane; March 30, 2006 | 60:17-61:4 | Incomplete designation. |
| Steven. N. Kane; March 30, 2006 | 63:6-22 | |
| Steven. N. Kane; March 30, 2006 | 93:2-15 | |
| Steven. N. Kane; March 30, 2006 | 96:1-20 | Incomplete designation; improper form. |
| Steven. N. Kane; March 30, 2006 | 97:1-5 | |
| Steven. N. Kane; March 30, 2006 | 108:4-16 | |
| Steven. N. Kane; March 30, 2006 | 110:6-15 | |
| Steven. N. Kane; March 30, 2006 | 111:7-10 | |
| Steven. N. Kane; March 30, 2006 | 111:19-113:6 | |
| Steven. N. Kane; March 30, 2006 | 145:4-22 | Improper form. |
| Steven. N. Kane; March 30, 2006 | 146:3-20 | |
| Steven. N. Kane; March 30, 2006 | 178:17-179:17 | |
| Steven. N. Kane; March 30, 2006 | 182:7-20 | Calls for legal conclusion; document speaks for itself. |
| Steven. N. Kane; March 30, 2006 | 183:7-21 | Incomplete designation. |

| Deponent/Date | Designation | Objection |
|---|---|---|
| Steven. N. Kane; March 30, 2006 | 184:19-20 | |
| Steven. N. Kane; March 30, 2006 | 185:1-20 | Calls for speculation. |
| Steven. N. Kane; March 30, 2006 | 187:6-188:7 | |
| Steven. N. Kane; March 30, 2006 | 188:21-189:17 | |
| Steven. N. Kane; March 30, 2006 | 192:8-193:19 | |
| Steven. N. Kane; March 30, 2006 | 194:9-11 | |
| Steven. N. Kane; March 30, 2006 | 195:3-6 | Incomplete designation. |
| Steven. N. Kane; March 30, 2006 | 208:21-22 | |
| Steven. N. Kane; March 30, 2006 | 209:6-8 | Improper form, relevance. |
| Steven. N. Kane; March 30, 2006 | 209:17-210:1 | |
| Steven. N. Kane; March 30, 2006 | 211:19-22 | Document speaks for itself. |
| Steven. N. Kane; March 30, 2006 | 212:2-9 | |

### Perry Kaye (if not available in person)

| Deponent/Date | Designation | Objection |
|---|---|---|
| Perry Kaye; February 21, 2006 | 7:19-21 | |
| Perry Kaye; February 21, 2006 | 15:4-7 | Relevance. |
| Perry Kaye; February 21, 2006 | 16:19-17:20 | |
| Perry Kaye; February 21, 2006 | 18:12-16 | Relevance. |
| Perry Kaye; February 21, 2006 | 19:10-13 | Relevance. |
| Perry Kaye; February 21, 2006 | 21:8-13 | Relevance. |
| Perry Kaye;; February 21, 2006 | 21:17-20 | Relevance. |
| Perry Kaye; February 21, 2006 | 22:21-23:3 | Relevance. |
| Perry Kaye; February 21, 2006 | 23:12-13 | |
| Perry Kaye; February 21, 2006 | 23:20-24:11 | |
| Perry Kaye; February 21, 2006 | 24:15-25:1 | |
| Perry Kaye; February 21, 2006 | 26:11-14 | |
| Perry Kaye; February 21, 2006 | 26:22-27:7 | |
| Perry Kaye; February 21, 2006 | 28:7-13 | Relevance. |
| Perry Kaye; February 21, 2006 | 29:3-10 | Relevance. |
| Perry Kaye; February 21, 2006 | 30:9-13 | Relevance. |
| Perry Kaye; February 21, 2006 | 32:6-10 | |
| Perry Kaye; February 21, 2006 | 32:15-33:2 | |
| Perry Kaye; February 21, 2006 | 36:12-15 | Relevance. |
| Perry Kaye; February 21, 2006 | 37:13-38:6 | Relevance. |
| Perry Kaye; February 21, 2006 | 38:16-20 | Relevance. |
| Perry Kaye; February 21, 2006 | 42:4-14 | |
| Perry Kaye; February 21, 2006 | 42:21-43:10 | |
| Perry Kaye; February 21, 2006 | 43:13-44:2 | |
| Perry Kaye; February 21, 2006 | 49:4-17 | |
| Perry Kaye; February 21, 2006 | 50:17-51:4 | |
| Perry Kaye; February 21, 2006 | 53:14-54:10 | |

| Deponent/Date | Designation | Objection |
|---|---|---|
| Perry Kaye; February 21, 2006 | 89:2-11 | Relevance or prejudicial per FRE 403 |
| Perry Kaye; February 21, 2006 | 90:7-14 | Relevance or prejudicial per FRE 403 |
| Perry Kaye; February 21, 2006 | 95:6-17 | |
| Perry Kaye; February 21, 2006 | 95:21-96:11 | |
| Perry Kaye; February 21, 2006 | 121:3-5 | |
| Perry Kaye; February 21, 2006 | 121:10-123:19 | |
| Perry Kaye; February 21, 2006 | 124:21-125:1 | |
| Perry Kaye; February 21, 2006 | 125:5-13 | |
| Perry Kaye; February 21, 2006 | 129:6-131:6 | |
| Perry Kaye; February 21, 2006 | 132:5-133:9 | |
| Perry Kaye; February 21, 2006 | 133:15-135:17 | |
| Perry Kaye; February 21, 2006 | 139:1-7 | |
| Perry Kaye; February 21, 2006 | 140:10-21 | |
| Perry Kaye; February 21, 2006 | 141:5-7 | |
| Perry Kaye; February 21, 2006 | 142:3-8 | |
| Perry Kaye; February 21, 2006 | 142:13-17 | |
| Perry Kaye; February 21, 2006 | 195:18-196:5 | |
| Perry Kaye; February 21, 2006 | 229:6-8 | |
| Perry Kaye; February 21, 2006 | 231:3-233:17 | Hearsay. |
| Perry Kaye; February 21, 2006 | 234:22-235:6 | |
| Perry Kaye; February 21, 2006 | 236:9-15 | |
| Perry Kaye; February 21, 2006 | 236:21-237:17 | |
| Perry Kaye; February 21, 2006 | 238:8-11 | |
| Perry Kaye; February 21, 2006 | 238:16-239:4 | |
| Perry Kaye; February 21, 2006 | 241:2-19 | Hearsay. |
| Perry Kaye; February 21, 2006 | 244:11-14 | |
| Perry Kaye; February 21, 2006 | 259:5-9 | |
| Perry Kaye; February 21, 2006 | 259:14-260:6 | |
| Perry Kaye; February 21, 2006 | 261:2-262:4 | Hearsay. |
| Perry Kaye; February 21, 2006 | 262:16-18 | |
| Perry Kaye; February 21, 2006 | 263:6-9 | |
| Perry Kaye; February 21, 2006 | 266:17-19 | |
| Perry Kaye; February 21, 2006 | 267:13-268:4 | |
| Perry Kaye; February 21, 2006 | 281:2-18 | |
| Perry Kaye; February 21, 2006 | 288:20-289:1 | |
| Perry Kaye; February 21, 2006 | 289:6-290:2 | |
| Perry Kaye; February 21, 2006 | 293:2-4 | |
| Perry Kaye; February 21, 2006 | 293:9-294:7 | |
| Perry Kaye; February 21, 2006 | 295:19-22 | |
| Perry Kaye; February 21, 2006 | 296:9-297:4 | |
| Perry Kaye; February 21, 2006 | 297:22-298:4 | |

| Deponent/Date | Designation | Objection |
|---|---|---|
| Perry Kaye; February 21, 2006 | 302:16-303:10 | |
| Perry Kaye; February 21, 2006 | 315:22-316:14 | |
| Perry Kaye; February 21, 2006 | 327:7-9 | |
| Perry Kaye; February 21, 2006 | 327:14-329:5 | |
| Perry Kaye; February 21, 2006 | 331:17-332:1 | |
| Perry Kaye; February 21, 2006 | 332:6-11 | |
| Perry Kaye; February 21, 2006 | 333:6-8 | |
| Perry Kaye; February 21, 2006 | 333:13-335:1 | |
| Perry Kaye; February 21, 2006 | 336:7-14 | |
| Perry Kaye; February 21, 2006 | 337:7-17 | |
| Perry Kaye; February 21, 2006 | 338:1-19 | |

### Dow K. Hardy (*if not available in person*)

| Deponent/Date | Designation | Objection |
|---|---|---|
| Dow K. Hardy; January 10, 2006 | 12:14-17 | |
| Dow K. Hardy; January 10, 2006 | 19:21-20:11 | |
| Dow K. Hardy; January 10, 2006 | 20:19-21:2 | |
| Dow K. Hardy; January 10, 2006 | 22:11-18 | |
| Dow K. Hardy; January 10, 2006 | 24:20-25:4 | |
| Dow K. Hardy; January 10, 2006 | 25:10-22 | |
| Dow K. Hardy; January 10, 2006 | 35:13-36:15 | |
| Dow K. Hardy; January 10, 2006 | 36:17-37:11 | |
| Dow K. Hardy; January 10, 2006 | 37:15-22 | |
| Dow K. Hardy; January 10, 2006 | 38:9-11 | |
| Dow K. Hardy; January 10, 2006 | 38:13-39:14 | |
| Dow K. Hardy; January 10, 2006 | 40:2-4 | |
| Dow K. Hardy; January 10, 2006 | 40:6-11 | |
| Dow K. Hardy; January 10, 2006 | 40:14-20 | |
| Dow K. Hardy; January 10, 2006 | 41:11-21 | |
| Dow K. Hardy; January 10, 2006 | 42:1-4 | |
| Dow K. Hardy; January 10, 2006 | 44:5-6 | |
| Dow K. Hardy; January 10, 2006 | 44:9-21 | |
| Dow K. Hardy; January 10, 2006 | 45:3-46:6 | |
| Dow K. Hardy; January 10, 2006 | 46:8-9 | |
| Dow K. Hardy; January 10, 2006 | 46:11-16 | |
| Dow K. Hardy; January 10, 2006 | 50:19-51:6 | |
| Dow K. Hardy; January 10, 2006 | 51:10-52:8 | |
| Dow K. Hardy; January 10, 2006 | 52:11 | |
| Dow K. Hardy; January 10, 2006 | 60:11-20 | |
| Dow K. Hardy; January 10, 2006 | 61:9-16 | |
| Dow K. Hardy; January 10, 2006 | 62:13-17 | |
| Dow K. Hardy; January 10, 2006 | 69:9-17 | |

| Deponent/Date | Designation | Objection |
|---|---|---|
| Dow K. Hardy; January 10, 2006 | 70:10-71:5 | |
| Dow K. Hardy; January 10, 2006 | 72:12-73:9 | |
| Dow K. Hardy; January 10, 2006 | 74:2-5 | |
| Dow K. Hardy; January 10, 2006 | 74:7 | |
| Dow K. Hardy; January 10, 2006 | 77:14-78:5 | |
| Dow K. Hardy; January 10, 2006 | 80:15-82:2 | |
| Dow K. Hardy; January 10, 2006 | 88:18-89:16 | |
| Dow K. Hardy; January 10, 2006 | 90:8-91:3 | |
| Dow K. Hardy; January 10, 2006 | 91:7-19 | |
| Dow K. Hardy; January 10, 2006 | 92:5-21 | Relevance. 92:17-20 |
| Dow K. Hardy; January 10, 2006 | 93:8-10 | |
| Dow K. Hardy; January 10, 2006 | 97:17-98:7 | |
| Dow K. Hardy; January 10, 2006 | 100:7-18 | |
| Dow K. Hardy; January 10, 2006 | 102:6-20 | |
| Dow K. Hardy; January 10, 2006 | 103:2-13 | |
| Dow K. Hardy; January 10, 2006 | 109:5-110:21 | |
| Dow K. Hardy; January 10, 2006 | 128:3-6 | |
| Dow K. Hardy; January 10, 2006 | 129:4-21 | |
| Dow K. Hardy; January 10, 2006 | 130:4-8 | |
| Dow K. Hardy; January 10, 2006 | 130:11-14 | |
| Dow K. Hardy January 10, 2006 | 130:16-20 | |
| Dow K. Hardy; January 10, 2006 | 131:2-132:13 | |
| Dow K. Hardy; January 10, 2006 | 135:5-12 | |
| Dow K. Hardy; January 10, 2006 | 135:20-137:19 | |
| Dow K. Hardy; January 10, 2006 | 139:10-15 | |
| Dow K. Hardy; January 10, 2006 | 141:6-15 | |
| Dow K. Hardy; January 10, 2006 | 144:14-21 | |
| Dow K. Hardy; January 10, 2006 | 149:13-20 | |
| Dow K. Hardy; January 10, 2006 | 152:6-17 | |
| Dow K. Hardy; January 10, 2006 | 152:20-153:11 | |
| Dow K. Hardy; January 10, 2006 | 156:1-15 | |
| Dow K. Hardy; January 10, 2006 | 157:8-11 | |
| Dow K. Hardy; January 10, 2006 | 158:3-6 | |
| Dow K. Hardy; January 10, 2006 | 158:11-19 | |
| Dow K. Hardy; January 10, 2006 | 162:10-163:8 | |
| Dow K. Hardy; January 10, 2006 | 164:1-13 | |
| Dow K. Hardy; January 10, 2006 | 165:16-21 | Relevance. |
| Dow K. Hardy; January 10, 2006 | 167:13-17 | Relevance. |
| Dow K. Hardy; January 10, 2006 | 169:8-22 | |
| Dow K. Hardy; January 10, 2006 | 171:17-172:7 | |
| Dow K. Hardy; January 10, 2006 | 172:22-173:10 | |
| Dow K. Hardy; January 10, 2006 | 173:13-174:1 | |
| Dow K. Hardy; January 10, 2006 | 175:5-12 | |

| Deponent/Date | Designation | Objection |
|---|---|---|
| Dow K. Hardy; January 10, 2006 | 176:20-177:4 | |
| Dow K. Hardy; January 10, 2006 | 181:6-14 | |
| Dow K. Hardy; January 10, 2006 | 181:19-20 | |
| Dow K. Hardy; January 10, 2006 | 183:1-13 | |
| Dow K. Hardy; January 10, 2006 | 185:14-186:6 | |
| Dow K. Hardy; January 10, 2006 | 189:13-190:3 | |
| Dow K. Hardy; January 10, 2006 | 190:7 | Speculation. |
| Dow K. Hardy; January 10, 2006 | 190:20-191:5 | |
| Dow K. Hardy; January 10, 2006 | 192:22-193:19 | |
| Dow K. Hardy; January 10, 2006 | 194:2-8 | |
| Dow K. Hardy; January 10, 2006 | 194:20-195:5 | |
| Dow K. Hardy; January 10, 2006 | 195:9-196:5 | |
| Dow K. Hardy; January 10, 2006 | 196:8-10 | |
| Dow K. Hardy; January 10, 2006 | 205:7-21 | |
| Dow K. Hardy; January 10, 2006 | 214:16-216:9 | |
| Dow K. Hardy; January 10, 2006 | 218:20-219:1 | Relevance. |
| Dow K. Hardy; January 10, 2006 | 219:5-221:22 | Relevance. |
| Dow K. Hardy; January 10, 2006 | 225:16-226:7 | Relevance. |
| Dow K. Hardy; January 10, 2006 | 227:1-234:18 | Relevance. |

## Edward J. Russavage

| Deponent/Date | Designation | Objection |
|---|---|---|
| Edward Russavage; May 31, 2006 | 6:11-13 | |
| Edward Russavage; May 31, 2006 | 17:1-8 | |
| Edward Russavage; May 31, 2006 | 17:10-17 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 22:4-6 | |
| Edward Russavage; May 31, 2006 | 22:14-18 | |
| Edward Russavage; May 31, 2006 | 23:3-9 | |
| Edward Russavage; May 31, 2006 | 23:11-14 | |
| Edward Russavage; May 31, 2006 | 23:16-18 | |
| Edward Russavage; May 31, 2006 | 23:21-24:1 | |
| Edward Russavage; May 31, 2006 | 24:4-16 | |
| Edward Russavage; May 31, 2006 | 24:22-25:20 | |
| Edward Russavage; May 31, 2006 | 29:4-13 | |
| Edward Russavage; May 31, 2006 | 29:19-31:21 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 35:13-36:9 | |
| Edward Russavage; May 31, 2006 | 36:12-15 | |
| Edward Russavage; May 31, 2006 | 36:19-37:22 | |
| Edward Russavage; May 31, 2006 | 43:15-22 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 48:7-14 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 50:10-16 | |
| Edward Russavage; May 31, 2006 | 51:1-8 | |

| Deponent/Date | Designation | Objection |
|---|---|---|
| Edward Russavage; May 31, 2006 | 56:7-22 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 62:20-63:11 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 63:17-64:10 | |
| Edward Russavage; May 31, 2006 | 68:2-14 | |
| Edward Russavage; May 31, 2006 | 71:18-72:9 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 73:2-8 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 73:18-74:1 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 76:14-21 | |
| Edward Russavage; May 31, 2006 | 77:15-19 | |
| Edward Russavage; May 31, 2006 | 78:5-79:1 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 79:19-80:5 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 82:13-20 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 87:1-6 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 90:3-93:2 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 94:9-95:12 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 102:14-103:20 | |
| Edward Russavage; May 31, 2006 | 107:6-14 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 111:14-113:17 | Relevance; no commercial embodiments have been made; incomplete designation. |
| Edward Russavage; May 31, 2006 | 121:6-123:6 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 123:20-124:1 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 129:1-133:5 | |
| Edward Russavage; May 31, 2006 | 136:11-137:6 | |
| Edward Russavage; May 31, 2006 | 149:16-150:15 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 154:1-156:11 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 157:6-16 | Calls for speculation; incomplete designation. |
| Edward Russavage; May 31, 2006 | 157:19-161:16 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 162:14-163:3 | Incomplete designation. |
| Edward Russavage; May 31, 2006 | 163:7-10 | Incomplete designation. |

2.    Listed below each witness' name are GameLogic's counter-designations to Ingenio's designated deposition testimony in Page:Line-Line format (where all of the testimony appears on one page of the deposition transcript) or Page:Line-Page:Line format (where testimony appears on multiple pages of the deposition transcript). GameLogic maintains its objection to Ingenio's deposition designations of Nathalie Rajotte. Such designation by

72

Ingenio is improper under FED. R. CIV. P. 32 and thus, is not admissible at trial. GameLogic

further objects to Ingenio's deposition designations for Perry Kaye and Edward Russavage.

Such designations by Ingenio are improper absent Ingenio's showing that they are unavailable

for trial. Notwithstanding these general objections, and without waiver thereof, GameLogic has

provided the counter-designations indicated below. Listed beside each designation is Ingenio's

objections to GameLogic's counter-designations to Ingenio's designated deposition testimony.

Ingenio objects to GameLogic's counter-designations to Ingenio's deposition

testimony by using the letter codes listed in the "Objection" column of the attached chart

corresponding to each of the designated portions listed in GameLogic's counter-designations to

Ingenio's deposition designations. Notwithstanding the attached objections, Ingenio reserves the

right to object to any deposition testimony offered by GameLogic, depending on the particular

use, manner in and purpose for which it is proffered at trial. The Federal Rule of Evidence in

support of each objection is listed with its letter code. The letter codes used have the following

meanings:

| | |
|---|---|
| A | Requires authentication before admission into evidence. (Rule 901(a)) |
| Arg | Argumentative. (Rule 403) |
| B | Not the best evidence. Not an accurate duplicate of the originals. (Rule 1002) |
| C | Needless presentation of cumulative evidence; duplicated exhibit. (Rule 403) |
| D | Not produced by GameLogic during discovery although requested by Ingenio. (F.R.C.P. 25, F.R.E. 403) |
| H | Hearsay if offered for the truth of the matter asserted. (Rules 801 and 802) |
| I | Incomplete testimony or document. (Rule 106, 403) |
| L | Illegible, at least in part, and therefore unfairly prejudicial, confusing, inaccurate or misleading to the jury. (Rule 403) |

73

M    Multiple documents. (Rules 901 and 1003)

ML    Subject to a Motion in Limine

NP    Not previously produced to Ingenio. (F.R.C.P. 26, F.R.E. 403)

NT    Exhibit was not timely provided to Ingenio. (Rule 403)

R    Not relevant; probative value is outweighed by prejudice. (Rule 402/403)

S    Offer or discussion for settlement or compromise. (Rule 408)

F    Not disclosed in GameLogic's interrogatory answers. (Rule 403)

U    Unfairly prejudicial, confusing, inaccurate or misleading to the jury. (Rule 403)

In addition to the following counter-designations, GameLogic counter-designates all of its originally designated testimony for Perry Kaye listed below in item V.D.3.

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Perry Kaye; February 21, 2006 | 54:19-56:20 | R, U, MIL |
| Perry Kaye; February 21, 2006 | 57:1-58:12 | R, U, MIL |
| Perry Kaye; February 21, 2006 | 76:2-12 | R, U, MIL |
| Perry Kaye; February 21, 2006 | 83:4-10 | R, U |
| Perry Kaye; February 21, 2006 | 83:20-22 | R, U |
| Perry Kaye; February 21, 2006 | 96:12-97:13 | |
| Perry Kaye; February 21, 2006 | 123:20-124:20 | R, U, ML |
| Perry Kaye; February 21, 2006 | 125:14-19 | R, U, ML |
| Perry Kaye; February 21, 2006 | 126:1-6 | R, U, ML |
| Perry Kaye; February 21, 2006 | 131:7-132:4 | R, U |
| Perry Kaye; February 21, 2006 | 160:8-16 | R, U, ML |
| Perry Kaye; February 21, 2006 | 181:3-7 | R, U, ML |
| Perry Kaye; February 21, 2006 | 235:7-10 | |
| Perry Kaye; February 21, 2006 | 236:16-20 | |
| Perry Kaye; February 21, 2006 | 243:4-16 | |
| Perry Kaye; February 21, 2006 | 268:5-269:11 | R |
| Perry Kaye; February 21, 2006 | 270:12-14 | R |
| Perry Kaye; February 21, 2006 | 278:8-11 | R, U, ML |
| Perry Kaye; February 21, 2006 | 291:8-11 | R, U |
| Perry Kaye; February 21, 2006 | 316:15-16 | |
| Perry Kaye; February 21, 2006 | 326:21-327:2 | |

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Perry Kaye; February 21, 2006 | 343:4-6 | I |

In addition to the following counter-designations, GameLogic counter-designates all of its originally designated testimony of Nathalie Rajotte listed below in item V.D.3.

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Nathalie Rajotte; March 10, 2006 | 43:12-44:7 | |
| Nathalie Rajotte; March 10, 2006 | 45:2-15 | |
| Nathalie Rajotte; March 10, 2006 | 54:6-55:8 | R |
| Nathalie Rajotte; March 10, 2006 | 56:13-16 | |
| Nathalie Rajotte; March 10, 2006 | 66:13-19 | |
| Nathalie Rajotte; March 10, 2006 | 97:6 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 109:15-20 | |
| Nathalie Rajotte; March 10, 2006 | 118:16-119:2 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 121:21-123:17 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 126:14-129:2 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 129:8-131:8 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 132:19-133:2 | |
| Nathalie Rajotte; March 10, 2006 | 139:13-18 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 140:21-142:10 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 144:7-145:5 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 155:9-10 | Calls for legal conclusion |
| Nathalie Rajotte; March 10, 2006 | 155:16-156:5 | Calls for legal conclusion |
| Nathalie Rajotte; March 10, 2006 | 164:8-17 | Calls for legal conclusion |
| Nathalie Rajotte; March 10, 2006 | 173:3-11 | I |
| Nathalie Rajotte; March 10, 2006 | 173:22-174:9 | |
| Nathalie Rajotte; March 10, 2006 | 174:14-20 | |
| Nathalie Rajotte; March 10, 2006 | 176:6-8 | |
| Nathalie Rajotte; March 10, 2006 | 176:12-18 | |
| Nathalie Rajotte; March 10, 2006 | 177:1-11 | |
| Nathalie Rajotte; March 10, 2006 | 179:3-14 | |
| Nathalie Rajotte; March 10, 2006 | 226:22-228:2 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 228:16-236:11 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 250:18-21 | R, U, ML |
| Nathalie Rajotte; March 10, 2006 | 279:16 | R, U, ML, I |

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Dow K. Hardy; January 10, 2006 | 20:12-18 | |
| Dow K. Hardy; January 10, 2006 | 21:3-7 | |
| Dow K. Hardy; January 10, 2006 | 26:1-7 | |

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Dow K. Hardy; January 10, 2006 | 26:9-11 | |
| Dow K. Hardy; January 10, 2006 | 26:13-14 | |
| Dow K. Hardy; January 10, 2006 | 26:17-18 | |
| Dow K. Hardy; January 10, 2006 | 26:20-21 | |
| Dow K. Hardy; January 10, 2006 | 28:4-35:12 | |
| Dow K. Hardy; January 10, 2006 | 38:1-5 | |
| Dow K. Hardy; January 10, 2006 | 38:7 | |
| Dow K. Hardy; January 10, 2006 | 42:6-9 | |
| Dow K. Hardy; January 10, 2006 | 43:2-5 | |
| Dow K. Hardy; January 10, 2006 | 43:7 | |
| Dow K. Hardy; January 10, 2006 | 43:18-21 | |
| Dow K. Hardy; January 10, 2006 | 44:1-3 | |
| Dow K. Hardy; January 10, 2006 | 47:12-48:1 | |
| Dow K. Hardy; January 10, 2006 | 48:3-7 | |
| Dow K. Hardy; January 10, 2006 | 48:9-49:11 | |
| Dow K. Hardy; January 10, 2006 | 50:6-18 | |
| Dow K. Hardy; January 10, 2006 | 55:4-13 | |
| Dow K. Hardy; January 10, 2006 | 61:17-20 | |
| Dow K. Hardy; January 10, 2006 | 62:3-12 | |
| Dow K. Hardy; January 10, 2006 | 62:18-22 | |
| Dow K. Hardy; January 10, 2006 | 67:19-68:3 | |
| Dow K. Hardy; January 10, 2006 | 68:15-19 | |
| Dow K. Hardy; January 10, 2006 | 68:21-22 | |
| Dow K. Hardy; January 10, 2006 | 69:2-5 | |
| Dow K. Hardy; January 10, 2006 | 69:7 | |
| Dow K. Hardy; January 10, 2006 | 69:18-20 | |
| Dow K. Hardy; January 10, 2006 | 70:2-5 | |
| Dow K. Hardy; January 10, 2006 | 71:6-18 | |
| Dow K. Hardy; January 10, 2006 | 71:20-72:2 | |
| Dow K. Hardy; January 10, 2006 | 72:4-6 | |
| Dow K. Hardy; January 10, 2006 | 72:8-10 | |
| Dow K. Hardy; January 10, 2006 | 79:7-10 | |
| Dow K. Hardy; January 10, 2006 | 79:15-80:14 | |
| Dow K. Hardy; January 10, 2006 | 89:17 | |
| Dow K. Hardy; January 10, 2006 | 91:20-92:4 | |
| Dow K. Hardy; January 10, 2006 | 93:15-17 | |
| Dow K. Hardy; January 10, 2006 | 93:19-94:11 | |
| Dow K. Hardy; January 10, 2006 | 95:7-12 | |
| Dow K. Hardy; January 10, 2006 | 140:2-13 | |
| Dow K. Hardy; January 10, 2006 | 140:19-22 | |
| Dow K. Hardy; January 10, 2006 | 157:12-158:2 | |
| Dow K. Hardy; January 10, 2006 | 182:13-16 | |
| Dow K. Hardy; January 10, 2006 | 182:21-22 | |

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Dow K. Hardy; January 10, 2006 | 183:22-184:10 | |

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Steven N. Kane; March 30, 2006 | 38:11-39:2 | |
| Steven N. Kane; March 30, 2006 | 39:11-12 | |
| Steven N. Kane; March 30, 2006 | 54:15-16 | R, U |
| Steven N. Kane; March 30, 2006 | 55:9-21 | |
| Steven N. Kane; March 30, 2006 | 61:5-7 | |
| Steven N. Kane; March 30, 2006 | 94:17-18 | |
| Steven N. Kane; March 30, 2006 | 94:21-95:3 | |
| Steven N. Kane; March 30, 2006 | 96:21-22 | R, U |
| Steven N. Kane; March 30, 2006 | 97:7-18 | |
| Steven N. Kane; March 30, 2006 | 105:7-106:12 | |
| Steven N. Kane; March 30, 2006 | 109:10-110:5 | |
| Steven N. Kane; March 30, 2006 | 146:1-2 | R, U |
| Steven N. Kane; March 30, 2006 | 146:21-147:8 | R, U |
| Steven N. Kane; March 30, 2006 | 171:13-17 | R |
| Steven N. Kane; March 30, 2006 | 173:5-174:9 | |
| Steven N. Kane; March 30, 2006 | 183:22-184:18 | |
| Steven N. Kane; March 30, 2006 | 184:21-22 | |
| Steven N. Kane; March 30, 2006 | 186:2-187:3 | |
| Steven N. Kane; March 30, 2006 | 190:13-192:6 | R, U |
| Steven N. Kane; March 30, 2006 | 194:12-195:2 | |
| Steven N. Kane; March 30, 2006 | 195:7-196:6 | |
| Steven N. Kane; March 30, 2006 | 196:12-198:10 | |
| Steven N. Kane; March 30, 2006 | 218:2-219:6 | |
| Steven N. Kane; March 30, 2006 | 225:22-226:5 | |

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Edward Russavage; May 31, 2006 | 17:9 | |
| Edward Russavage; May 31, 2006 | 17:18-19:4 | |
| Edward Russavage; May 31, 2006 | 21:8-13 | |
| Edward Russavage; May 31, 2006 | 23:19-20 | |
| Edward Russavage; May 31, 2006 | 28:9-29:3 | |
| Edward Russavage; May 31, 2006 | 29:14-18 | |
| Edward Russavage; May 31, 2006 | 33:4-10 | |
| Edward Russavage; May 31, 2006 | 33:13-14 | |
| Edward Russavage; May 31, 2006 | 33:18-19 | |
| Edward Russavage; May 31, 2006 | 34:13-35:12 | |
| Edward Russavage; May 31, 2006 | 44:1-8 | |
| Edward Russavage; May 31, 2006 | 48:20-49:9 | |

| Deponent/Date | Counter-Designations | Objection |
|---|---|---|
| Edward Russavage; May 31, 2006 | 57:6-14 | |
| Edward Russavage; May 31, 2006 | 57:19-58:3 | |
| Edward Russavage; May 31, 2006 | 63:12-16 | |
| Edward Russavage; May 31, 2006 | 71:6-17 | |
| Edward Russavage; May 31, 2006 | 73:13-17 | |
| Edward Russavage; May 31, 2006 | 74:20-75:2 | |
| Edward Russavage; May 31, 2006 | 75:6-11 | |
| Edward Russavage; May 31, 2006 | 75:20-76:2 | |
| Edward Russavage; May 31, 2006 | 79:2-18 | |
| Edward Russavage; May 31, 2006 | 80:6-10 | |
| Edward Russavage; May 31, 2006 | 82:2-12 | |
| Edward Russavage; May 31, 2006 | 82:21-83:8 | |
| Edward Russavage; May 31, 2006 | 84:5-14 | |
| Edward Russavage; May 31, 2006 | 86:17-22 | |
| Edward Russavage; May 31, 2006 | 87:7-88:16 | |
| Edward Russavage; May 31, 2006 | 89:2-90:2 | |
| Edward Russavage; May 31, 2006 | 93:3-94:8 | |
| Edward Russavage; May 31, 2006 | 95:13-17 | R, U |
| Edward Russavage; May 31, 2006 | 95:20-96:13 | |
| Edward Russavage; May 31, 2006 | 97:11-102:9 | |
| Edward Russavage; May 31, 2006 | 106:2-107:5 | |
| Edward Russavage; May 31, 2006 | 114:19-121:5 | |
| Edward Russavage; May 31, 2006 | 124:6-126:11 | |
| Edward Russavage; May 31, 2006 | 138:3-12 | |
| Edward Russavage; May 31, 2006 | 139:17-140:8 | |
| Edward Russavage; May 31, 2006 | 141:5-18 | |
| Edward Russavage; May 31, 2006 | 151:2-152:8 | |
| Edward Russavage; May 31, 2006 | 156:12-16 | |
| Edward Russavage; May 31, 2006 | 157:17-18 | |
| Edward Russavage; May 31, 2006 | 161:17-162:13 | |
| Edward Russavage; May 31, 2006 | 163:11-16 | |
| Edward Russavage; May 31, 2006 | 164:8-165:13 | |

3.    Listed below each witness' name is the deposition testimony that GameLogic may introduce in Page:Line-Line format (where all of the testimony appears on one page of the deposition transcript) or Page:Line-Page:Line format (where testimony appears on multiple pages of the deposition transcript). Listed beside each designation is Ingenio's objections to GameLogic's designated deposition testimony. Ingenio objects to GameLogic's

deposition testimony by using the letter codes listed in the "Objection" column of the attached

chart corresponding to each of the designated portions listed in GameLogic's deposition

designations. Notwithstanding the attached objections, Ingenio reserves the right to object to any

deposition testimony offered by GameLogic, depending on the particular use, manner in and

purpose for which it is proffered at trial. The Federal Rule of Evidence in support of each

objection is listed with its letter code as used above.

| Deponent/Date | Designation | Objection |
|---|---|---|
| William Bertram; March 23, 2006 | 24:9-20 | R |
| William Bertram; March 23, 2006 | 28:4-22 | R, U |
| William Bertram; March 23, 2006 | 29:1-8 | R, U |
| William Bertram; March 23, 2006 | 32:4-14 | |
| William Bertram; March 23, 2006 | 32:19-22 | |
| William Bertram; March 23, 2006 | 33:1-14 | R, U (lines 4-14 only) |
| William Bertram; March 23, 2006 | 33:22 | |
| William Bertram; March 23, 2006 | 34:1-8 | |
| William Bertram; March 23, 2006 | 34:18-22 | |
| William Bertram; March 23, 2006 | 35:1-12 | |
| William Bertram; March 23, 2006 | 37:11-22 | R, U |
| William Bertram; March 23, 2006 | 47:1-22 | |
| William Bertram; March 23, 2006 | 48:1-22 | I |
| William Bertram; March 23, 2006 | 49:8-22 | |
| William Bertram; March 23, 2006 | 50:1-11 | |
| William Bertram; March 23, 2006 | 50:13-15 | |
| William Bertram; March 23, 2006 | 50:17-22 | |
| William Bertram; March 23, 2006 | 51:1-13 | |
| William Bertram; March 23, 2006 | 51:22 | |
| William Bertram; March 23, 2006 | 52:1-22 | |
| William Bertram; March 23, 2006 | 53:1-16 | R, U |
| William Bertram; March 23, 2006 | 55:18-22 | R, U |
| William Bertram; March 23, 2006 | 58:8-10 | R, U |
| William Bertram; March 23, 2006 | 59:3-22 | R, U |
| William Bertram; March 23, 2006 | 60:1-9 | R, U |
| William Bertram; March 23, 2006 | 60:11-15 | R, U |
| William Bertram; March 23, 2006 | 66:1-22 | R, U |
| William Bertram; March 23, 2006 | 67:17-22 | R, U |
| William Bertram; March 23, 2006 | 68:1 | R, U |
| William Bertram; March 23, 2006 | 69:12-22 | R, U |

| Deponent/Date | Designation | Objection |
|---|---|---|
| William Bertram; March 23, 2006 | 70:1-22 | R, U |
| William Bertram; March 23, 2006 | 71:1-7 | R, U |
| William Bertram; March 23, 2006 | 85:20-22 | R, U |
| William Bertram; March 23, 2006 | 86:1-22 | R, U |
| William Bertram; March 23, 2006 | 93:10-15 | R, U |
| William Bertram; March 23, 2006 | 103:11-19 | R, U |
| William Bertram; March 23, 2006 | 106:20-22 | R, U |
| William Bertram; March 23, 2006 | 107:1-22 | R, U |
| William Bertram; March 23, 2006 | 108:1-21 | R, U |
| William Bertram; March 23, 2006 | 109:1-22 | R, U |
| William Bertram; March 23, 2006 | 110:2-22 | R, U |
| William Bertram; March 23, 2006 | 111:1-6 | R, U |
| William Bertram; March 23, 2006 | 116:20-22 | R, U |
| William Bertram; March 23, 2006 | 117:1-22 | R, U |
| William Bertram; March 23, 2006 | 118:1-22 | R, U |
| William Bertram; March 23, 2006 | 119:1-17 | R, U |
| William Bertram; March 23, 2006 | 132:14-22 | |
| William Bertram; March 23, 2006 | 133:1 | |
| William Bertram; March 23, 2006 | 140:11-21 | |
| William Bertram; March 23, 2006 | 144:21-22 | |
| William Bertram; March 23, 2006 | 145:1-22 | |
| William Bertram; March 23, 2006 | 146:1-7 | |
| William Bertram; March 23, 2006 | 147:19-22 | R |
| William Bertram; March 23, 2006 | 148:1-14 | R, U |
| William Bertram; March 23, 2006 | 153:22 | |
| William Bertram; March 23, 2006 | 154:1-12 | |
| William Bertram; March 23, 2006 | 160:10-22 | |
| William Bertram; March 23, 2006 | 161:1 | |
| William Bertram; March 23, 2006 | 169:6-22 | |
| William Bertram; March 23, 2006 | 170:1-9 | |
| William Bertram; March 23, 2006 | 174:8-22 | |
| William Bertram; March 23, 2006 | 175:1-14 | |
| William Bertram; March 23, 2006 | 182:18-22 | |
| William Bertram; March 23, 2006 | 183:1-9 | R, U |
| William Bertram; March 23, 2006 | 190:6-10 | R, U |
| William Bertram; March 23, 2006 | 192:14-22 | R, U, ML |
| William Bertram; March 23, 2006 | 193:1-8 | R, U, ML |
| William Bertram; March 23, 2006 | 193:22 | R, U, ML |
| William Bertram; March 23, 2006 | 194:1-22 | R, U, ML |
| William Bertram; March 23, 2006 | 195:1-22 | R, U, Ml, Calls for Legal Conclusion |
| William Bertram; March 23, 2006 | 196:1 | R, U, Ml |
| William Bertram; March 23, 2006 | 196:8-11 | Foundation |