IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INGENIO, FILIALE DE LOTO-<br>QUEBEC, INC., | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | C.A. No. 04-1532 (KAJ) |
| GAMELOGIC, INC. and<br>SCIENTIFIC GAMES CORPORATION, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## **DEFENDANT GAMELOGIC, INC.'S PROPOSED SPECIAL VERDICT FORM**

Pursuant to the Court's Scheduling Order dated March 28, 2005, and Local Rule 51.1(c), GameLogic, Inc. respectfully submits the following proposed special verdict form for the Court's consideration. GameLogic reserves the right to supplement this Proposed Special Verdict Form based on the proposed form submitted by Ingenio and any further proceedings in this matter.

## **SPECIAL VERDICT NO. 1 – NON-INFRINGEMENT**

Did Ingenio prove by a preponderance of the evidence that GameLogic has literally infringed the following claims of the '082 patent? [A "Yes" answer is a finding for Ingenio on this issue, a "No" answer is a finding for GameLogic on this issue]

| Claim | Yes | No |
|---|---|---|
| Claim 4 | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| Claim 6 | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| Claim 9 | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| Claim 10 | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| Claim 13 | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| Claim 15 | Yes \_\_\_\_\_ | No \_\_\_\_\_ |

If you answered "No" to any of the foregoing questions, proceed to Special Verdict No. 2. If you answered "Yes" to all of the foregoing questions, proceed to Special Verdict No. 3.

## SPECIAL VERDICT NO. 2 – NON-INFRINGEMENT

As to those claims for which you answered "No" on Special Verdict No 1, did Ingenio prove by a preponderance of the evidence that GameLogic has infringed the following claims of the '082 patent under the doctrine of equivalents? [A "Yes" answer is a finding for Ingenio on this issue; a "No" answer is a finding for GameLogic on this issue]

        Claim 4      Yes _____     No _____

        Claim 6      Yes _____     No _____

        Claim 9      Yes _____     No _____

        Claim 10     Yes _____     No _____

        Claim 13     Yes _____     No _____

        Claim 15     Yes _____     No _____

Proceed to Special Verdict No 3

## SPECIAL VERDICT NO. 3 – NON-INFRINGEMENT

Did Ingenio prove by a preponderance of the evidence that GameLogic has literally infringed the following claim of the '603 patent? [A "Yes" answer is a finding for Ingenio on this issue; a "No" answer is a finding for GameLogic on this issue]

      Claim 1    Yes _____    No _____

If you answered "No" to the foregoing question, proceed to Special Verdict No. 4. If you answered "Yes" to the foregoing question, proceed to Special Verdict No. 5.

## SPECIAL VERDICT NO. 4 – NON-INFRINGEMENT

Did Ingenio prove by a preponderance of the evidence that GameLogic has infringed the following claim of the '603 patent under the doctrine of equivalents? [A "Yes" answer is a finding for Ingenio on this issue, a "No" answer is a finding for GameLogic on this issue]

        Claim 1    Yes _____    No _____

        Proceed to Special Verdict No. 5.

## SPECIAL VERDICT NO. 5 – WILLFUL INFRINGEMENT

Did Ingenio prove by clear and convincing evidence that infringement of Claim 1 of the '082 patent was willful? [A "Yes" answer is a finding for Ingenio on this issue; a "No" answer is a finding for GameLogic on this issue]

       Claim 1    Yes \_\_\_\_\_    No \_\_\_\_\_

Proceed to Special Verdict No. 6.

## SPECIAL VERDICT NO. 6 – WILLFUL INFRINGEMENT

If you answered "No" to all questions in Special Verdict Nos. 1 and 2, you do not need to answer Special Verdict No. 6 and you may proceed to Special Verdict No. 7. If you answered "Yes" to any question in Special Verdict No. 1 or Special Verdict No. 2, did Ingenio prove by clear and convincing evidence that the infringement of the '082 patent was willful? [A "Yes" answer is a finding for Ingenio on this issue; a "No" answer is a finding for GameLogic on this issue]

        Claim 4       Yes _____     No _____

        Claim 6       Yes _____     No _____

        Claim 9       Yes _____     No _____

        Claim 10      Yes _____     No _____

        Claim 13      Yes _____     No _____

        Claim 15      Yes _____     No _____

Proceed to Special Verdict No. 7.

## SPECIAL VERDICT NO. 7 – WILLFUL INFRINGEMENT

If you answered "No" to all questions in Special Verdict Nos. 3 and 4, you do not need to answer Special Verdict No. 7 and you may proceed to Special Verdict No. 8. If you answered "Yes" to the question in Special Verdict No. 3 or Special Verdict No. 4, did Ingenio prove by clear and convincing evidence that the infringement of the '603 patent was willful? [A "Yes" answer is a finding for Ingenio on this issue; a "No" answer is a finding for GameLogic on this issue]

       Claim 1    Yes \_\_\_\_\_    No \_\_\_\_\_

Proceed to Special Verdict No. 8.

## SPECIAL VERDICT NO. 8 – INVALIDITY DUE TO ANTICIPATION

Did GameLogic prove by clear and convincing evidence that the following claims of the '082 patent are invalid as anticipated? [A "Yes" answer is a finding for GameLogic on this issue; a "No" answer is a finding for Ingenio on this issue]

|  |  |  |
|---|---|---|
| Claim 1 | Yes _____ | No _____ |
| Claim 4 | Yes _____ | No _____ |
| Claim 6 | Yes _____ | No _____ |
| Claim 9 | Yes _____ | No _____ |
| Claim 10 | Yes _____ | No _____ |
| Claim 13 | Yes _____ | No _____ |
| Claim 15 | Yes _____ | No _____ |

Proceed to Special Verdict No. 9

## SPECIAL VERDICT NO. 9 – INVALIDITY DUE TO ANTICIPATION

Did GameLogic prove by clear and convincing evidence that the following claim of the '603 patent is invalid as anticipated? [A "Yes" answer is a finding for GameLogic on this issue; a "No" answer is a finding for Ingenio on this issue]

        Claim 1     Yes _____    No _____

Proceed to Special Verdict No. 10.

## SPECIAL VERDICT NO. 10 – INVALIDITY DUE TO OBVIOUSNESS

Did GameLogic prove by clear and convincing evidence that the following claims of the '082 patent are invalid as obvious? [A "Yes" answer is a finding for GameLogic on this issue, a "No" answer is a finding for Ingenio on this issue]

Claim 1     Yes _____    No _____

Claim 4     Yes _____    No _____

Claim 6     Yes _____    No _____

Claim 9     Yes _____    No _____

Claim 10    Yes _____    No _____

Claim 13    Yes _____    No _____

Claim 15    Yes _____    No _____

Proceed to Special Verdict No 11.

## SPECIAL VERDICT NO. 11 – INVALIDITY DUE TO OBVIOUSNESS

Did GameLogic prove by clear and convincing evidence that the following claim of the '603 patent is invalid as obvious? [A "Yes" answer is a finding for GameLogic on this issue; a "No" answer is a finding for Ingenio on this issue]

        Claim 1    Yes \_\_\_\_\_    No \_\_\_\_\_

Proceed to Special Verdict No. 12

## SPECIAL VERDICT NO. 12 – INVALIDITY DUE TO DOUBLE PATENTING

Did GameLogic prove by clear and convincing evidence that Claim 1 of the '603 patent is invalid due to double patenting? [A "Yes" answer is a finding for GameLogic on this issue; a "No" answer is a finding for Ingenio on this issue]

$$\text{Yes} \underline{\hspace{1cm}} \quad \text{No} \underline{\hspace{1cm}}$$

Proceed to Special Verdict No 13.

## SPECIAL VERDICT NO. 13
## UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

Did GameLogic prove by clear and convincing evidence that the '082 patent is unenforceable due to inequitable conduct? [A "Yes" answer is a finding for GameLogic on this issue; a "No" answer is a finding for Ingenio on this issue]

Yes _____   No _____

Proceed to Special Verdict No 14.

## SPECIAL VERDICT NO. 14
## UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

Did GameLogic prove by clear and convincing evidence that the '603 patent is unenforceable due to inequitable conduct? [A "Yes" answer is a finding for GameLogic on this issue, a "No" answer is a finding for Ingenio on this issue]

Yes _____   No _____

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Gary M. Hnath<br>Susan Baker Manning<br>Goutam Patnaik<br>Timothy A. Molino<br>BINGHAM MCCUTCHEN LLP<br>2020 K Street, NW, Suite 1100<br>Washington, DC 20006<br>(202) 778-6150<br><br>Dated: October 2, 2006 | By: */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899-0951<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant GameLogic Inc.* |

753596/28749

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 2, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

Edmond D. Johnson
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899


I hereby certify that on October 2, 2006, I have Electronically Mailed the documents to the following:

Rodger L. Tate
Brian M. Buroker
Christopher J. Cuneo
Hunton & Williams LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006
rtate@hunton.com
bburoker@hunton.com
ccuneo@hunton.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672965